## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JASMINE BUDZYN, )<br><br>        Plaintiff, )<br><br>    v. )<br><br>KFC CORPORATION, KFC, FQSR, LLC, )<br>KBP FOODS, LLC, JAMES JOHNSON JR. )<br>INDIVIDUALLY And as agent and/or )<br>employee of KFC CORPORATION, KFC, )<br>FQSR, LLC, and/or KBP FOODS, LLC )<br><br>        Defendants. )  | Case No. |

## COMPLAINT AT LAW

NOW COMES The Plaintiff, JASMINE BUDZYN, by and through her Attorneys, LEVIN, RIBACK, & ADELMAN P.C., and complains of the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, and JAMES JOHNSON JR. individually and as agent or employee of KFC CORPORATION, FQSR, LLC, and/or KBP FOODS, LLC, and in support of her Complaint, respectfully alleges as follows:

## PARTIES

1.     At all times herein mentioned, the Plaintiff, JASMINE BUDZYN, was and is a resident of the United States and was a resident of Romeoville, Illinois which is located in the Northern District of Illinois.

2.     Plaintiff, JASMINE BUDZYN, was a member of a protected class under Title VII of the Civil Rights Act 1964, as amended, 42 USC 2000E et. seq. when the unlawful employment

1

practices occurred. She was a resident of Will County, Illinois which is located in the Northern District of Illinois.

3.      On all relevant dates and times, KFC CORPORATION was the owner, franchisor, operator, controller and/or manager of a Kentucky Fried Chicken fast food store located at 442 Weber Rd., Romeoville, Illinois, 60446.

4.      KFC CORPORATION had its principal place of business, its corporate offices and was domiciled and located at 1441 Gardiner Lane, Louisville, Kentucky.

5.      On all relevant dates and times, KFC was the owner, franchisor, operator, controller and/or manager of a Kentucky Fried Chicken fast food store located at 442 Weber Rd., Romeoville, Illinois, 60446.

6.      KFC had its principal place of business, its corporate offices and was domiciled and located at 1441 Gardiner Lane, Louisville, Kentucky.

7.      On all relevant dates and times, FQSR, LLC, was the owner, franchisor, operator, controller and/or manager of a Kentucky Fried Chicken fast food store located at 442 Weber Rd., Romeoville, Illinois, 60446.

8.      FQSR, LLC had its principal place of business, its corporate offices and was domiciled and located at 8900 Indian Creek Parkway, Overland Park, Kansas.

9.      On all relevant dates and times, KBP FOODS, LLC was the owner, franchisor, operator, controller and/or manager of a Kentucky Fried Chicken fast food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

10.     KBP FOODS, LLC had its principal place of business, its corporate offices and was domiciled and located at 10950 Grandview Drive, Overland Park, Kansas.

2

11.     Upon information and belief, as of October-November 2019 Defendant, JAMES JOHNSON JR., was employed by Defendant, KFC CORPORATION as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

12.     Upon information and belief, at some time prior to the incidents alleged in this matter, defendant JAMES JOHNSON JR., was employed by Defendant, KFC and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

13.     Upon information and belief, as of October-November 2019 Defendant, JAMES JOHNSON JR., was employed by Defendant, KFC as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

14.     Upon information and belief, at some time prior to the incidents alleged in this matter, defendant JAMES JOHNSON JR., was employed by Defendant, KFC and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

15.     Upon information and belief, as of October-November2019 Defendant, JAMES JOHNSON JR., was employed by Defendant, FQSR, LLC as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

16.     Upon information and belief, at some time prior to the incidents alleged in this matter, defendant JAMES JOHNSON JR., remained employed by Defendant, FQSR, LLC and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

3

17.     Upon information and belief, as of October-November 2019 Defendant, JAMES JOHNSON JR., was employed by Defendant, KBP FOODS, LLC as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

18.     Upon information and belief, at some time prior to the incidents alleged in this matter, defendant JAMES JOHNSON JR., remained employed by Defendant, KBP FOODS, LLC and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

19.     At all times relevant hereto, the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, were doing business as Kentucky Fried Chicken located at 442 N. Weber Rd., Romeoville, Will County, as joint employers of the Plaintiff, JASMINE BUDZYN, and the Co-Defendant JAMES JOHNSON, JR.

