IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASMINE BUDZYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 21-cv-074152 |
| v. | ) |
| | ) Honorable Sharon Johnson Coleman |
| KFC Corporation, KFC, FQSR, LLC, KBP Foods, LLC, JAMES JOHNSON JR. INDIVIDUALLY and as agent and/or employee of KFC Corporation, FQSR, LLC, and/or KBP Foods, LLC, | ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## DEFENDANT KFC CORPORATION'S MOTION TO DISMISS

Defendant, KFC CORPORATION ("KFC Corporation"), by and through its undersigned attorneys, James M. Coleman, Laura A. Balson, and M. Elysia Baker Analo of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully moves to dismiss Counts I-IV and Counts VI-VIII of the Complaint at Law ("Complaint") filed by Plaintiff, JASMINE BUDZYN ("Plaintiff"). In support thereof, KFC Corporation states as follows:

### INTRODUCTION

Plaintiff Jasmine Budzyn's eight-count Complaint makes numerous conclusory allegations relating to her alleged harassment and sexual assault by Defendant James Johnson, Jr. ("Johnson") who, like Plaintiff, was employed at an independently owned and operated, Kentucky Fried Chicken-branded franchise. Lumping together Defendants KFC Corporation, the franchisor, with its franchisees, FQSR, LLC and KBP Foods, LLC (together, referred to in the Complaint as the "Corporate Defendants"), Plaintiff asserts a laundry list of violations of federal and state law, but offers nothing more than labels, conclusions and formulaic recitations of the legal elements of her claims. From this boilerplate Complaint, she seeks to impose significant liability onto

Defendant KFC Corporation for the alleged harassment and criminal conduct of Johnson. She cannot as a matter of law.

Plaintiff's claims fall considerably short of stating a plausible claim against KFC Corporation for which relief could be granted, and therefore, warrant dismissal. *First*, Plaintiff fails to meet the basic notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Throughout the Complaint, Plaintiff impermissibly groups KFC Corporation together with KFC (which is not a legal entity), FQSR, LLC and KBP Foods, LLC, each independently owned corporations, without specifying the knowledge or conduct of each individual Defendant. *Second***,** Plaintiff does not allege facts necessary to clear the high bar to hold non-employer KFC Corporation liable for the alleged acts of Plaintiff's franchisee employer or its employees, including Johnson. Instead, Plaintiff lumps the Corporate Defendants together as "Defendants" and alleged "joint employers," deeming Johnson an agent and employee of them all and without attributing the alleged wrongful conduct to any particular defendant. *Third*, Plaintiff's claim for "willful and wanton supervision and retention" in Count VI is duplicative of her claim for negligent supervision and negligent retention in Counts II- III. *Fourth*, Plaintiff's intentional tort claims (Counts VI-VIII) are preempted by the Illinois Workers Compensation Act ("IWCA"), which provides the exclusive state-law remedy against an employer for the intentional torts of its employees where the torts were not commanded or expressly authorized by the employer. Assuming, *arguendo*, that Plaintiff sufficiently pleads that KFC Corporation is her employer, the Complaint contains no allegations that the Defendants committed, commanded or expressly authorized any allegedly tortious conduct.

For all of these reasons, as set forth in more detail below, Counts I-IV and VI-VII should be dismissed, with prejudice, as against KFC Corporation.

**RELEVANT FACTUAL ALLEGATIONS**

Except where otherwise indicated, the below summary is based exclusively on the allegations contained in the Complaint:[1]

*The Parties*

Plaintiff Jasmin Budzyn began working as a server and at the register of the Kentucky Fried Chicken fast food store located at 442 N. Weber Road, Romeoville, Illinois (the "Romeoville location") in September of 2019. (Compl. ¶¶ 27-28). In October 2019, she was assigned to work for Defendant James Johnson, Jr., alternately referenced as both a "co-worker" and "manager" to Plaintiff at the Romeoville location. (*Id*. ¶¶ 22, 29).

