# Jasmine Budzyn - Arbitration Agreement       Exhibit A

Please download the below Agreement and review in full. Then check the box below and click the next button.

NOTE: If you are a minor under the age of 18 years of age, this agreement is not valid unless signed by you AND your parent/guardian. In this case, Check the Box below, and Click the Next Button. Then, after finishing your electronic onboarding, return to the electronic offer letter sent to you via email, and with your parent/guardian click on the second link in that email to review the Agreement and provide electronic sign-offs.

### Electronic Signature

                               First Name: Jasmine
                               Last Name: Budzyn
                               Unique Username: jbudzyn20
                               Signed On: 9/5/2019 at 11:55 PM

Contents of file attachment on following page(s):

## Arbitration Agreement

I agree and understand that this Arbitration Agreement and class action waiver ("Agreement") applies to my (hereafter "Employee") application and employment with FQSR, LLC (d/b/a KBP Foods) and any of its parent, subsidiaries, affiliates and related companies, successors, and assigns, its supervisors, officers, directors, and/or agents, in their capacity as such (hereafter collectively referred to as "Employer"). The Agreement shall apply to Employee's heirs, devisees, administrators and representatives. In consideration of an offer of employment and future employment by Employer, the compensation and job benefits that Employee will receive from Employer, the mutual benefits of the speedy, impartial, and cost-effective dispute resolution procedure described below, and the mutual promises made by Employee and Employer herein, each of which the parties intend to be sufficient to support this Agreement, either independently or in conjunction with one another, the parties have reached the following mutual agreement to arbitrate:

(1) Employer and Employee mutually agree that any and all disputes between them will be settled by binding arbitration. This mutual promise to arbitrate includes, but is not limited to, those disputes arising out of or relating in any way to Employee's application or applications for employment, any past, current, or future employment, and/or the cessation of employment with Employer, including but not limited to, any rights or claims Employee may have under any federal, state, or local law, including any statute, ordinance, regulation, code, order, or common law, including claims regarding employment discrimination, harassment, retaliation, wage and hour matters, breach of contract (express or implied), violation of public policy, wrongful termination, negligence or other torts, or otherwise, except as provided in paragraph (2) below. This mutual promise to arbitrate covers any and all disputes (past, present, and future) Employer and Employee now know about and those they may not know about.

(2) This Agreement does not govern (a) disputes regarding workers' compensation benefits or unemployment compensation benefits, (b) disputes which arise out of Employee's relationship to Employer as a customer, (c) disputes relating to Employee's alleged criminal conduct, or (d) any other dispute that cannot be arbitrated as a matter of law. Nothing in this Agreement shall be construed as prohibiting Employee from filing a claim for unemployment or workers' compensation, an administrative charge of discrimination, an unfair labor practice charge, or other alleged violation of law with the Equal Employment Opportunity Commission, the National Labor Relations Board, or any other federal, state, or local governmental agency. Further, nothing herein shall be construed as prohibiting Employee or Employer from filing a claim with, reporting to, or otherwise communicating or cooperating with law enforcement or any federal, state, or local governmental agency.

(3) All claims brought under this Agreement shall be brought in the individual capacity of Employee or Employer. No court or arbitrator shall have the authority under this Agreement to order any such class or collective arbitration. This Agreement shall not be construed under any circumstances to allow or permit the consolidation or joinder of other claims or controversies involving any other employees or parties, or permit such claims or controversies to proceed as a class or collective action. By signing this Agreement, Employee and Employer are

agreeing to waive any substantive or procedural rights that he, she, or it may have to bring an action on a class or collective basis.

(4) All claims subject to this Agreement are subject to the statutes of limitation applicable to the federal, state, or local law under which such claims arise. **A demand for arbitration under this Agreement by Employee must be made in writing, and submitted to Employer's Chief People Officer to humanresources@kbpinvestments.com or, if made by Employer, to Employee at his or her last address on file with Employer or the address identified in the employment application. Failure to make a written demand for arbitration within the applicable statutory limitations period constitutes a waiver of the right to assert that claim in any forum.** Upon receipt of a demand for arbitration by Employee, Employer will provide Employee with the appropriate form to initiate arbitration with the American Arbitration Association ("AAA") within twenty (20) days, unless the parties otherwise agree on their own to the selection of an arbitrator or to a different time period. Nothing in this Agreement shall prevent the parties from attempting to resolve any dispute prior to or after submitting a request for arbitration. Once selected, the arbitrator may grant any remedy or relief, legal or equitable, that would have been available had the claim been asserted in court (subject to all provisions of this Agreement), but may not award relief greater than that available if the claim were asserted in court.

(5) The arbitrator's decision shall be final and binding on Employee and Employer. **The parties acknowledge that arbitration is a substitute for traditional litigation in court and hereby waive their respective rights to file a private lawsuit and have that suit heard in court by a judge or jury. The Federal Arbitration Act governs this Agreement, and judicial review of any arbitration judgment, award or order is limited as provided by law.**

(6) Arbitration under this Agreement may be administered by the American Arbitration Association ("AAA") under its Employment Dispute Resolution Rules (except as specified in this paragraph and paragraph (12), below), and the arbitrator shall apply the substantive federal, state or local law that governs the claim(s) asserted. The parties, however, may agree to jointly select an arbitrator on their own. In the event that the parties are unable to agree on the selection of an arbitrator, the parties shall request a list of arbitrators from the AAA. In addition to the qualifications and requirements specified in the Employment Dispute Resolution Rules, the list of potential arbitrators provided by AAA shall satisfy the following qualifications: (1) a former judge of either a federal court or a state court of general jurisdiction, and/or (2) lawyers who have practiced law and/or served as arbitrators in the field of employment law for at least 15 years and who are "AV" rated by Martindale-Hubbell. The arbitration shall take place at a mutually convenient time and location within the state where the complaint arose.