20.     At all times herein mentioned, JASMINE BUDZYN was employed, managed, supervised, controlled and instructed by the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, at their restaurant located at 442 N. Weber Road, Romeoville, Illinois and Plaintiff, JASMINE BUDZYN, was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

21.     At all times herein mentioned, the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, were jointly responsible for overseeing, supervising, and regulating all conduct engaged in by co- Defendant, JAMES JOHNSON JR., while such employee was a manager at the restaurant location and while he was engaged in activities within the scope of his employment.

22.     At all times herein mentioned, the Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, was a co-worker

and manager at the Kentucky Fried Chicken located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e(b).

## **JURISDICTION**

23.     This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e(b). Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 2000e(b) providing for declaratory, injunctive, and other relief against employment discrimination based upon sex, and pursuant to 29 U.S.C. §201 et. seq.

24.     Venue is proper under 28 U.S.C. § 1391 (B). Some of the Defendants reside or resided and/or did continuous business in this district and the events giving rise to the Plaintiff's claims occurred here.

25.     All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

> a. The Plaintiff filed a charge of discrimination, Charge No. 440-2020-05242 on, a copy of which is attached hereto as Exhibit 1. Said charge was filed with the Equal Employment Opportunity Commission, ("EEOC") on June 16, 2020.
> b. The Plaintiff was issued a notice of right to sue for Charge No. 440-2020-05242 by the EEOC on May 18, 2021, a copy of which is attached hereto as Exhibit 2.

26.     Venue is proper pursuant to 28 U.S.C. § 1367 (a) Supplemental Jurisdiction as the Court which holds: Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## FACTUAL ALLEGATIONS

27.     The Plaintiff, JASMINE BUDZYN, began working for KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, (Hereinafter "Defendants") as a server and at the register in September of 2019 at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois. At the time that she was hired she was 17 years old and a minor.

28.     In October of 2019, JASMINE BUDZYN was working for the Defendants and was in the course and scope of her duties and responsibilities of selling food for the Defendants at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois, 60446.

29.     Shortly after Plaintiff began working for Defendants in October of 2019, JASMINE BUDZYN was assigned to work with Defendant, JAMES JOHNSON JR, who was a manager for the Defendants.

30.     On various dates in October and November of 2019, Defendant, JAMES JOHNSON JR., while working as a manager and agent of the Defendants, touched the breasts, attempted to kiss on the mouth, and pulled the hair of the Plaintiff, JASMINE BUDYZN. These acts were all done without Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

31.     On a separate unknown date in either October or November of 2019, Defendant JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendants, said to the Plaintiff over the intercom system used by employees to communicate, "I want to bend you over and spank you!" These comments were particularly embarrassing and

harassing to the Plaintiff and were all done without Plaintiff's permission and were over her objection as they were unwelcomed and unwanted

32.     On a separate unknown date in either October or November of 2019, Defendant JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendants, said to the Plaintiff, "You are a spicy taco." These comments were particularly embarrassing and harassing to the Plaintiff and were all done without Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

33.     Upon information and belief, on a separate unknown date in October, November or December of 2019, Defendant, JAMES JOHNSON JR., while working as a manager and duly authorized agent of the Defendants accessed Plaintiff's personnel records that were maintained, controlled, and protected by the Defendants in order to obtain Plaintiff, JASMINE BUDZYN,'s personal information.

34.     On numerous unspecified occasions between November and December of 2019, Defendant JAMES JOHNSON JR., telephoned the Plaintiff, JASMINE BUDZYN, on her personal cell phone and made harassing, disparaging, and sexually lewd comments to her. These comments were particularly embarrassing and harassing to the Plaintiff and were all done without Plaintiff's permission and were over her objection as they were unwelcomed and unwanted

35.     On numerous unspecified occasions between November and December of 2019, Defendant JAMES JOHNSON JR., contacted the Plaintiff, JASMINE BUDZYN, via social media and made harassing, disparaging, and sexually lewd comments to her. These comments were particularly embarrassing and harassing to the Plaintiff and were all done without Plaintiff's permission and were over her objection as they were unwelcomed and unwanted

36.     On multiple occasions Plaintiff, JASMINE BUDZYN, informed supervisory personnel of the Defendants, specifically, Ms. Tiffany Ollie, the store manager and agent of the Defendants, that JAMES JOHNSON JR. had improperly touched her breasts and that he had made sexually lewd comments to her.