Plaintiff alleges that the Corporate Defendants were "joint employers" of Plaintiff and Johnson. (*Id*. ¶ 19). According to Plaintiff, the Corporate Defendants "employed, managed, supervised, controlled and instructed" her, and they were jointly responsible for "overseeing, supervising, and regulating all conduct" engaged in by Johnson as a manager at the Romeoville location and "while he was engaged in activities within the scope of his employment. (*Id*. ¶¶ 20-21). In identical allegations, Plaintiff asserts that the Corporate Defendants were all "the owner, franchisor, operator, controller and/or manager of the Romeoville location. (*Id*. ¶¶ 3, 5, 7, 9). Plaintiff also alleges that "the Defendants" owned a fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois (the "Joliet location") (*Id*. ¶ 55 (p. 15)).

*The Complaint*

According to Plaintiff, as of October-November 2019, Johnson was employed by each Corporate Defendant as a manager of the Joliet location and was transferred to the Romeoville

---

[1] Defendant KFC Corporation accepts any well-pled allegations in the Complaint as true for purposes of this Motion only and does not waive its right to challenge the truth of the allegations asserted and/or to assert any and all applicable affirmative defenses if this Motion to Dismiss is denied in part or in whole.

3

location while he was employed by each Corporate Defendant (*Id*. at ¶¶ 11-12, 13-14, 15-16, 17-18). Plaintiff further alleges that prior to the incidents alleged in the Complaint, he was sexually harassing employees and customers and that he transferred to the Romeoville location because "the Defendants" received complaints that he was harassing customers. (*Id*. ¶ 55 (p. 15)), ¶ 59 (p. 16), ¶ 58 (p. 18)). While working at the Romeoville location, Plaintiff alleges that on various dates in October and November of 2019, Johnson made comments and physical contact towards her on numerous occasions that were unwelcome, unwanted, and sexually harassing in nature. (*See, e.g.*, *Id*. ¶¶ 30-32). Plaintiff informed Tiffany Ollie ("Ollie"), the Romeoville store manager, of the alleged verbal and physical harassment by Johnson and requested a schedule change. (*Id*. ¶ 37-38). However, Plaintiff and Johnson continued to be scheduled on the same shift(s). (*Id*. ¶¶ 39-40). Plaintiff alleges that on December 28, 2019, she was sexually assaulted by Johnson in the men's restroom while working the evening shift at the Romeoville location. (*Id*. ¶¶ 42-44). Plaintiff maintains she reported the incident to Ollie and Mario Perea ("Perea"), "the regional manager for Defendants," and was later constructively discharged from her position. (*Id*. ¶¶ 45, 48).

In her Complaint, Plaintiff asserts six individual claims against all four Corporate Defendants for sexual harassment and hostile work environment in violation of Title VII (Count I), negligent supervision (Count II), negligent retention (Count III), and "willful and wanton supervision and retention" (Count IV). (*Id*. at 11-18). .Plaintiff also asserts violations of the Illinois Gender Violence Act against Johnson only (Count V). (*Id*. at 19). Finally, Plaintiff asserts claims under Illinois law for assault and battery (Count VI), intentional infliction of emotional distress ("IIED") (Count VII), and false imprisonment against Johnson "individually and as duly authorized agent and employee of" the Corporate Defendants (Count VIII). (*Id*. at 20-24).

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, which if accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted). Legal conclusions and conclusory allegations that merely recite the elements of the claim are not entitled to the presumption of truth. *Id*. at 678-79.

Dismissal under Rule 12(b)(6) is warranted if the Complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 ("Rule 8"). Rule 8(a) "requires more than labels and conclusions," and a complaint must set forth allegations of wrongdoing as to each Defendant sufficient to give ***each Defendant*** fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. at 555 (emphasis added). "Additionally, Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant." *Davis v. Bank of Am. Corp.*, No. 16 C 5993, 2017 WL 569159, at *1 (N.D. Ill. Feb. 13, 2017); *see Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Liability is personal . . . Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed."). Lastly, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As described below, Plaintiff's Complaint does not satisfy these minimal requirements as to KFC Corporation. As a result, her claims as to KFC Corporation are deficient and should be dismissed.