(7) Either party may bring an action in any proper court to compel arbitration under this Agreement and/or to enforce an arbitration judgment, award, or order. If a lawsuit is filed prior to arbitration, any action by Employee or Employer to remove the lawsuit to federal court and/or to remand the lawsuit to state court prior to a motion to compel arbitration shall not be deemed a waiver by either Employee or Employer of any rights under this Agreement.

(8) This Agreement reflects the full and complete agreement between Employer and Employee, and any prior negotiations, understanding, explanations, promises, and/or agreements are superseded by this Agreement, in each case with respect to the subject matter herein. Neither party is relying on any statements of any kind on the subject of this Agreement, except for the statements contained in this Agreement. This Agreement may be waived, modified, or superseded only in a later written document (including in electronic form) agreed to by both Employer and Employee specifically stating the parties' intent to so waive, modify or supersede this Agreement.

(9) Employer shall pay the costs of the arbitration, including expenses of the proceedings, and the travel and expenses of the arbitrator. Employee may be required to pay a filing fee no greater than the fee for filing a lawsuit in federal or state court, as applicable; provided, however, that Employee may file the claim without a fee if he or she is indigent, pending a decision by the arbitrator on a request for a fee waiver based on the applicable AAA rules. Employer and Employee each have the right to representation in the arbitration by an attorney. Each party is responsible for payment of their respective attorney fees and other costs, such as for copies, court reporter fees if any, or other out-of-pocket charges. If any provision of this paragraph is contrary to the state law where employee is employed or federal law, then such law shall apply. The arbitrator may alter the apportionment of costs, including attorney fees, between the parties as provided for by applicable law.

(10) The arbitrator has the authority to entertain any motion permitted by the Federal Rules of Civil Procedure (other than those relating to class or collective proceedings pursuant to Rule 23 or otherwise). The standards set forth in the Federal Rules of Civil Procedure shall apply to all such motions. The admissibility of evidence at any arbitration under this Agreement shall be governed by the Federal Rules of Evidence. All privileges recognized in the state in which the complaint arose shall be recognized in the arbitration, including, but not limited to, the attorney-client privilege and work-product doctrine.

(11) The promise to arbitrate does not alter the "at-will" status of Employee's employment relationship with Employer.

(12) The Agreement is mandatory and effective upon the date of the signature by Employee, as the offer of this Agreement with signature on behalf of Employer below already signifies Employer's assent to this Agreement. This Agreement shall survive the termination of Employee's employment.

(13) Employer and Employee each hereby knowingly and voluntarily waive their respective right to a jury trial or trial by judge of the disputes to be arbitrated as set forth in this Agreement. The parties fully understand that this Agreement precludes Employer and Employee from seeking redress in court for the claims covered by this Agreement.

(14) If any provision of this Agreement is found to be unenforceable under applicable law, it is the parties' intent that such provision be severed from the Agreement and that the remainder of the Agreement be enforced to the fullest extent permitted by applicable law.

(15) The arbitration shall be conducted on a confidential basis. This means that the parties shall not disclose the fact of or outcome of the arbitration, any pleadings, motions or other documents offered or exchanged in connection with the arbitration, testimony provided in connection with the arbitration or any final or interim rulings ("Confidential Information") with any person not a party to the arbitration, other than as follows. Any entity, including Employer, that is a party to the arbitration, may disclose Confidential Information to: the entity's employees, officers and directors with a business purpose for receiving the information; its corporate parent organization; any experts or witnesses who may be called to provide testimony or other information in connection with the arbitration (but only to the extent necessary for such participation) (and any employees of such experts or witnesses); and the entity's counsel, accountants and tax preparers. Any individual, including Employee, who is a party to the arbitration, may disclose Confidential Information to: the individual's immediate family; any experts or witnesses who may be called to provide testimony or other information in connection with the arbitration (but only to the extent necessary for such participation) (and any employees of such experts or witnesses); and his or her counsel, accountants or tax preparers. With respect to disclosures to family members, officers, directors, employees, and other permitted recipients of Confidential Information, such recipient shall be advised that he, she or it, may not disclose the Confidential Information. Further, nothing herein shall restrict either party from reporting to or communicating with any governmental or quasi-governmental regulatory agency or self-regulatory body or a court of competent jurisdiction as necessary to enforce any preliminary or final judgment, award or order.

Agreed to:

FQSR, LLC d/b/a KBP Foods

*/s/ Nancy Fox*

By: Nancy Fox, Chief People Officer

**By checking the box within this section and clicking the "I Agree" button, I confirm that I carefully read, understand, and voluntarily agree to this Arbitration Agreement set forth within and that by so doing, I electronically sign such agreement with my electronic signature, which signature is considered the legal equivalent of my manual signature.**

**This Agreement is not valid for Minors under the age of eighteen (18) years of age unless signed by the Minor, and the Parent (Guardian). If you are a Minor, please check the box and apply your signature, then click the "Next" button to continue on with your employment application. You are required to obtain your parent/guardian's signature by visiting the link to the Agreement that was included in your onboarding invitation email.**