37.     On multiple occasions Plaintiff, JASMINE BUDZYN, informed supervisory personnel of the Defendants, specifically, Ms. Tiffany Ollie, the store manager and agent of the Defendants of the physical harassment and the verbal harassment of her co-employee and manager JAMES JOHNSON JR.

38.     On multiple occasions Plaintiff, JASMINE BUDZYN, contacted supervisory personnel of the Defendants, specifically, Ms. Tiffany Ollie, the store manager and agent of the Defendants and requested that the Defendants, schedule co-Defendant JAMES JOHNSON JR., on a different shift to avoid any further physical and verbal harassment that was unwanted and unwelcomed.

39.     On unspecified dates in October, November, and/or December of 2019, Ms. Tiffany Ollie, the store manager and agent of the Defendants, assured Plaintiff, JASMINE BUDZYN, that she would not schedule the Defendant JAMES JOHNSON JR. on the same work shifts as her at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois.

40.     Despite JASMINE BUDZYN'S clear complaints and requests, Ms. Tiffany Ollie, the store manager and agent of the Defendants, continued to schedule co-Defendant JAMES JOHNSON JR. on the same shifts as the Plaintiff at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois.

41.     At all relevant dates and times, co-workers, managers and supervisors, had notice of the conduct of Defendant, JAMES JOHNSON JR., individually and as agent for KFC

CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, while he was a manager at the Kentucky Fried Chicken located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

42.    On December 28, 2019, Plaintiff, JASMINE BUDZYN, was performing her designated duties and responsibilities on the evening shift at the Kentucky Fried Chicken restaurant located at 442 N. Weber Rd., Romeoville, Illinois. Despite her assurances from Ms. Tiffany Ollie that JAMES JOHNSON would not work the same shift as JASMINE BUDZYN, JAMES JOHNSON, JR. was assigned to the same shift as her.

43.    On December 28, 2019, Defendant, JAMES JOHNSON JR., grabbed JASMINE BUDZYN, wrapped his arms around JASMINE BUDZYN's shoulder, pushed JASMINE BUDZYN into the men's restroom, and locked the door of the men's restroom.

44.    On December 28, 2019, Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, and against Plaintiff's wishes, without her consent and over her vehement objections, sexually assaulted JASMINE BUDZYN. Specifically, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, raped the Plaintiff by engaging in acts of digital penetration with her vagina without her consent.

45.    After Plaintiff, JASMINE BUDZYN was raped, she reported the incident to Ms. Tiffany Ollie, the store manager and agent of the Defendants as well as Mr. Mario Perea, the regional manager for Defendants.

46.    Plaintiff, JASMINE BUDZYN, requested that all footage of the incident and from the day of the accident that were captured on the multiple surveillance cameras at the Kentucky

9

Fried Chicken at 442 Weber Rd., Romeoville, Illinois be preserved. Plaintiff was informed that the cameras were not working and thus there was no video footage to capture the assault, battery and rape of the Plaintiff.

47. The sexual assault, battery and rape committed by Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC against JASMINE BUDZYN, caused her to suffer great mental anguish, shame, and humiliation. Plaintiff, JASMINE BUDZYN, began to suffer from depression and other physical and psychological problems.

48. As a result of the sexual assault, battery and rape committed by Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC against JASMINE BUDZYN, she was constructively discharged from the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois.

49. During the post-rape investigation, upon information and belief, that Plaintiff learned that when Defendant, JAMES JOHNSON JR., was working at the Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois. He was transferred to the Romeoville location after the Defendants received complaints that his behavior violated TITLE VII of the Civil Rights Act.

50. During the post-rape investigation, upon information and belief, that Plaintiff learned that when Defendant, JAMES JOHNSON JR., was working at the Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois. He was transferred to the Romeoville location after the Defendants received complaints that his behavior was harassing toward customers.

51. Accordingly, as of October 2019, when Plaintiff, JASMINE BUDZYN, first began working at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois, the Defendants

were all aware of the extreme danger that co-Defendant JAMES JOHNSON, JR. posed to the Plaintiff prior to his engaging in the conduct at issue in this matter.