**ARGUMENT**

I. **Plaintiff's Group Pleading with Respect to Her Claims of Joint Employment/Agency is Prohibited Pursuant to Rule 8 (Counts I-IV, VI-VIII)**

Because Plaintiff's Complaint fails to name which Defendant or Defendants are allegedly liable for the complained of acts, and instead impermissibly lumps them together as "Defendants," her claims against the Corporate Defendants are subject to dismissal for that reason alone. *Harris v. Rockford Police Dep't*, No. 3:19-CV-50168, 2021 WL 1885979, at *1 (N.D. Ill. May 10, 2021).("If the allegations are based solely on undifferentiated allegations of "defendants," such that the complaint is based only on a theory of collective responsibility, then it must be dismissed.")

As the U.S. Supreme Court has made clear, the allegations against any particular defendant must plausibly allege liability based on that defendant's *own* conduct. *Iqbal*, 556 U.S. at 676. The Seventh Circuit emphasized the same point in *Bank of Am., N.A. v. Knight*, in holding that: "The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful. A complaint based on a theory of collective responsibility must be dismissed." 725 F.3d at 818; *see also Luna-Reyes v. RFI Constr., LLC*, 57 F. Supp. 3d 495, at *16-17 (M.D.N.C. 2014) ("Such a conclusory and shotgun approach to pleading fails to provide each Defendant the factual basis for the claim(s) against him or it and therefore deprives them and the court of the opportunity of determining whether there are sufficient facts to make a claim against each Defendant ....").

Here, Plaintiff asserts various claims under Title VII and Illinois law against all of the Defendants under a theory of collective responsibility. The Complaint repeatedly refers to "Defendants" as a group rather than specifying which Defendant engaged in what conduct. She conclusorily states that an undifferentiated amalgam of the "Defendants" were her and Johnson's

joint employers. (Compl. ¶ 19). She states, without factual enhancement, that all of the lumped together "Defendants" had a duty to supervise Johnson and to properly investigate "its" candidates for employment. (*Id.* ¶ 55 (p. 17)). She fails to identify which Defendant(s) exercised control over day-to-day operations and activities at the franchise locations, instead alleging that the collective "Defendants" failed to take any steps to stop Johnson's behavior, which "amounted to condonation [sic], ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment." (*Id.* ¶ 54 (p. 11)). She further attributes the alleged failure to terminate Johnson to all of the Defendants, collectively, with no specific facts regarding which entity had the authority to hire and fire him. (*See id.* ¶ 59). Such vague, non-specific allegations provide KFC Corporation with no notice of the allegations against it or which Corporate Defendants undertook the employment actions at issue does not meet the Rule 8 standard.

Plaintiffs have failed, in multiple respects, to comply with the procedural requirements of Rule 8. Lumping all defendants together makes it impossible for KFC Corporation to know what it, individually, is accused of doing wrong and to respond to those allegations in a coherent manner. *Davis*, 2017 WL 569159, at *1 ("Rule 8(a)(2) precludes lumping plaintiffs and defendants together without clarifying which plaintiff alleges what wrongdoing against which defendant"). Because the Complaint contravenes pleading principles by failing to allege a plausible basis to sustain the contention that "the Defendants" violated any duty or law with respect to Plaintiff, Counts I-IV and VI-VIII should be dismissed as to KFC Corporation.