52.     As a result of the rape and other improper conduct engaged in by Defendant, JAMES JOHNSON JR., a Plenary Stalking No Contact Order was entered by the Twelfth Judicial Circuit Court on February 11, 2020, prohibiting Defendant, JAMES JOHNSON JR., from contacting Plaintiff, JASMINE BUDZYN, for a period of two (2) years. (See exhibit 3 attached hereto)

53.     Furthermore, as a result of the improper conduct engaged in by Defendant, JAMES JOHNSON JR., the State's Attorney's Office of Will County has filed criminal charges against JAMES JOHNSON JR. As of the date this matter has been filed, the criminal case remains pending against Defendant JAMES JOHNSON, JR. and there has been no resolution of that matter.

**COUNT I**
**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, and JAMES JOHNSON**
**JR. individually and as agent or employee of KFC CORPORATION, FQSR, LLC, and/or**
**KBP FOODS, LLC**

1-53.     The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54.     As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant JAMES JOHNSON JR., in his role as the agent and employee of the Defendants, JASMINE BUDZYN's work environment was sexually hostile. The Defendants' failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

55. By creating, condoning, and perpetuating a sexually hostile work environment, the Defendants have intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

56. The Defendants' condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused Plaintiff, JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression and humiliation.

57. The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

a. Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.
b. Permanently enjoin the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, JAMES JOHNSON JR. individually and as agent or employee of FQSR, LLC, KBP FOODS INCORPORATED, and KFC CORPORATION from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of the law.
c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.
d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendants.
e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.
f. Award the Plaintiff punitive damages for the Defendants' willful conduct.
g. Reinstate the Plaintiff to her position within the Defendants business
h. Grant other relief as the court deems just and proper.

## COUNT II
## NEGLIGENT SUPERVISION
## KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC

1-53.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the

parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54.    On or about October 24, 2019, and December 28, 2019, and at all times pertinent

to this action, Defendant, JAMES JOHNSON JR., who committed the tortious conduct that injured

JASMINE   BUDZYN   as   described   above,   was   employed   by   the   Defendants   KFC

CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, and JAMES JOHNSON JR.

individually and as agent or employee of KFC CORPORATION, KFC, FQSR, LLC, and/or KBP

FOODS, LLC. At all times pertinent to this action, the Defendants, KFC CORPORATION, KFC,

FQSR, LLC, KBP FOODS, LLC, and JAMES JOHNSON JR. individually and as agent or

employee of KFC CORPORATION, KFC, FQSR, LLC, and/or KBP FOODS, LLC, had the duty

to supervise the activities of Defendant, JAMES JOHNSON JR.

55.    The Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS,

LLC, were on actual and/or constructive notice of the propensity of Defendant, JAMES

JOHNSON JR., to commit sexual assaults and abuse to employees and customers.

56.    Upon information and belief, the Defendants, KFC CORPORATION, KFC, FQSR,

LLC, and KBP FOODS, LLC, received complaints regarding the wrongful actions committed by

Defendant, JAMES JOHNSON JR., but KFC CORPORATION, FQSR, LLC, and KBP FOODS,

LLC took no action in response to the aforementioned complaints.

57.    Upon information and belief, the Defendants, KFC CORPORATION, KFC, FQSR,

LLC, and KBP FOODS, LLC, through its officers, employees, or agents, was on notice of

Defendant, JAMES JOHNSON JR.'s propensity toward improper conduct including, but not

limited to, indecent and sexual assaults and abuses as an employee through other incidents involving Defendant, JAMES JOHNSON JR., of which JASMINE BUDZYN are not currently and specifically aware.

58.     The Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, negligently disregarded and/or failed to investigate the prior incidents involving Defendant, JAMES JOHNSON JR., or in the alternative, did investigate such incidents but failed to take such action as was necessary, and therefore acted recklessly and with gross indifference and callous disregard in failing to provide a remedy for the situation caused by Defendant, JAMES JOHNSON JR.

59.     The Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, improperly transferred JAMES JOHNSON JR. to the Romeoville store knowing JOHNSON had engaged in sexually predatory and harassing behavior.