### II. Plaintiff Fails to Assert Any Specific Allegations As To KFC Corporation With Sufficient Particularity to Plausibly Allege Joint Employer Liability (Counts I-IV, VI-VIII)

Separately, Counts I-IV through VI-VII must be dismissed because the Complaint fails to state a basis for liability against KFC Corporation. Critically, a joint employer relationship does not automatically expose an employer to liability for actions taken by its co-employer. *Shah v.*

*Littelfuse Inc.*, No. 12 CV 6845, 2013 WL 1828926, at *6 (N.D. Ill. Apr. 29, 2013) (collecting cases). In this case, Complaint fails to plead any facts necessary to establish KFC Corporation was her employer, let alone a joint employer liable for preventing or addressing Johnson's conduct.

As an initial matter, in order to state her harassment claims under Title VII and negligence claims under Illinois state law, Plaintiff must sufficiently plead that KFC Corporation is her employer or agent of her employer. *See* 42 U.S.C. § 2000e(f) (stating that Title VII of Civil Rights Act only applies to individuals "employed by an employer"); *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015) (the threshold element of any Title VII claim is "the existence of an employer-employee relationship"); *US Bank Tr. Nat'l Ass'n v. Cook*, 2019 IL App (3d) 180324-U, ¶ 39,*appeal denied sub nom. People v. Lewis*, 132 N.E.3d 355 (Ill. 2019). Negligent supervision is a direct, not vicarious, claim of negligence against the employer" requiring the plaintiff to prove that the employer itself was negligent.") Furthermore, though confusingly pled, Plaintiff expressly seeks to hold KFC Corporation liable for the assault and battery, IIED, and false imprisonment allegedly committed by Johnson because he acted, "individually and as duly authorized agent and employee of" the Corporate Defendants. (*See* Compl. at 21-24 (Counts VI-VIII prayers for relief)).

Here, Plaintiff's allegations fall short of establishing that KFC was her joint or *de facto* employer. Conspicuously, with respect to her own employment, Plaintiff does not include any specific allegations that KFC Corporation had control over any of her employment activities. (*See id.* ¶ 20) Indeed, even when read in the light most favorable to Plaintiff, none of the Complaint's allegations establish the sort of control and supervision over her that the Seventh Circuit has emphasized establishes an employer-employee relationship: the ability to hire, fire, or direct an employee's work. *See Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, No. 20 C 2077, 2021 WL 1056847, at *4 (N.D. Ill. Mar. 18, 2021) (citing *Love*, 779 F.3d at 703). Her failure

8

to adequately plead an employment relationship with any Corporate Defendant, and specifically a joint employer-employee relationship with KFC Corporation, is fatal to her claims. Counts I-IV and VI-VIII should be dismissed as to KFC Corporation on this basis alone.

Nevertheless, even if Plaintiff were to have plausibly alleged the existence of a joint employer relationship with KFC Corporation, her Complaint fails to state a basis for *liability* against KFC Corporation. *See Fairley v. McDonald's Corporation*, 20-cv-02273, at *1 (N.D. Ill. July 20, 2021) ("True, to the extent a plaintiff alleges a joint-employer relationship, the negligence of one employer "does not automatically expose another to liability for actions taken by its coemployer.") (quotations and citation omitted). Here, Plaintiff's boilerplate allegations to support that KFC Corporation "acted negligently," without more, are insufficient to sustain a claim for employment discrimination or agency against KFC Corporation. The Complaint makes the conclusory allegations that "the Defendants" – lumped together – improperly transferred Johnson from the Joliet location to the Romeoville location, disregarded and/or failed "to properly investigate" prior incidents of sexually harassing conduct involving Johnson, and failed to take steps to stop his behavior. (*See, e.g.*, Compl., ¶¶ 49-50, 54 (p. 14), 58-59 (p. 16)). Plaintiff further alleges that the "Defendants" owed her a duty to properly supervise Johnson. (*Id*. ¶¶ 54 (p. 13), 58 (p. 16)). However, Plaintiff merely lumps KFC Corporation in with the other Corporate Defendants without further specification as to which Defendant undertook which action (or failed to take action). Other than her boilerplate allegations that Johnson "was employed" by the Corporate Defendants, the factually sparse Complaint lacks any allegations that KFC Corporation exercised any authority or control over Johnson, much less the individuals that Plaintiff allegedly complained to, Ollie and Perea. The Complaint contains no facts indicating that KFC Corporation controlled or supervised the working conditions at the Joliet and Romeoville locations. Likewise,