60.     As a result of the Defendants', KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, negligent conduct in disregarding and/or failing to properly investigate the prior incidents involving Defendant, JAMES JOHNSON JR., he was allowed to sexually assault, batter and abuse, and falsely imprison JASMINE BUDZYN.

61.     Upon information and belief, the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, negligently failed to properly train or supervise their employees, thereby allowing Defendant, JAMES JOHNSON JR., to engage in the improper conduct complained of.

**WHEREFORE,** Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and

KBP FOODS, LLC for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

### COUNT III
### NEGLIGENT RETENTION
### KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC

1-53.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54.    During the course of her employment at the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, JASMINE BUDZYN was assaulted by Defendant, JAMES JOHNSON JR. and was subjected to a sexually hostile work environment.

55.    Defendant, JAMES JOHNSON JR., had worked at another Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois prior to working at the Kentucky Fried Chicken in Romeoville. The Kentucky Fried Chicken where JAMES JOHNSON JR. had worked prior, was owned by the Defendants. At that store/restaurant in Joliet, Defendant, JAMES JOHNSON JR., was sexually harassing employees and customers. As a result of his harassing behavior, rather than being terminated, he was transferred to the store/restaurant in Romeoville where he became the co-employee and/or manager of the Plaintiff, JASMINE BUDZYN.

56.    Plaintiff, JASMINE BUDZYN, complained to KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment. Rather than make the work environment safe for the Plaintiff, Tiffany Ollie, the duly authorized agent of the defendants, ignored her complaints of JAMES JOHNSON's, JR. behavior and continued to keep JAMES JOHNSON, JR. employed and continued to schedule him to work with the Plaintiff, JASMINE BUDZYN.

57. The Defendants were negligent in supervising JAMES JOHNSON JR. and retaining him in his position as it had actual knowledge of JAMES JOHNSON JR.'s particular unfitness as an employee as he fostered a sexually hostile work environment.

58. The Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment, including JAMES JOHNSON JR., and further owed the Plaintiff a duty to properly supervise said employee so that he would not commit tortious acts against other individuals, including JASMINE BUDZYN.

59. Notwithstanding said duty as alleged, the Defendants KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, breached said duty by carelessly and negligently:

    a. Failing to terminate JAMES JOHNSON JR.'s employment when it knew or should have known of his negligent conduct.
    b. Failing to otherwise discipline JAMES JOHNSON JR. when it knew or should have known of his negligent conduct.
    c. Failing to conduct a proper investigation of OLLIE's management after JASMINE BUDZYN complained regarding the assaults, batteries and sexual harassment.
    d. Failing to warn and/or otherwise protect the Plaintiff from OLLIE's lack of management.
    e. Improperly transferring JAMES JOHNSON JR. to the Romeville Kentucky Fried Chicken from the Joliet Kentucky Fried Chicken, when the Defendants had knowledge that JOHNSON was sexually harassing employees and customers.

60. As a direct and proximate result of the Defendants', KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, breaches as set forth above, Plaintiff, JASMINE BUDZYN, suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses.

61. The Plaintiff demands a trial by jury.

16

**WHEREFORE**, Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

**COUNT IV**
**WILLFUL AND WANTON SUPERVISION AND RETENTION**
**KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC**

1-53. The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54. During the course of her employment at the Defendants' Kentucky Fried Chicken restaurant, JASMINE BUDZYN was sexually assaulted by Defendant, JAMES JOHNSON JR., and was subjected to a sexually hostile work environment.

55. Plaintiff, JASMINE BUDZYN complained to the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment.

56. The Defendants showed a conscious disregard for Plaintiff, JASMINE BUDZYN'S, safety in supervising Defendant, JAMES JOHNSON JR., and retaining him in his position, as it had actual knowledge of Defendant, JAMES JOHNSON JR.'s, particular unfitness as an employee, as he fostered a sexually hostile work environment.

57. The Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment and investigate them during their employment when there have been complaints about sexual harassment and physical threats. This duty by the defendants, included Defendant, JAMES JOHNSON JR., and the Defendants further owed the Plaintiff a duty to properly supervise said

employee so that he would not commit tortious acts against other individuals, including Plaintiff, JASMINE BUDZYN.