Plaintiff alleges no facts that could plausibly support that KFC Corporation exercised control over day-to-day operations of the other Corporate Defendants, supervised and controlled the policies and practices of the other Corporate Defendants, or otherwise is accountable for the actions or inactions of the other Corporate Defendants. In other words, the Complaint is devoid of *any* facts demonstrating how KFC Corporation acted negligently or what it could have done to address Johnson's alleged conduct.

In short, Plaintiff's efforts to circumvent Rule 8 by alleging that the Corporate Defendants are "joint employers" are meritless. The only allegations specific to KFC Corporation are conclusory allegations, which do not contain a single factual allegation in support of Plaintiff's theory that KFC Corporation acted as a joint employer in relation to employees of the Joliet and Romeoville franchise locations, as required to impose liability on KFC Corporation for Johnson's alleged harassment and criminal conduct. Such conclusory allegations fail to satisfy Rule 8's basic pleading requirements, and as such, warrant complete dismissal of KFC Corporation.

### III. Plaintiff's Claim Of "Willful And Wanton Supervision And Retention" Is Duplicative And Must Be Dismissed With Prejudice (Count IV)

"It is well-settled that duplicative counts in a complaint may be properly dismissed." *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010). Further, claims that "involve the same operative facts and same injury, and that require proof of essentially the same elements, are duplicative as opposed to alternative." *Barrow v. Blouin*, 38 F. Supp. 3d 916, 920 (N.D. Ill. 2014).

In Count IV, Plaintiff asserts a claim for "willful and wanton supervision and retention" which parrots her claims for negligent supervision and negligent retention asserted in Counts II and III, respectively. There is no substantive difference between the counts as Count IV is based on the same operative facts in Counts II and III and requests the same relief (*See* Compl. at 13-18). Further, KFC Corporation has located no federal or state authority in which a claim for "willful

and wanton" negligent supervision or retention is a legally recognized separate cause of action from general negligence. *See Doe v. Coe*, 2019 IL 123521, ¶¶ 54-55, 135 N.E.3d 1, 15. Accordingly, Count IV should be dismissed. *See, e.g., Kurtz v. Toepper*, No. 11 C 4738, 2012 WL 33012, at *1 (N.D. Ill. Jan. 6, 2012) (dismissing claims because they are based on the same operative facts and allege the same injury).

### IV. Plaintiff's Intentional Tort Claims Are Preempted by the IWCA (Counts VI-VIII)

Even if Plaintiff has sufficiently alleged that KFC Corporation is a joint employer liable for the tortious conduct of Johnson – which she has not – her efforts to impose liability on KFC Corporation for the intentional torts of assault and battery, IIED, and false imprisonment allegedly committed by Johnson still must fail because, as pled, they are preempted by the IWCA.

Under Illinois law, IWCA provides the exclusive state-law remedy against an employer for the accidental injury of its employees sustained by an employee arising out of and in the course of her employment. *Small v. Chicago Health Clubs, Inc.*, 843 F. Supp. 398, 402 (N.D. Ill. 1994). In other words, "the IWCA prohibits an employee from pursuing common law and statutory actions against the employer for injuries received in the course of employment." *Id*. In this context, an "accidental" injury "encompasses anything that happens without design or event which is unforeseen by the person to whom it happens", even an intentional injury by a co-employee against another employee. *Id*. (quoting *Meerbrey v. Marshall Field & Co.,* 564 N.E.2d 1222, 1226 (Ill.App.Ct.1990)). An employee can escape the IWCA preemption rule only if the "injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or *expressly* authorized by the employer." *Tessendorf v. Edward Hines Lumber Co.*, 393 F. Supp. 2d 686, 691-692 (N.D. Ill. 2005) (emphasis added). Thus, "[i]n order to avoid preemption, a plaintiff must prove that his employer committed, commanded, or expressly authorized a supervisor to commit an intentional tort." *Id*.; *see Poulos v. Village of Lindenhurst*, 2002 WL 31001876 at * 16

(N.D. Ill. Sept. 3, 2002)(intentional infliction of emotional distress based upon supervisor's alleged actions were preempted by IWCA as no clear evidence that employer authorized supervisor's actions).