58.     The Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, had prior knowledge of Defendant, JAMES JOHNSON JR.'s, illicit behavior, that he was harassing customers and other employees at the Kentucky Fried Chicken located in Joliet and the defendants failed to do anything about his conduct.

59.     Notwithstanding said duty as alleged, Defendants breached said duty by willfully and wantonly:

> a. Failing to terminate JAMES JOHNSON JR.'s employment when it knew or should have known of JAMES JOHNSON JR.'s conduct,
> b. Failing to otherwise discipline JAMES JOHNSON JR. when it knew or should have known of his harassing conduct,
> c. Failing to conduct a proper investigation of the management after JASMINE BUDZYN complained regarding the assaults, batteries and sexual harassment,
> d. Failing to warn and/or otherwise protect the Plaintiff from the lack of management in retaining JAMES JOHNSON JR. and allowing JAMES JOHNSON JR. to work alongside the Plaintiff, JASMINE BUDZYN.

60.     As a direct and proximate result of Defendant's breaches and conscious disregard for the safety of the plaintiff, as set forth above, JASMINE BUDZYN suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses. The Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, for a sum in excess of $75,000.00 as compensatory damages, punitive damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

## COUNT V
## ILLINOIS GENDER VIOLENCE ACT 740 ILCS 82/1 ET. SEQ
## JAMES JOHNSON JR.

1-53.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the

parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54.    During the course of JASMINE BUDZYN's employment with the Defendants,

Defendant, JAMES JOHNSON JR., threatened to commit one or more acts of violence and/or

physical aggression towards her because she was female, and JAMES JOHNSON JR. did, in fact,

commit multiple acts of violence and physical aggression towards her because she was female.

55.    These threats of acts of violence and/or physical aggression constituted an assault

under Illinois law and the physical acts constituted batteries under Illinois Law.

56.    Said threats of acts of violence and/or physical aggression constituted a physical

intrusion or physical invasion of a sexual nature under coercive conditions, which if carried out,

would satisfy the elements of battery under Illinois law.

57.    As a direct and proximate cause of the unlawful conduct alleged herein, Plaintiff,

JASMINE BUDZYN, has suffered pecuniary losses, emotional distress, pain, suffering,

inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

58.    The Plaintiff demands a trial by jury.

**WHEREFORE,** Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable

Court enter a judgment against Defendant, JAMES JOHNSON JR., for a sum in excess of

$75,000.00 for compensatory damages, punitive damages, and award JASMINE BUDZYN her

reasonable attorneys' fees and all costs of this action.

19

## COUNT VI
## ASSAULT AND BATTERY
## JAMES JOHNSON JR., individually and in his capacity as an employee and/or manager of KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC

1-53.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54.    Immediately prior to and subsequent to the sexual misconduct, Defendant, JAMES JOHNSON JR., threatened Plaintiff, JASMINE BUDZYN, with bodily harm.

55.    Defendant, JAMES JOHNSON JR., intended to cause JASMINE BUDZYN imminent apprehension of a harmful or offensive act.

56.    Defendant, JAMES JOHNSON JR.'s, conduct caused JASMINE BUDZYN apprehension of an imminent, harmful, offensive and/or harassing contact.

57.    The acts of Defendant, JAMES JOHNSON JR., by threatening her and then touching her breasts, touching her body and digitally penetrating her vagina, constituted assault and battery upon JASMINE BUDZYN. Defendant, JAMES JOHNSON JR., caused JASMINE BUDZYN reasonable apprehension of an imminent and offensive contact with JASMINE BUDZYN's person and willfully touched JASMINE BUDZYN's breast, her body and digitally penetrated her vagina without JASMINE BUDZYN's consent with the hostile intent to harm JASMINE BUDZYN.

58.    During the course of the sexual assaults and batteries as described above, Defendant, JAMES JOHNSON JR., intentionally and maliciously threatened JASMINE BUDZYN with great bodily harm, causing her to be in fear, and further inflicted injury on her through intentional, malicious, unjustified, harmful, and offensive sexual contact without JASMINE BUDZYN's consent.

59. As a direct and proximate result of Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assaults and batteries as described above, JASMINE BUDZYN suffered permanent, severe, and continuing injuries including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, emotional distress, inability to function and other psychological problems.