Here, Plaintiff alleges Johnson committed assault and battery, IIED, and false imprisonment as a "duly authorized agent and employee" of the Corporate Defendants. However, Plaintiff cannot avoid the IWCA's preemption of her intentional tort claims with mere conclusions that Johnson was a "duly authorized agent and employee." First, as this Court has noted: "In Illinois, the workers' compensation law bars an employee from suing an employer for a co-employee's intentional torts when the employer 'did not *direct or expressly authorize* the co-employee to commit' the intentional tort." *Carroll v. YMCA of Metro Chicago, LLC*, 13-CV-9307, 2015 WL 149024, at *4 (N.D. Ill. Jan. 9, 2015) (Coleman, J); *see Poulos*, 2002 WL 31001876 at * 16 ("According to the Illinois Supreme Court, only *express* authorization of [the] conduct will expose [the employer] to liability.... In other words, the Illinois courts will hold employers liable only for their sins of commission, not for their sins of omission.'"). Second, "'an allegation that the tortfeasor was acting within the scope of his authority is not equivalent to an allegation that the employer expressly authorized the tortfeasor to commit the specific acts in question." *See Carroll,* 2015 WL 149024, at *4 (quotation and citations omitted). Furthermore, Johnson's position as a "manager" does not impart the authority to command or authorize an intentional tort on behalf of a company itself. *See Poulos*, 2002 WL 31001876, at *16 (noting "[s]tatus as a foreman, supervisor, or manager alone, without the authority to make decisions and set policy on behalf of an employer, will not suffice to render an intentional tortfeasor an alter ego." (quotation and citation omitted)); *Lee v. Paper Group Holding, Inc.,* 1996 WL 507294, at *3 (N.D. Ill. 1996) (explaining that "merely alleging that senior management knew is insufficient to hold an

employer liable; management must have commanded or expressly authorized the conduct (internal quotation marks omitted)).

This Court need not--and should not--accept at face value Plaintiff's implausible assertion that Johnson acted as a "duly authorized agent and employee" of KFC Corporation when he allegedly held her against her will in the Romeoville location bathroom and sexually assaulted her. Plaintiff's Complaint, at best, plausibly alleges that management of the Romeoville location knew of Johnson's harassing conduct and failed to take steps to remedy the situation. However, allegations that indicate that management *implicitly* authorized the conduct or was negligent in its response do not provide a basis for a claim that management *expressly* authorized the conduct. Without any factual allegations plausibly demonstrating that KFC Corporation authorized, committed, or commanded a particular tort, Plaintiff has not "raise[d the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Counts VI-VIII must be dismissed.

## CONCLUSION

For the reasons discussed above, Counts I-IV and VI-VIII of the Complaint should be dismissed with prejudice as to Defendant KFC Corporation.

[Signature Page Follows]

| | |
|---|---|
| Date: December 16, 2021 | Respectfully submitted, |

James M. Coleman (#27379)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone: 571-522-6111
jcoleman@constangy.com

Laura A. Balson (#6291377)
M. Elysia Baker Analo (#6308530)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
300 S. Wacker Drive
Suite 1050
Chicago, Illinois 60606
Telephone: (773) 661-4710
lbalson@constangy.com
eanalo@constangy.com

*Counsel for Defendant KFC Corporation*

KFC CORPORATION, Defendant

By: /s/ *Laura Balson*
    One of its attorneys