60. As further direct and proximate result of Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assaults and batteries, JASMINE BUDZYN has incurred, and will continue to incur expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication.

61. The conduct of Defendant, JAMES JOHNSON JR., as described above, was intentional, reckless, grossly negligent, willful, wanton, oppressive, and done with actual malice and disregard for JASMINE BUDZYN's rights and safety.

62. At all times material to this cause of action, Defendant, JAMES JOHNSON JR., was an employee of the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, and was at all such times acting within the full course, scope, and authority of the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC, therefore imputing liability for Defendant, JAMES JOHNSON JR.'s tortious acts and resulting damages as outlined above under the principles of respondent superior. The tortious conduct committed by Defendant, JAMES JOHNSON, JR., was outrageous and oppressive, and characterized by malice or wantonness, justifying the imposition of punitive damages.

**WHEREFORE,** Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, JAMES JOHNSON JR., individually and as duly

authorized agent and employee of KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

**COUNT VII**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**JAMES JOHNSON JR., and KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC**

1-53. The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54. The conduct which Defendant, JAMES JOHNSON JR., engaged in was extreme and outrageous.

55. Defendant intended that his conduct would inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress.

56. As a direct and proximate result of Defendant's intentional conduct, JASMINE BUDZYN suffered emotional distress.

57. At all times while performing these intentional and harassing acts, Defendant, JAMES JOHNSON JR., was in the scope and course of his employment with the Defendants, KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC.

58. As a direct and proximate cause of the unlawful conduct alleged herein, JASMINE BUDZYN has suffered pecuniary losses, physical injuries, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE,** Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendant, JAMES JOHNSON JR., individually and as duly authorized agent and employee of KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS,

LLC for a sum in excess of $75,000.00 for compensatory damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

**COUNT VIII**
**FALSE IMPRISONMENT**
**JAMES JOHNSON JR., and KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC**

1-53.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-22 of the parties, 23-26 of the Jurisdiction, and paragraphs 27-53 of the actual allegations.

54.    The acts of Defendant, JAMES JOHNSON JR., as described above constituted false imprisonment of JASMINE BUDZYN.

55.    In pushing Plaintiff, JASMINE BUDZYN towards the men's restroom wherein she was assaulted and battered, in locking the door of the aforementioned room, in forcibly touching JASMINE BUDZYN, in verbally and physically coercing and intimidating JASMINE BUDZYN, and in failing to heed to JASMINE BUDZYN's verbal and physical protests, Defendant, JAMES JOHNSON JR., confined JASMINE BUDZYN to the men's restroom and intended to do the same, thereby unlawfully depriving JASMINE BUDZYN of her personal liberty of freedom and movement.

56.    JASMINE BUDZYN was conscious of her confinement and restriction in the men's bathroom.

57.    In verbally and physically resisting Defendant, JAMES JOHNSON JR.'s, actions, as described above, JASMINE BUDZYN clearly showed that she did not consent to JAMES JOHNSON JR.'s confinement of her to the men's restroom.

58.    Defendant, JAMES JOHNSON JR., knew or should have known that the conduct engaged in would result in the false imprisonment of JASMINE BUDZYN.

23

59.     As a result of the false imprisonment, Defendant, JAMES JOHNSON JR., was afforded the opportunity to commit to commit assaults and batteries set forth above, which resulted in substantial physical and severe emotional and mental suffering including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, emotional distress, and other psychological injuries.

60.     As further direct and proximate result of Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assault and battery, JASMINE BUDZYN has incurred, and will continue to incur expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication, all to JASMINE BUDZYN's further damage.

**WHEREFORE,** Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, JAMES JOHNSON JR., individually and as duly authorized agent and employee of KFC CORPORATION, KFC, FQSR, LLC, and KBP FOODS, LLC for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By:     */s/ Richard I. Levin, Esq.*
        Attorney for the Plaintiff, JASMINE BUDZYN,

ARDC NO. 6194494
LEVIN, RIBACK ADELMAN, P.C.
10 N. Dearborn, 11th Floor
Chicago, Illinois 60602
Phone: (312) 782-6717 Fax: (312) 782-5128
Email: rlevin@lralegal.com
Email: radelman@lralegal.com