**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JASMINE BUDZYN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KFC CORPORATION, KFC, FQSR, LLC, | ) | |
| KBP FOODS, LLC, JAMES JOHNSON JR. | ) | Case No. 21 CV 04152 |
| INDIVIDUALLY And as agent and/or | ) | |
| employee of KFC CORPORATION, KFC, | ) | |
| FQSR, LLC, and/or KBP FOODS, LLC | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, JASMINE BUDZYN, by and through her Attorneys, LEVIN,

RIBACK, & ADELMAN P.C., and complains of the Defendants, KFC CORPORATION, KFC,

FQSR, LLC, KBP FOODS, LLC, and JAMES JOHNSON JR. individually and as agent or

employee of KFC CORPORATION, FQSR, LLC, and/or KBP FOODS, LLC, and in support of

her First Amended Complaint at Law, respectfully alleges as follows:

## PARTIES

1.      At all times herein mentioned, the Plaintiff, JASMINE BUDZYN, was and is a

resident of the United States and was a resident of Romeoville, Illinois which is located in the

Northern District of Illinois.

2.      Plaintiff, JASMINE BUDZYN, was a member of a protected class under Title VII

of the Civil Rights Act 1964, as amended in 1991, 42 USC 2000E et. seq. when the unlawful

employment practices occurred. She was a resident of Will County, Illinois which is located in the Northern District of Illinois.

3.  On all relevant dates and times, KFC CORPORATION was the owner, franchisor, operator, controller and/or manager of a Kentucky Fried Chicken fast food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

4.  KFC CORPORATION had its principal place of business, its corporate offices and was domiciled and located at 1441 Gardiner Lane, Louisville, Kentucky.

5.  On all relevant dates and times, KFC was the owner, franchisor, operator, controller and/or manager of a Kentucky Fried Chicken fast food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

6.  KFC had its principal place of business, its corporate offices and was domiciled and located at 1441 Gardiner Lane, Louisville, Kentucky.

7.  On all relevant dates and times, FQSR, LLC was the owner, franchisee, operator, controller and/or manager of a Kentucky Fried Chicken fast food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

8.  FQSR, LLC had its principal place of business, its corporate offices and was domiciled and located at 8900 Indian Creek Parkway, Overland Park, Kansas.

9.  On all relevant dates and times, KBP FOODS, LLC was the owner, franchisee, operator, controller and/or manager of a Kentucky Fried Chicken fast food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

10.  KBP FOODS, LLC had its principal place of business, its corporate offices and was domiciled and located at 10950 Grandview Drive, Overland Park, Kansas.

11.     Upon information and belief, as of October-November 2019, the Defendant, JAMES JOHNSON JR., was employed by the Defendant, KFC CORPORATION, as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

12.     Upon information and belief, at some time prior to the incidents alleged in this matter, the Defendant, JAMES JOHNSON JR., was employed by the Defendant, KFC CORPORATION, and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

13.     Upon information and belief, as of October-November 2019, the Defendant, JAMES JOHNSON JR., was employed by the Defendant, KFC, as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

14.     Upon information and belief, at some time prior to the incidents alleged in this matter, the Defendant, JAMES JOHNSON JR., was employed by the Defendant, KFC, and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

15.     Upon information and belief, as of October-November 2019, the Defendant, JAMES JOHNSON JR., was employed by the Defendant, FQSR, LLC, as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

16.     Upon information and belief, at some time prior to the incidents alleged in this matter, the Defendant JAMES JOHNSON JR., remained employed by Defendant, FQSR, LLC, and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

17.     Upon information and belief, as of October-November 2019, the Defendant, JAMES JOHNSON JR., was employed by the Defendant, KBP FOODS, LLC, as a manager at its fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois.

18.     Upon information and belief, at some time prior to the incidents alleged in this matter, the Defendant, JAMES JOHNSON JR., remained employed by the Defendant, KBP FOODS, LLC, and was transferred to work as a manager at its fast-food restaurant located at 442 Weber Rd., Romeoville, Illinois, 60446.

19.      At all times relevant hereto, the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, were doing business as Kentucky Fried Chicken located at 442 N. Weber Rd., Romeoville, Will County, as joint employers of the Plaintiff, JASMINE BUDZYN, and the Co-Defendant JAMES JOHNSON, JR.

20.     At all times herein mentioned, JASMINE BUDZYN was employed, managed, supervised, controlled, and instructed by the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, at their restaurant located at 442 N. Weber Road, Romeoville, Illinois and Plaintiff, JASMINE BUDZYN, was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

21.     At all times herein mentioned, the Defendants, KFC CORPORATION, KFC, FQSR, LLC, KBP FOODS, LLC, were jointly responsible for overseeing, supervising, and regulating all conduct engaged in by Defendant, JAMES JOHNSON JR., while he was a manager at the restaurant location and while he was engaged in activities within the scope of his employment.

22.     At all times herein mentioned, the Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION and KFC, was a manager at the Kentucky Fried Chicken

located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

23.     At all times herein mentioned, the Defendant, JAMES JOHNSON JR., individually and as agent for FQSR, LLC, was a manager at the Kentucky Fried Chicken located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

24.     At all times herein mentioned, the Defendant, JAMES JOHNSON JR., individually and as agent for KBP FOODS, LLC, was a manager at the Kentucky Fried Chicken located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

## **JURISDICTION**

25.     This is a suit in equity authorized and instituted pursuant to the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e(b). Jurisdiction of this court is based upon a federal question, 28 U.S.C. § 1331. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. § 2000e(b) providing for declaratory, injunctive, and other relief against employment discrimination based upon sex, and pursuant to 29 U.S.C. §201 et. seq.

26.     Venue is proper under 28 U.S.C. § 1391 (B). Some of the Defendants reside or resided and/or did continuous business in this district and the events giving rise to the Plaintiff's claims occurred here.

27.     All conditions precedent to jurisdiction have occurred or been complied with, to-wit:

    a.  The Plaintiff filed a charge of discrimination, Charge No. 440-2020-05242. Said charge was filed with the Equal Employment Opportunity Commission, ("EEOC") on June 16, 2020. (See Exhibit 1).

    b.  The Plaintiff was issued a notice of right to sue for Charge No. 440-2020-05242 by the EEOC on May 18, 2021. (See Exhibit 2).

28.     Venue is proper pursuant to 28 U.S.C. § 1367 (a) Supplemental Jurisdiction as the Court which holds: Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## FACTUAL ALLEGATIONS

29.     The Plaintiff, JASMINE BUDZYN, began working for KFC CORPORATION and KFC, as a server at the register and a washer in September of 2019 at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois. At the time that she was hired she was 17 years old and a minor.

30.     The Plaintiff, JASMINE BUDZYN, began working for FQSR, LLC, as a server at the register and as a dishwasher in September of 2019 at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois. At the time that she was hired she was 17 years old and a minor.

31.     The Plaintiff, JASMINE BUDZYN, began working for KBP FOODS, LLC as a server at the register and as a dishwasher in September of 2019 at the Kentucky Fried Chicken

located at 442 N. Weber Road in Romeoville, Illinois. At the time that she was hired she was 17 years old and a minor.

32.     In October of 2019, JASMINE BUDZYN was working for the Defendants, KFC CORPORATION and KFC, and was in the course and scope of her duties and responsibilities of selling food for these Defendants at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois, 60446.

33.     In October of 2019, JASMINE BUDZYN was working for the Defendant, FQSR, LLC, and was in the course and scope of her duties and responsibilities of selling food for this Defendant at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois, 60446.

34.     In October of 2019, JASMINE BUDZYN was working for the Defendant, KBP FOODS, LLC, and was in the course and scope of her duties and responsibilities of selling food for this Defendant at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois, 60446.

35.     Shortly after the Plaintiff began working for at the KFC in Romeoville in October of 2019, JASMINE BUDZYN was assigned to work with the Defendant, JAMES JOHNSON JR., who was a manager at the restaurant.

36.     On various dates in October and November of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and agent of the Defendants, KFC CORPORATION and KFC, touched the breasts, attempted to kiss on the mouth, and pulled the hair of the Plaintiff, JASMINE BUDYZN.  These acts were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

37.     On various dates in October and November of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and agent of the Defendant, FQSR, LLC, touched the breasts, attempted to kiss on the mouth, and pulled the hair of the Plaintiff, JASMINE BUDYZN.

These acts were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

38.     On various dates in October and November of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and agent of the Defendant, KBP FOODS, LLC, touched the breasts, attempted to kiss on the mouth, and pulled the hair of the Plaintiff, JASMINE BUDYZN.  These acts were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

39.     On a separate unknown date in either October, November, or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendants, KFC CORPORATION and KFC, said to the Plaintiff over the intercom system used by employees to communicate, "I want to bend you over and spank you!" These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

40.     On a separate unknown date in either October, November, or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendant, FQSR, LLC, said to the Plaintiff over the intercom system used by employees to communicate, "I want to bend you over and spank you!" These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

41.     On a separate unknown date in either October, November, or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendant, KBP FOODS, LLC, said to the Plaintiff over the intercom system used by employees to communicate, "I want to bend you over and spank you!" These comments were

particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

42.     On a separate unknown date in either October, November or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendants, KFC CORPORATION and KFC, said to the Plaintiff, "You are a spicy taco." These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

43.     On a separate unknown date in either October, November, or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendant, FQSR, LLC said to the Plaintiff, "You are a spicy taco." These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

44.     On a separate unknown date in either October, November, or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and as the duly authorized agent of the Defendant, KBP FOODS, LLC, said to the Plaintiff, "You are a spicy taco." These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

45.     Upon information and belief, on a separate unknown date in October, November, or December of 2019, the Defendant, JAMES JOHNSON JR., while working as a manager and duly authorized agent and in the scope of his employment accessed the Plaintiff's personnel records that were maintained, controlled, and protected by the Defendants in order to obtain the Plaintiff, JASMINE BUDZYN's, personal information.

46.     On numerous unspecified occasions between November and December of 2019, the Defendant, JAMES JOHNSON JR., telephoned the Plaintiff, JASMINE BUDZYN, on her personal cell phone and made harassing, disparaging, and sexually lewd comments to her.   These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

47.     On numerous unspecified occasions between November and December of 2019, the Defendant JAMES JOHNSON JR., contacted the Plaintiff, JASMINE BUDZYN, via social media and made harassing, disparaging, and sexually lewd comments to her.   These comments were particularly embarrassing and harassing to the Plaintiff and were all done without the Plaintiff's permission and were over her objection as they were unwelcomed and unwanted.

48.     On multiple occasions, the Plaintiff, JASMINE BUDZYN, informed supervisory personnel of the Defendants, KFC CORPORATION and KFC, specifically, Ms. Tiffany Ollie, the restaurant manager and agent of the Defendants, KFC CORPORATION and KFC, that JAMES JOHNSON JR. had improperly touched her breasts, attempted to kiss her, pulled her hair, and that he had made sexually lewd comments to her.

49.     On multiple occasions, the Plaintiff, JASMINE BUDZYN, informed supervisory personnel of the Defendant, FQSR, LLC, specifically, Ms. Tiffany Ollie, the restaurant manager and agent of the Defendant, FQSR, LLC, that JAMES JOHNSON JR. had improperly touched her breasts, attempted to kiss her, pulled her hair, and that he had made sexually lewd comments to her.

50.     On multiple occasions, the Plaintiff, JASMINE BUDZYN, informed supervisory personnel of the Defendant, KBP FOODS, LLC, specifically, Ms. Tiffany Ollie, the restaurant manager and agent of the Defendant, KBP FOODS, LLC, that JAMES JOHNSON JR. had

improperly touched her breasts, attempted to kiss her, pulled her hair, and that he had made sexually lewd comments to her.

51.     On multiple occasions, the Plaintiff, JASMINE BUDZYN, informed supervisory personnel of the Defendants, specifically, Ms. Tiffany Ollie, the restaurant manager and agent of the Defendants of the physical harassment and the verbal harassment of her co-employee and manager JAMES JOHNSON JR.

52.     On multiple occasions, the Plaintiff, JASMINE BUDZYN, contacted supervisory personnel of the Defendants, specifically, Ms. Tiffany Ollie, the restaurant manager and agent of the Defendants and requested that her supervisor, Tiffany Ollie, schedule co-Defendant JAMES JOHNSON JR., on a different shift to avoid any further physical and verbal harassment that was unwanted and unwelcomed.

53.     On unspecified dates, in October, November, and/or December of 2019, Ms. Tiffany Ollie, the restaurant manager in the scope of her employment assured the Plaintiff, JASMINE BUDZYN, that she would not schedule the Defendant, JAMES JOHNSON JR., on the same work shifts as her at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois.

54.     Despite JASMINE BUDZYN'S clear complaints and requests, Ms. Tiffany Ollie, the restaurant manager in the scope of her employment, continued to schedule the Defendant, JAMES JOHNSON JR., on the same shifts as the Plaintiff at the Kentucky Fried Chicken located at 442 N. Weber Road in Romeoville, Illinois.

55.     At all relevant dates and times, co-workers, managers and supervisors, had notice of the conduct of the Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION and KFC, while he was a manager at the Kentucky Fried Chicken located at 442

N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

56. At all relevant dates and times, co-workers, managers and supervisors, had notice of the conduct of the Defendant, JAMES JOHNSON JR., individually and as agent for FQSR, LLC, while he was a manager at the Kentucky Fried Chicken located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

57. At all relevant dates and times, co-workers, managers and supervisors, had notice of the conduct of the Defendant, JAMES JOHNSON JR., individually and as agent for KBP FOODS, LLC, while he was a manager at the Kentucky Fried Chicken located at 442 N. Weber Road, Romeoville, Illinois and owed a duty to the Plaintiff, JASMINE BUDZYN, who was an "employee" as that term is defined by the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. Section 2000e(b).

58. On December 28, 2019, the Plaintiff, JASMINE BUDZYN, was performing her designated duties and responsibilities on the evening shift at the Kentucky Fried Chicken restaurant located at 442 N. Weber Rd., Romeoville, Illinois. Despite assurances from Ms. Tiffany Ollie that JAMES JOHNSON would not work the same shift as JASMINE BUDZYN, JAMES JOHNSON, JR. was assigned to the same shift as her.

59. On December 28, 2019, the Defendant, JAMES JOHNSON JR., while in the scope of his employment, as a manager at the KFC in Romeoville, grabbed JASMINE BUDZYN,

wrapped his arms around JASMINE BUDZYN's shoulder, pushed JASMINE BUDZYN into the men's restroom, and locked the door of the men's restroom.

60. On December 28, 2019, the Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION and KFC and against the Plaintiff's wishes, without her consent, and over her vehement objections, sexually assaulted JASMINE BUDZYN. Specifically, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION and KFC, raped the Plaintiff by engaging in acts of digital penetration of her vagina without her consent.

61. On December 28, 2019, Defendant, JAMES JOHNSON JR., individually and as agent for FQSR, LLC, and against the Plaintiff's wishes, without her consent, and over her vehement objections, sexually assaulted JASMINE BUDZYN. Specifically, JAMES JOHNSON JR., individually and as agent for FQSR, LLC, raped the Plaintiff by engaging in acts of digital penetration of her vagina without her consent.

62. On December 28, 2019, Defendant, JAMES JOHNSON JR., individually and as agent for KBP FOODS, LLC, and against Plaintiff's wishes, without her consent and over her vehement objections, sexually assaulted JASMINE BUDZYN. Specifically, JAMES JOHNSON JR., individually and as agent for KBP FOODS, LLC, raped the Plaintiff by engaging in acts of digital penetration of her vagina without her consent.

63. After the Plaintiff, JASMINE BUDZYN was raped, she reported the incident to Ms. Tiffany Ollie, the restaurant manager and agent of the Defendants as well as Mr. Mario Perea, the regional manager for Defendants.

64. The Plaintiff, JASMINE BUDZYN, requested that all footage of the incident and from the day of the accident that were captured on the multiple surveillance cameras at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois be preserved. The Plaintiff was

informed that the cameras were not working and thus there was no video footage to capture the assault, battery, and rape of the Plaintiff.

65.     The sexual assault, battery, and rape committed by the Defendant, JAMES JOHNSON JR., individually and as agent for KFC CORPORATION and KFC, against JASMINE BUDZYN, caused her to suffer great mental anguish, shame, and humiliation.  The Plaintiff, JASMINE BUDZYN, began to suffer from depression and other physical and psychological problems.

66.     The sexual assault, battery, and rape committed by the Defendant, JAMES JOHNSON JR., individually and as agent for FQSR, LLC against JASMINE BUDZYN, caused her to suffer great mental anguish, shame, and humiliation.  The Plaintiff, JASMINE BUDZYN, began to suffer from depression and other physical and psychological problems.

67.     The sexual assault, battery, and rape committed by the Defendant, JAMES JOHNSON JR., individually and as agent for KBP FOODS, LLC, against JASMINE BUDZYN, caused her to suffer great mental anguish, shame, and humiliation.  The Plaintiff, JASMINE BUDZYN, began to suffer from depression and other physical and psychological problems.

68.     As a result of the sexual assault, battery, and rape committed by the Defendant, JAMES JOHNSON JR., while in the scope and course of his employment, on JASMINE BUDZYN, she was constructively discharged from the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois on January 15, 2020.

69.     During the post-rape investigation, upon information and belief, the Plaintiff learned that when the Defendant, JAMES JOHNSON JR., was working at the Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois, he was transferred to the Romeoville location

after the Defendants received complaints that his behavior may have been harassing to employees at the KFC.

70. During the post-rape investigation, upon information and belief, the Plaintiff learned that when Defendant, JAMES JOHNSON JR., was working at the Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois, he was transferred to the Romeoville location after the Defendants received complaints that his behavior was harassing toward customers.

71. Accordingly, as of September 2019, when the Plaintiff, JASMINE BUDZYN, first began working at the Kentucky Fried Chicken at 442 Weber Rd., Romeoville, Illinois, the named Defendants were all aware of the extreme danger that the Defendant, JAMES JOHNSON, JR., posed to the Plaintiff prior to his engaging in the conduct at issue in this matter.

72. As a result of the rape and other improper conduct engaged in by the Defendant, JAMES JOHNSON JR., a Plenary Stalking No Contact Order was entered by the Twelfth Judicial Circuit Court on February 11, 2020, prohibiting the Defendant, JAMES JOHNSON JR., from contacting the Plaintiff, JASMINE BUDZYN, for a period of two (2) years. (See Exhibit 3 attached hereto)

73. Furthermore, as a result of the improper conduct engaged in by the Defendant, JAMES JOHNSON JR., the State's Attorney Office of Will County has filed criminal charges against JAMES JOHNSON JR. As of the date, this matter has been filed, the criminal case remains pending against the Defendant, JAMES JOHNSON, JR., and there has been no resolution of that matter.

## COUNT I
## SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
## KFC CORPORATION and KFC

1-45.   The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14, and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48, 51-55, 58-60, 63-65, 68-73 of the actual allegations.

46.    As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant JAMES JOHNSON JR., in his role as the agent and employee of the Defendants, KFC CORPORATION and KFC, JASMINE BUDZYN's work environment was sexually hostile. The Defendants' failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

47.    By creating, condoning, and perpetuating a sexually hostile work environment, the Defendants, KFC CORPORATION and KFC have intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

48.    The Defendants' condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused Plaintiff, JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression, and humiliation.

49.    The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

   a.  Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.
   b.  Permanently enjoin the Defendants, KFC CORPORATION and KFC, from engaging in each of the unlawful practices, policies, customs, and

        usages set forth herein, and from continuing any and all practices shown to be in violation of the law.

c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.

d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendants.

e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.

f. Award the Plaintiff punitive damages for the Defendants' willful conduct.

g. Reinstate the Plaintiff to her position within the Defendants' business

h. Grant other relief as the court deems just and proper.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendants, KFC CORPORATION and KFC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

<u>**COUNT II**</u>
<u>**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**</u>
<u>**FQSR, LLC**</u>

1-41.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2,7-8, 15-16, 19-21, 23 of the parties; 25-28 of the Jurisdiction; and paragraphs 30, 33, 35, 37, 40, 43, 45-47, 49, 51-54, 56, 58-59, 61, 63-64, 66, 68-73 of the actual allegations.

42.    As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant, JAMES JOHNSON JR., in his role as the agent and employee of the Defendant, FQSR, LLC, JASMINE BUDZYN's work environment was sexually hostile. The Defendant's failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

43. By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant, FQSR, LLC has intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

44. The Defendant's condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused Plaintiff, JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression and humiliation.

45. The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

    a. Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

    b. Permanently enjoins the Defendant, FQSR, LLC, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of the law.

    c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.

    d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendants.

    e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.

    f. Award the Plaintiff punitive damages for the Defendant's willful conduct.

    g. Reinstate the Plaintiff to her position within the Defendants business

    h. Grant other relief as the court deems just and proper.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendant, FQSR, LLC, for a sum in excess of $75,000.00 for

compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

<u>COUNT III</u>
<u>SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT</u>
<u>KBP FOODS, LLC</u>

1-41.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42.    As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant, JAMES JOHNSON JR., in his role as the agent and employee of the Defendant, KBP FOODS, LLC, JASMINE BUDZYN's work environment was sexually hostile. The Defendant's failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

43.    By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant, KBP FOODS, LLC has intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

44.    The Defendant's condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused Plaintiff, JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression and humiliation.

45.    The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

a. Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

b. Permanently enjoins the Defendant, KBP FOODS, LLC, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of the law.

c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.

d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendants.

e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.

f. Award the Plaintiff punitive damages for the Defendant's willful conduct.

g. Reinstate the Plaintiff to her position within the Defendants business

h. Grant other relief as the court deems just and proper.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendant, KBP FOODS, LLC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

### COUNT IV
### SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### JAMES JOHNSON JR. individually and as agent or employee of KFC CORPORATION and KFC

1-45. The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14, and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48, 51-55, 58-60, 63-65, 68-73 of the actual allegations.

46. As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant JAMES JOHNSON JR., in his role as the agent and employee of the Defendants, KFC CORPORATION and KFC, JASMINE BUDZYN's work environment was

sexually hostile. The Defendants' failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

47.     By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant has intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

48.     The Defendant's condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused the Plaintiff, JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression and humiliation.

49.     The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

a. Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.
b. Permanently enjoins the Defendant, JAMES JOHNSON JR. individually and as agent or employee of KFC CORPORATION and KFC, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of the law.
c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.
d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendants, JAMES JOHNSON, JR. individually and as agent and employee of KFC CORPORATION and KFC.
e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.
f. Award the Plaintiff punitive damages for the Defendants' willful conduct.
g. Reinstate the Plaintiff to her position within the Defendant's business

h.   Grant other relief as the court deems just and proper.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendant, JAMES JOHNSON JR. individually and as agent or employee of KFC CORPORATION and KFC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

<u>**COUNT V**</u>
<u>**SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**</u>
<u>**JAMES JOHNSON JR. individually and as agent or employee of FQSR, LLC**</u>

1-41.   The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2,7-8, 15-16, 19-21, 23 of the parties; 25-28 of the Jurisdiction; and paragraphs 30, 33, 35, 37, 40, 43, 45-47, 49, 51-54, 56, 58-59, 61, 63-64, 66, 68-73 of the actual allegations.

42.   As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant JAMES JOHNSON JR., in his role as the agent and employee of the Defendant, FQSR, LLC, JASMINE BUDZYN's work environment was sexually hostile. The Defendant's failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

43.   By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant has intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

44.   The Defendant's condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused the Plaintiff,

JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression and humiliation.

45.     The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

   a. Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.
   b. Permanently enjoins the Defendant, JAMES JOHNSON JR. individually and as agent or employee of FQSR, LLC, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of the law.
   c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.
   d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendant, JAMES JOHNSON JR. individually and as agent or employee of FQSR, LLC.
   e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.
   f. Award the Plaintiff punitive damages for the Defendant's willful conduct.
   g. Reinstate the Plaintiff to her position within the Defendant's business
   h. Grant other relief as the court deems just and proper.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendant, JAMES JOHNSON JR. individually and as agent or employee of FQSR, LLC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

<u>COUNT VI</u>
<u>SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT</u>
<u>JAMES JOHNSON JR. individually and as agent or employee of KBP FOODS, LLC</u>

1-41.   The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42.   As a result of the inappropriate and unwelcome sexual behavior and sexual assaults perpetrated by Defendant JAMES JOHNSON JR., in his role as the agent and employee of the Defendant, KBP FOODS, LLC, JASMINE BUDZYN's work environment was sexually hostile. The Defendant's failure to take any steps to stop this behavior amounted to condonation, ratification, approval, and perpetuation of the rape, sexually inappropriate behavior and the hostile work environment.

43.   By creating, condoning, and perpetuating a sexually hostile work environment, the Defendant has intentionally and with reckless disregard violated Title VII of the Civil Rights act of 1964 as amended in 1991.

44.   The Defendant's condonation, ratification, approval, and perpetuation of its agent/employee's deviant, dangerous and improper sexual behavior has caused the Plaintiff, JASMINE BUDZYN, to suffer emotional distress, embarrassment, degradation, depression and humiliation.

45.   The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this court:

    a.  Enter a declaratory judgment that the practices complained of are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

    b.  Permanently enjoins the Defendant, JAMES JOHNSON JR. individually and as agent or employee of KBP FOODS, LLC, from engaging in each of the unlawful practices, policies, customs, and

usages set forth herein, and from continuing any and all practices shown to be in violation of the law.

c. Order modification or elimination of the of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of the law so that they will not harass or discriminate on the basis of sex.

d. Compensate and make the Plaintiff whole for all earnings and wages, including prejudgment interest and other benefits that she would have received had she not been subjected to the sexually hostile practices of the Defendant, JAMES JOHNSON JR. individually and as agent or employee of KBP FOODS, LLC.

e. Award the Plaintiff the costs and disbursements of this action including reasonable attorneys' fees.

f. Award the Plaintiff punitive damages for the Defendant's willful conduct.

g. Reinstate the Plaintiff to her position within the Defendant's business

h. Grant other relief as the court deems just and proper.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN respectfully prays that this Honorable Court enter a judgment against the Defendant, JAMES JOHNSON JR. individually and as agent or employee of KBP FOODS, LLC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

## COUNT VII
## NEGLIGENT RETENTION
## KFC CORPORATION and KFC

1-45. The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14, and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48, 51-55, 58-60, 63-65, 68-73 of the actual allegations.

46. During the course of her employment at the Defendants, KFC CORPORATION and KFC, JASMINE BUDZYN was assaulted by the Defendant, JAMES JOHNSON JR., who was a manager at the restaurant, and was subjected to a sexually hostile work environment.

47.     The Defendant, JAMES JOHNSON JR., upon information and belief, had worked at another Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois prior to working at the Kentucky Fried Chicken in Romeoville. The Kentucky Fried Chicken where JAMES JOHNSON JR. had worked prior, was owned by the Defendants, KFC CORPORATION and KFC, and they were the franchisors of this restaurant. As franchisors, the Defendants knew or should have known about its manager's sexually lewd and sexually harassing behavior. Upon information and belief, at that restaurant in Joliet, the Defendant, JAMES JOHNSON JR., was sexually harassing employees and customers. As a result of his harassing behavior, rather than being terminated, he was retained and transferred to the restaurant in Romeoville where he became the co-employee and/or manager of the Plaintiff, JASMINE BUDZYN.

48.     The Plaintiff, JASMINE BUDZYN, complained to the Defendants, KFC CORPORATION and KFC, through Tiffany Ollie, about JAMES JOHNSON JR.'s sexual harassment. Rather than make the work environment safe for the Plaintiff, Tiffany Ollie, the duly authorized agent of the Defendants, ignored her complaints of JAMES JOHNSON JR.'s behavior and continued to keep JAMES JOHNSON JR. employed and continued to schedule him to work with the Plaintiff, JASMINE BUDZYN.

49.     The Defendants, KFC CORPORATION and KFC, were negligent in supervising JAMES JOHNSON JR. and retaining him in his position as it had actual knowledge of JAMES JOHNSON JR.'s particular unfitness as an employee as he fostered a sexually hostile work environment.

50.     The Defendants, KFC CORPORATION and KFC, as the franchisors, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment, and to respond to complaints of sexually lewd and harassing behavior including the employment of and conduct

of JAMES JOHNSON JR., and further owed the Plaintiff a duty to properly supervise said employee so that he would not commit tortious acts against other individuals, including JASMINE BUDZYN.

51.     Notwithstanding said duty as alleged, the Defendants, KFC CORPORATION and KFC, breached said duty by carelessly and negligently:

    a.  Failing to terminate JAMES JOHNSON JR.'s employment when the Defendants knew or should have known of his sexually harassing conduct.

    b.  Failing to otherwise discipline JAMES JOHNSON JR. when the Defendants knew or should have known of his sexually harassing conduct.

    c.  Failing to conduct a proper investigation of Tiffany Ollie's management after JASMINE BUDZYN complained to her about the assaults, batteries and sexual harassment of JAMES JOHNSON JR. on her.

    d.  Failing to warn and/or otherwise protect the Plaintiff from Tiffany Ollie's lack of management skills in failing to investigate and respond to JASMINE BUDZYN'S complaints of sexual harassment committed on her by JAMES JOHNSON JR.

    e.  Improperly retaining and transferring JAMES JOHNSON JR. to the Romeville Kentucky Fried Chicken from the Joliet Kentucky Fried Chicken, when the Defendants, KFC CORPORATION and KFC, had knowledge that JAMES JOHNSON JR. was sexually harassing employees and customers.

52.     As a direct and proximate result of the Defendants', KFC CORPORATION and KFC, breaches as set forth above, the Plaintiff, JASMINE BUDZYN, suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression, and pecuniary losses.

53.     The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, KFC CORPORATION and KFC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

## COUNT VIII
## NEGLIGENT RETENTION
## FQSR, LLC

1-41.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2,7-8, 15-16, 19-21, 23 of the parties; 25-28 of the Jurisdiction; and paragraphs 30, 33, 35, 37, 40, 43, 45-47, 49, 51-54, 56, 58-59, 61, 63-64, 66, 68-73 of the actual allegations.

42.    During her employment for the Defendant, FQSR, LLC, JASMINE BUDZYN was physically and sexually assaulted by the Defendant, JAMES JOHNSON JR. and was subjected to a sexually hostile work environment.

43.    The Defendant, JAMES JOHNSON JR., had worked at another Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois prior to working at the Kentucky Fried Chicken in Romeoville. The Kentucky Fried Chicken where JAMES JOHNSON JR. had worked prior, was owned and operated by the Defendant, FQSR, LLC. At that restaurant in Joliet, the Defendant, JAMES JOHNSON JR., was sexually harassing employees and customers. As a result of his harassing behavior, rather than being terminated, he was retained and transferred to the restaurant in Romeoville where he became the co-employee and/or manager of the Plaintiff, JASMINE BUDZYN.

44.    The Plaintiff, JASMINE BUDZYN, complained to the Defendant, FQSR, LLC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment.  Rather than make the work environment safe for the Plaintiff, TIFFANY OLLIE, the duly authorized agent of the Defendant, FQSR, LLC, ignored her complaints of JAMES JOHNSON JR.'s behavior and continued to keep JAMES JOHNSON JR. employed and continued to schedule him to work with the Plaintiff, JASMINE BUDZYN.

45. The Defendant, FQSR, LLC, was negligent in supervising JAMES JOHNSON JR. and retaining him in his position as it had actual knowledge of JAMES JOHNSON JR.'s particular unfitness as an employee as he fostered a sexually hostile work environment.

46. The Defendant, FQSR, LLC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment, including JAMES JOHNSON JR., and further owed the Plaintiff a duty to properly supervise said employee so that he would not commit tortious acts against other individuals, including JASMINE BUDZYN.

47. Notwithstanding said duty as alleged, the Defendant, FQSR, LLC, breached said duty by carelessly and negligently:

    a. Failing to terminate JAMES JOHNSON JR.'s employment when the Defendant, FQSR, LLC, knew or should have known of his sexually harassing conduct.
    b. Failing to otherwise discipline JAMES JOHNSON JR. when it knew or should have known of his sexually harassing conduct.
    c. Failing to conduct a proper investigation of TIFFANY OLLIE's management after JASMINE BUDZYN complained regarding the assaults, batteries, and sexual harassment.
    d. Failing to warn and/or otherwise protect the Plaintiff from TIFFANY OLLIE's lack of management.
    e. Improperly retaining and transferring JAMES JOHNSON JR. to the Romeville Kentucky Fried Chicken from the Joliet Kentucky Fried Chicken, when the Defendant, FQSR, LLC, had knowledge that JAMES JOHNSON JR. was sexually harassing employees and customers.

48. As a direct and proximate result of the Defendant's, FQSR, LLC, breaches as set forth above, Plaintiff, JASMINE BUDZYN, suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses.

49. The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendant, FQSR, LLC, for a sum in excess of $75,000.00 for

compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

## COUNT IX
## NEGLIGENT RETENTION
## KBP FOODS, LLC

1-41.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42.    During the course of her employment at the Defendant, KBP FOODS, LLC, JASMINE BUDZYN was assaulted by the Defendant, JAMES JOHNSON JR. and was subjected to a sexually hostile work environment.

43.    The Defendant, JAMES JOHNSON JR., had worked at another Kentucky Fried Chicken located at 116 Larkin Road, Joliet, Illinois prior to working at the Kentucky Fried Chicken in Romeoville. The Kentucky Fried Chicken where JAMES JOHNSON JR. had worked prior, was owned by the Defendant, KBP FOODS, LLC. At that restaurant in Joliet, the Defendant, JAMES JOHNSON JR., was sexually harassing employees and customers. As a result of his harassing behavior, rather than being terminated, he was retained and transferred to the restaurant in Romeoville where he became the co-employee and/or manager of the Plaintiff, JASMINE BUDZYN.

44.    The Plaintiff, JASMINE BUDZYN, complained to the Defendant, KBP FOODS, LLC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment. Rather than make the work environment safe for the Plaintiff and follow the appropriate protocols for complaints about sexual harassment, TIFFANY OLLIE, the duly authorized agent of the Defendant, KBP FOODS, LLC, ignored her complaints about JAMES JOHNSON JR.'s behavior

and continued to keep JAMES JOHNSON, JR. employed and continued to schedule him to work with the Plaintiff, JASMINE BUDZYN.

45. The Defendant, KBP FOODS, LLC, was negligent in supervising JAMES JOHNSON JR. and retaining him in his position as it had actual knowledge of JAMES JOHNSON JR.'s particular unfitness as an employee as he fostered a sexually hostile work environment.

46. The Defendant, KBP FOODS, LLC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment, including JAMES JOHNSON JR., and further owed the Plaintiff a duty to properly supervise said employee so that he would not sexually harass her commit tortious acts against her and other individuals, including JASMINE BUDZYN.

47. Notwithstanding said duty as alleged, the Defendant, KBP FOODS, LLC, breached said duty by carelessly and negligently:

a. Failing to terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC knew or should have known of his sexually harassing conduct.
b. Failing to otherwise discipline JAMES JOHNSON JR. when it knew or should have known of his negligent conduct.
c. Failing to conduct a proper investigation of TIFFANY OLLIE's management and her failure to follow sexual harassment protocols after JASMINE BUDZYN complained regarding the assaults, batteries, and sexual harassment.
d. Failing to warn and/or otherwise protect the Plaintiff from TIFFANY OLLIE's lack of management skills in failing to follow sexual harassment protocols.
e. Retaining and transferring JAMES JOHNSON JR. to the Romeville Kentucky Fried Chicken from the Joliet Kentucky Fried Chicken, when the Defendant, KBP FOODS, LLC, had knowledge that JAMES JOHNSON JR. was sexually harassing employees and customers.
f. Failing to provide adequate sexual harassment training to its supervisors and managers, and, as a result, the managers did not know how to appropriately handle the sexual harassment and misconduct committed by James Johnson on Jasmine Budzyn.

48.     As a direct and proximate result of the Defendant's, KBP FOODS, LLC, breaches as set forth above, Plaintiff, JASMINE BUDZYN, suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses.

49.     The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendant, KBP FOODS, LLC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

## COUNT X
## WILLFUL AND WANTON SUPERVISION AND RETENTION
## KFC CORPORATION and KFC

1-45.     The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14, and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48, 51-55, 58-60, 63-65, 68-73 of the actual allegations.

46.     During the course of her employment at the Defendants' Kentucky Fried Chicken restaurant, JASMINE BUDZYN was sexually assaulted by Defendant, JAMES JOHNSON JR., and was subjected to a sexually hostile work environment.

47.     The Plaintiff, JASMINE BUDZYN complained to the Defendants, KFC CORPORATION and KFC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment.

48.     The Defendants showed a conscious disregard for the Plaintiff's, JASMINE BUDZYN, safety in supervising the Defendant, JAMES JOHNSON JR., and retaining him in his position, as it had actual knowledge of the Defendant, JAMES JOHNSON JR.'s, particular unfitness as an employee, as he fostered a sexually hostile work environment.

49.     The Defendants, KFC CORPORATION and KFC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment and investigate them during their employment when there have been complaints about sexual harassment and physical threats. This duty by the Defendants, included the Defendant, JAMES JOHNSON JR., and the Defendants, KFC CORPORATION and KFC, further owed the Plaintiff a duty to properly supervise said employee so that he would not commit tortious acts against other individuals, including the Plaintiff, JASMINE BUDZYN.

50.     The Defendants, KFC CORPORATION and KFC, had prior knowledge of the Defendant, JAMES JOHNSON JR.'s, illicit and sexually lewd behavior, that he was harassing customers and other employees at the Kentucky Fried Chicken located in Joliet and the Defendants failed to do anything about his conduct. With this knowledge of his illicit conduct, it was incumbent upon the Defendants to follow sexual harassment protocols to modify and/or discipline his behavior and/or to terminate his employment. Despite having knowledge of his illicit conduct, the Defendants failed to do anything to modify and/or discipline the behavior of JAMES JOHNSON JR or to terminate him.

51.     Notwithstanding said duty as alleged, the Defendants, KFC CORPORATION and KFC, breached said duty by willfully and wantonly:

> a. Failing to discipline and/or terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, through their agents and employees, witnessed JAMES JOHNSON JR., make inappropriate advances and comments towards JASMINE BUDZYN when JAMES JOHNSON JR. called the Plaintiff "a spicy taco".

> b. Failing to discipline and/or terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, through their agents and employees, witnessed JAMES JOHNSON JR., make inappropriate advances and comments towards JASMINE BUDZYN when JAMES JOHNSON JR. got on KFC's intercom system and told the Plaintiff he was going to "bend you over and spank you".

c. Failing to terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported each act of harassment and sexual harassment to TIFFANY OLLIE, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR to work with JASMINE BUDZYN.

d. Failing to terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. was continuously and inappropriately touching the Plaintiff's breasts without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR to work with JASMINE BUDZYN.

e. Failing to terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. was continuously and inappropriately pulling her hair without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

f. Failing to terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. had continuously and inappropriately attempted and succeeded at kissing the Plaintiff on the mouth without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

g. Made the conscious decision to not terminate JAMES JOHNSON JR.'s employment when KFC CORPORATION and KFC, knew or should have known of JAMES JOHNSON JR.'s conduct and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

h. Failing to discipline JAMES JOHNSON JR. when KFC CORPORATION and KFC, knew or should have known of his harassing conduct.

i. Made the conscious decision to not launch a proper investigation and/or inquiry of the management and JAMES JOHNSON JR.'s conduct after JASMINE BUDZYN complained about the assaults, batteries, and sexual harassment on numerous occasions.

j. Knowingly failed to warn and/or otherwise protect the Plaintiff from the lack of management in retaining and transferring JAMES JOHNSON JR. as the Defendants knew of JAMES JOHNSON JR.'s sexually deviant past at the Joliet KFC.

k. Knowingly allowed JAMES JOHNSON JR. to work alongside the Plaintiff, JASMINE BUDZYN, despite the Defendants' knowledge of JAMES JOHNSON JR.'s sexually deviant past at the Joliet KFC.

52. As a direct and proximate result of Defendants', KFC CORPORATION and KFC, breaches and conscious disregard for the safety of the Plaintiff, as set forth above, JASMINE BUDZYN suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses. The Plaintiff demands a trial by jury.

**WHEREFORE**, The Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against Defendants, KFC CORPORATION and KFC, for a sum in excess of $75,000.00 as compensatory damages, punitive damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

**COUNT XI**
**WILLFUL AND WANTON SUPERVISION AND RETENTION**
**FQSR, LLC**

1-41. The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2,7-8, 15-16, 19-21, 23 of the parties; 25-28 of the Jurisdiction; and paragraphs 30, 33, 35, 37, 40, 43, 45-47, 49, 51-54, 56, 58-59, 61, 63-64, 66, 68-73 of the actual allegations.

42.     During the course of her employment at the Defendant's, FQSR, LLC's Kentucky Fried Chicken restaurant, JASMINE BUDZYN was sexually assaulted by the Defendant, JAMES JOHNSON JR., and was subjected to a sexually hostile work environment.

43.     The Plaintiff, JASMINE BUDZYN complained to the Defendant, FQSR, LLC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment.

44.     The Defendant, FQSR, LLC, showed a conscious disregard for the Plaintiff, JASMINE BUDZYN'S, safety in supervising the Defendant, JAMES JOHNSON JR., and retaining him in his position, as it had actual knowledge of the Defendant, JAMES JOHNSON JR.'s, particular unfitness as an employee, as he fostered a sexually hostile work environment.

45.     The Defendant, FQSR, LLC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment and investigate them during their employment when there had been complaints about sexual harassment and physical threats committed by JAMES JOHNSON JR. This duty by the Defendant, included the Defendant, JAMES JOHNSON JR., and the Defendant, FQSR, LLC, further owed the Plaintiff a duty to properly supervise this employee so that he would not commit tortious acts against other individuals, including the Plaintiff, JASMINE BUDZYN.

46.     The Defendant, FQSR, LLC, had prior knowledge of the Defendant, JAMES JOHNSON JR.'s, illicit behavior, that he was harassing customers and other employees at the Kentucky Fried Chicken located in Joliet and the defendants failed to do anything about his conduct.

47.     Notwithstanding said duty as alleged, Defendant, FQSR, LLC, breached said duty by willfully and wantonly:

> a. Failing to discipline and/or terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, through its agents and employees,

witnessed JAMES JOHNSON JR., make inappropriate advances and comments towards JASMINE BUDZYN when JAMES JOHNSON JR. called the Plaintiff "a spicy taco".

b. Failing to discipline and/or terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, through its agents and employees, witnessed JAMES JOHNSON JR., make inappropriate advances and comments towards JASMINE BUDZYN when JAMES JOHNSON JR. got on KFC's intercom system and told the Plaintiff he was going to "bend you over and spank you".

c. Failing to terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported each act of harassment and sexual harassment to TIFFANY OLLIE, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR to work with JASMINE BUDZYN.

d. Failing to terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. was continuously and inappropriately touching the Plaintiff's breasts without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR to work with JASMINE BUDZYN.

e. Failing to terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. was continuously and inappropriately pulling her hair without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

f. Failing to terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. had continuously and inappropriately attempted and succeeded at kissing the Plaintiff on the mouth without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR. to work

with JASMINE BUDZYN.

g. Made the conscious decision to not terminate JAMES JOHNSON JR.'s employment when FQSR, LLC, knew or should have known of JAMES JOHNSON JR.'s conduct and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

h. Failing to discipline JAMES JOHNSON JR. when FQSR, LLC, knew or should have known of his harassing conduct.

i. Made the conscious decision to not launch a proper investigation and/or inquiry of the management and JAMES JOHNSON JR.'s conduct after JASMINE BUDZYN complained about the assaults, batteries, and sexual harassment on numerous occasions.

j. Knowingly failed to warn and/or otherwise protect the Plaintiff from the lack of management in retaining and transferring JAMES JOHNSON JR. as the Defendants knew of JAMES JOHNSON JR.'s sexually deviant past at the Joliet KFC.

k. Knowingly allowed JAMES JOHNSON JR. to work alongside the Plaintiff, JASMINE BUDZYN, despite the Defendant's knowledge of JAMES JOHNSON JR.'s sexually deviant past at the Joliet KFC.

48. As a direct and proximate result of Defendant's, FQSR, LLC, breaches and conscious disregard for the safety of the Plaintiff, as set forth above, JASMINE BUDZYN suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses. The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against Defendants, FQSR, LLC, for a sum in excess of $75,000.00 as compensatory damages, punitive damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

<u>COUNT XII</u>
<u>WILLFUL AND WANTON SUPERVISION AND RETENTION</u>
<u>KBP FOODS, LLC</u>

1-41.   The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42.   During the course of her employment at the Defendant's Kentucky Fried Chicken restaurant, JASMINE BUDZYN was sexually assaulted by Defendant, JAMES JOHNSON JR., and was subjected to a sexually hostile work environment.

43.   The Plaintiff, JASMINE BUDZYN complained to the Defendant, KBP FOODS, LLC, through TIFFANY OLLIE, about JAMES JOHNSON JR.'s sexual harassment.

44.   The Defendant, KBP FOODS, LLC, showed a conscious disregard for the Plaintiff, JASMINE BUDZYN'S, safety in supervising the Defendant, JAMES JOHNSON JR., and retaining him in his position, as it had actual knowledge of the Defendant, JAMES JOHNSON JR.'s, particular unfitness as an employee, as he fostered a sexually hostile work environment.

45.   The Defendant, KBP FOODS, LLC, owed JASMINE BUDZYN a duty to properly investigate its candidates for employment and investigate them during their employment when there have been complaints about sexual harassment and physical threats. This duty by the Defendant, included the Defendant, JAMES JOHNSON JR., and the Defendant, KBP FOODS, LLC, further owed the Plaintiff a duty to properly supervise said employee so that he would not commit tortious acts against other individuals, including the Plaintiff, JASMINE BUDZYN.

46.   The Defendant, KBP FOODS, LLC, had prior knowledge of the Defendant, JAMES JOHNSON JR.'s, illicit behavior, that he was harassing customers and other employees

at the Kentucky Fried Chicken located in Joliet and the defendant failed to do anything about his conduct.

47.     Notwithstanding said duty as alleged, the Defendant, KBP FOODS, LLC, breached said duty by willfully and wantonly:

a.  Failing to discipline and/or terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, through its agents and employees, witnessed JAMES JOHNSON JR., make inappropriate advances and comments towards JASMINE BUDZYN when JAMES JOHNSON JR. called the Plaintiff "a spicy taco".

b.  Failing to discipline and/or terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, through its agents and employees, witnessed JAMES JOHNSON JR., make inappropriate advances and comments towards JASMINE BUDZYN when JAMES JOHNSON JR. got on KFC's intercom system and told the Plaintiff he was going to "bend you over and spank you".

c.  Failing to terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported each act of harassment and sexual harassment to TIFFANY OLLIE, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR to work with JASMINE BUDZYN.

d.  Failing to terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. was continuously and inappropriately touching the Plaintiff's breasts without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR to work with JASMINE BUDZYN.

e.  Failing to terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. was continuously and inappropriately pulling her hair without her consent, but TIFFANY OLLIE consciously

disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

f.  Failing to terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, through their agent, employee, and manager, TIFFANY OLLIE, knew or should have known of JAMES JOHNSON JR.'s conduct, as JASMINE BUDZYN reported to TIFFANY OLLIE that JAMES JOHNSON JR. had continuously and inappropriately attempted and succeeded at kissing the Plaintiff on the mouth without her consent, but TIFFANY OLLIE consciously disregarded the Plaintiff's complaints and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

g. Made the conscious decision to not terminate JAMES JOHNSON JR.'s employment when KBP FOODS, LLC, knew or should have known of JAMES JOHNSON JR.'s conduct and continued to schedule and permit JAMES JOHNSON JR. to work with JASMINE BUDZYN.

h. Failing to discipline JAMES JOHNSON JR. when KBP FOODS, LLC, knew or should have known of his harassing conduct.

i.  Made the conscious decision to not launch a proper investigation and/or inquiry of the management and JAMES JOHNSON JR.'s conduct after JASMINE BUDZYN complained about the assaults, batteries, and sexual harassment on numerous occasions.

j. Knowingly failed to warn and/or otherwise protect the Plaintiff from the lack of management in retaining and transferring JAMES JOHNSON JR. as the Defendants knew of JAMES JOHNSON JR.'s sexually deviant past at the Joliet KFC.

k. Knowingly allowed JAMES JOHNSON JR. to work alongside the Plaintiff, JASMINE BUDZYN, despite the Defendant's knowledge of JAMES JOHNSON JR.'s sexually deviant past at the Joliet KFC.

48.    As a direct and proximate result of Defendant's breaches and conscious disregard for the safety of the Plaintiff, as set forth above, JASMINE BUDZYN suffered physical injuries, great mental anguish, embarrassment, emotional distress, depression and pecuniary losses. The Plaintiff demands a trial by jury.

**WHEREFORE**, the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against Defendant, KBP FOODS, LLC, for a sum in excess of $75,000.00

as compensatory damages, punitive damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

### COUNT XIII
### ILLINOIS GENDER VIOLENCE ACT 740 ILCS 82/1 ET. SEQ
### JAMES JOHNSON JR.

1-74.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-24 of the parties, 25-28 of the Jurisdiction, and paragraphs 29-73 of the actual allegations.

75.    During the course of JASMINE BUDZYN's employment with the Defendants, the Defendant, JAMES JOHNSON JR., threatened to commit one or more acts of violence and/or physical aggression towards her because she was female, and JAMES JOHNSON JR. did, in fact, commit multiple acts of violence and physical aggression towards her because she was female.

76.    These threats of acts of violence and/or physical aggression constituted an assault under Illinois law and the physical acts constituted batteries under Illinois Law.

77.    Said threats of acts of violence and/or physical aggression constituted a physical intrusion or physical invasion of a sexual nature under coercive conditions, which if carried out, would satisfy the elements of battery under Illinois law.

78.    As a direct and proximate cause of the unlawful conduct alleged herein, the Plaintiff, JASMINE BUDZYN, has suffered pecuniary losses, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

79.    The Plaintiff demands a trial by jury.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against Defendant, JAMES JOHNSON JR., for a sum in excess of $75,000.00 for compensatory damages, punitive damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

**COUNT XIV**
**ASSAULT AND BATTERY**
**JAMES JOHNSON JR., individually and in his capacity as an employee, agent, and/or
manager of KFC CORPORATION and KFC**

1-45.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14,
and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48,
51-55, 58-60, 63-65, 68-73 of the actual allegations.

46.    Immediately prior to and subsequent to the sexual misconduct, the Defendant,
JAMES JOHNSON JR., in the course of his employment for KFC CORPORATION and KFC,
threatened the Plaintiff, JASMINE BUDZYN, with bodily harm.

47.    The Defendant, JAMES JOHNSON JR., intended to cause JASMINE BUDZYN
imminent apprehension of a harmful or offensive act.

48.    The Defendant, JAMES JOHNSON JR.'s, conduct caused JASMINE BUDZYN
apprehension of an imminent, harmful, offensive and/or harassing contact.

49.    The acts of the Defendant, JAMES JOHNSON JR., in the scope and course of his
employment for KFC CORPORATION and KFC, by threatening her and then touching her
breasts, touching her body and digitally penetrating her vagina, constituted assault and battery
upon JASMINE BUDZYN. The Defendant, JAMES JOHNSON JR., caused JASMINE BUDZYN
reasonable apprehension of an imminent and offensive contact with JASMINE BUDZYN's person
and willfully touched JASMINE BUDZYN's breast, her body and digitally penetrated her vagina
without JASMINE BUDZYN's consent with the hostile intent to harm JASMINE BUDZYN.

50.    During the course of the sexual assaults and batteries as described above, the
Defendant, JAMES JOHNSON JR., intentionally and maliciously threatened JASMINE
BUDZYN with great bodily harm, causing her to be in fear, and further inflicted injury on her

through intentional, malicious, unjustified, harmful, and offensive sexual contact without JASMINE BUDZYN's consent.

51.     As a direct and proximate result of the Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assaults and batteries as described above, JASMINE BUDZYN suffered permanent, severe, and continuing injuries including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, emotional distress, inability to function and other psychological problems.

52.     As further direct and proximate result of the Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assaults and batteries, JASMINE BUDZYN has incurred, and will continue to incur expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication.

53.     The conduct of the Defendant, JAMES JOHNSON JR., as described above, was intentional, reckless, grossly negligent, willful, wanton, oppressive, and done with actual malice and disregard for JASMINE BUDZYN's rights and safety.

54.     At all times material to this cause of action, the Defendant, JAMES JOHNSON JR., was an employee of the Defendants, KFC CORPORATION and KFC, and was at all such times acting within the full course, scope, and authority of the Defendants, KFC CORPORATION and KFC, therefore imputing liability for the Defendant, JAMES JOHNSON JR.'s tortious acts and resulting damages as outlined above under the principles of respondent superior. The tortious conduct committed by the Defendant, JAMES JOHNSON, JR., was outrageous and oppressive, and characterized by malice or wantonness, justifying the imposition of punitive damages.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, JAMES JOHNSON JR., individually and as duly authorized agent and employee of KFC CORPORATION and KFC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

### COUNT XV
### ASSAULT AND BATTERY
### JAMES JOHNSON JR., individually and in his capacity as an employee, agent, and/or manager of KBP FOODS, LLC

1-41.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42.    Immediately prior to and subsequent to the sexual misconduct, the Defendant, JAMES JOHNSON JR., in the scope and course of his employment for KBP FOODS, LLC, threatened Plaintiff, JASMINE BUDZYN, with bodily harm.

43.    The Defendant, JAMES JOHNSON JR., in the scope and course of his employment for KBP FOODS, LLC, intended to cause JASMINE BUDZYN imminent apprehension of a harmful or offensive act.

44.    The Defendant, JAMES JOHNSON JR.'s, conduct caused JASMINE BUDZYN apprehension of an imminent, harmful, offensive and/or harassing contact.

45.    The acts of the Defendant, JAMES JOHNSON JR., by threatening her and then touching her breasts, touching her body and digitally penetrating her vagina, constituted assault and battery upon JASMINE BUDZYN. The Defendant, JAMES JOHNSON JR., caused JASMINE BUDZYN reasonable apprehension of an imminent and offensive contact with JASMINE BUDZYN's person and willfully touched JASMINE BUDZYN's breast, her body and

digitally penetrated her vagina without JASMINE BUDZYN's consent with the hostile intent to harm JASMINE BUDZYN.

46.     During the course of the sexual assaults and batteries as described above, the Defendant, JAMES JOHNSON JR., intentionally and maliciously threatened JASMINE BUDZYN with great bodily harm, causing her to be in fear, and further inflicted injury on her through intentional, malicious, unjustified, harmful, and offensive sexual contact without JASMINE BUDZYN's consent.

47.     As a direct and proximate result of the Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assaults and batteries as described above, JASMINE BUDZYN suffered permanent, severe, and continuing injuries including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, emotional distress, inability to function and other psychological problems.

48.     As further direct and proximate result of the Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assaults and batteries, JASMINE BUDZYN has incurred, and will continue to incur expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication.

49.     The conduct of the Defendant, JAMES JOHNSON JR., as described above, was intentional, reckless, grossly negligent, willful, wanton, oppressive, and done with actual malice and disregard for JASMINE BUDZYN's rights and safety.

50.     At all times material to this cause of action, the Defendant, JAMES JOHNSON JR., was an employee of the Defendant, KBP FOODS, LLC, and was at all such times acting within the full course, scope, and authority of the Defendant, KBP FOODS, LLC, therefore imputing

liability for the Defendant, JAMES JOHNSON JR.'s tortious acts and resulting damages as outlined above under the principles of respondent superior. The tortious conduct committed by the Defendant, JAMES JOHNSON, JR., was outrageous and oppressive, and characterized by malice or wantonness, justifying the imposition of punitive damages.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, JAMES JOHNSON JR., individually and as duly authorized agent and employee of KBP FOODS, LLC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

<u>**COUNT XVI**</u>
<u>**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**</u>
<u>**JAMES JOHNSON JR., individually and in his capacity as an employee, agent, and/or**</u>
<u>**manager of KFC CORPORATION and KFC**</u>

1-45.    The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14, and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48, 51-55, 58-60, 63-65, 68-73 of the actual allegations.

46.    The conduct which the Defendant, JAMES JOHNSON JR., engaged in was extreme and outrageous.

47.    The Defendant intended that his conduct would inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress.

48.    As a direct and proximate result of the Defendant's intentional conduct, JASMINE BUDZYN suffered emotional distress.

49.     At all times while performing these intentional and harassing acts, the Defendant, JAMES JOHNSON JR., was in the scope and course of his employment with the Defendants, KFC CORPORATION and KFC.

50. As a direct and proximate cause of the unlawful conduct alleged herein, JASMINE BUDZYN has suffered pecuniary losses, physical injuries, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, KFC CORPORATION and KFC, for a sum in excess of $75,000.00 for compensatory damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

## COUNT XVII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## JAMES JOHNSON JR., individually and in his capacity as an employee, agent, and/or manager of KBP FOODS, LLC

1-41. The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42. The conduct which the Defendant, JAMES JOHNSON JR., engaged in was extreme and outrageous.

43. Defendant intended that his conduct would inflict severe emotional distress or knew that there was a high probability that his conduct would cause severe emotional distress.

44. As a direct and proximate result of the Defendant's intentional conduct, JASMINE BUDZYN suffered emotional distress.

45. At all times while performing these intentional and harassing acts, the Defendant, JAMES JOHNSON JR., was in the scope and course of his employment with the Defendant, KBP FOODS, LLC.

46.     As a direct and proximate cause of the unlawful conduct alleged herein, JASMINE BUDZYN has suffered pecuniary losses, physical injuries, emotional distress, pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendant, KBP FOODS, LLC, for a sum in excess of $75,000.00 for compensatory damages, and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

### COUNT XVIII
### FALSE IMPRISONMENT
### JAMES JOHNSON JR., individually and in his capacity as an employee, agent, and/or manager of KFC CORPORATION and KFC

1-45.     The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-6, 11-14, and 19-22 of the parties; 25-28 of the Jurisdiction; and paragraphs 29, 32, 35-36, 39, 42, 45-48, 51-55, 58-60, 63-65, 68-73 of the actual allegations.

46.     The acts of the Defendant, JAMES JOHNSON JR., as described above constituted false imprisonment of JASMINE BUDZYN.

47.     In pushing the Plaintiff, JASMINE BUDZYN towards the men's restroom wherein she was assaulted and battered, in locking the door of the aforementioned room, in forcibly touching JASMINE BUDZYN, in verbally and physically coercing and intimidating JASMINE BUDZYN, and in failing to heed to JASMINE BUDZYN's verbal and physical protests, the Defendant, JAMES JOHNSON JR., confined JASMINE BUDZYN to the men's restroom, on the Defendants', KFC CORPORATION and KFC, premises, and intended to do the same, thereby unlawfully depriving JASMINE BUDZYN of her personal liberty of freedom and movement.

48.     JASMINE BUDZYN was conscious of her confinement and restriction in the men's bathroom.

49.     In verbally and physically resisting the Defendant, JAMES JOHNSON JR.'s, actions, as described above, JASMINE BUDZYN clearly showed that she did not consent to JAMES JOHNSON JR.'s confinement of her to the men's restroom.

50.     The Defendant, JAMES JOHNSON JR., knew or should have known that the conduct engaged in would result in the false imprisonment of JASMINE BUDZYN.

51.      At all times while performing these intentional acts, the Defendant, JAMES JOHNSON JR., was in the scope and course of his employment with the Defendants, KFC CORPORATION and KFC.

52.     As a result of the false imprisonment, the Defendant, JAMES JOHNSON JR., was afforded the opportunity to commit assaults and batteries set forth above, which resulted in substantial physical and severe emotional and mental suffering including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, emotional distress,  and other psychological injuries.

53.     As further direct and proximate result of the Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assault and battery, JASMINE BUDZYN has incurred, and will continue to incur expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication, all to JASMINE BUDZYN's further damage.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendants, KFC CORPORATION and KFC, for a sum in

excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

**COUNT XIX**
**FALSE IMPRISONMENT**
**JAMES JOHNSON JR., individually and in his capacity as an employee, agent, and/or manager of KBP FOODS, LLC**

1-41.   The Plaintiff, JASMINE BUDZYN, repeats and re-alleges paragraphs 1-2, 9-10, 17-21, 24 of the parties; 25-28 of the Jurisdiction; and paragraphs 31, 34-35, 38, 41, 44-47, 50-54, 57-59, 62-64, 67-73 of the actual allegations.

42.   The acts of the Defendant, JAMES JOHNSON JR., as described above constituted false imprisonment of JASMINE BUDZYN.

43.   In pushing the Plaintiff, JASMINE BUDZYN towards the men's restroom wherein she was assaulted and battered, in locking the door of the aforementioned room, in forcibly touching JASMINE BUDZYN, in verbally and physically coercing and intimidating JASMINE BUDZYN, and in failing to heed to JASMINE BUDZYN's verbal and physical protests, the Defendant, JAMES JOHNSON JR., confined JASMINE BUDZYN to the men's restroom, on the Defendant's, KBP FOODS, LLC, premises, and intended to do the same, thereby unlawfully depriving JASMINE BUDZYN of her personal liberty of freedom and movement.

44.   JASMINE BUDZYN was conscious of her confinement and restriction in the men's bathroom.

45.   In verbally and physically resisting the Defendant, JAMES JOHNSON JR.'s, actions, as described above, JASMINE BUDZYN clearly showed that she did not consent to JAMES JOHNSON JR.'s confinement of her to the men's restroom.

46.   The Defendant, JAMES JOHNSON JR., knew or should have known that the conduct engaged in would result in the false imprisonment of JASMINE BUDZYN.

47.     At all times while performing these intentional acts, the Defendant, JAMES JOHNSON JR., was in the scope and course of his employment with the Defendant, KBP FOODS, LLC.

48.     As a result of the false imprisonment, the Defendant, JAMES JOHNSON JR., was afforded the opportunity to commit assaults and batteries set forth above, which resulted in substantial physical and severe emotional and mental suffering including, but not limited to, academic and employment impairments, depression, low self-esteem and confidence, physical and psychological trauma, pain, and suffering, severe mental anguish, loss of capacity for enjoyment of life, emotional distress,  and other psychological injuries.

49.     As further direct and proximate result of the Defendant, JAMES JOHNSON JR.'s, wrongful actions and sexual assault and battery, JASMINE BUDZYN has incurred, and will continue to incur expenses for hospitalization, medical care and treatment, psychological therapy, psychiatric therapy, and medication, all to JASMINE BUDZYN's further damage.

**WHEREFORE,** the Plaintiff, JASMINE BUDZYN, respectfully prays that this Honorable Court enter a judgment against the Defendant, KBP FOODS, LLC, for a sum in excess of $75,000.00 for compensatory damages, punitive damages and award JASMINE BUDZYN her reasonable attorneys' fees and all costs of this action.

Respectfully submitted,

LEVIN, RIBACK & ADELMAN, P.C.

By:     */s/ Richard I. Levin, Esq.*
        Attorney for the Plaintiff, JASMINE BUDZYN,

ARDC NO. 6194494
LEVIN, RIBACK ADELMAN, P.C.
10 N. Dearborn, 11th Floor
Chicago, Illinois 60602
Phone: (312) 782-6717 Fax: (312) 782-5128
Email: rlevin@lralegal.com
Email: radelman@lralegal.com

Received by EEOC-CDO 06/16/2020

EEOC Form 5 ·· /091

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **440-2020-05242** |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr, Ms, Mrs.) | Home Phone (Incl Area Code) | Date of Birth |
|---|---|---|
| Jasmine Budzyn | 7797026855 | 10/11/01 |

Street Address — City, State and ZIP Code
506 Susan St., Romeoville, IL 60446

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl Area Code) |
|---|---|---|
| KFC in Romeoville | 15+ | 8158861056 |

Street Address — City, State and ZIP Code
442 N. Weber Road, Romeoville, IL 60446

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| FQSR LLC.; KBP FOODS; KFC; KFC CORPORATION | 15+ | 9134691112 |

Street Address — City, State and ZIP Code
10950 Grandview Dr., Suite 300, Overland Park, KS, 66210-1586

DISCRIMINATION BASED ON (Check appropriate box(es).)

| ☐ RACE | ☐ COLOR | ☒ SEX | ☐ RELIGION | ☐ NATIONAL ORIGIN |
|---|---|---|---|---|
| ☐ RETALIATION | ☐ AGE | ☐ DISABILITY | ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | | | | |

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: Oct. 2018   Latest: Dec 28
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

Charge Number: 202CF-xxxx
Complainant: Jasmine Budzyn
Page 1 of 2

I. A. ISSUE/BIAS

SEXUAL HARASSMENT OCTOBER 2019 THROUGH DECEMBER 28, 2019.

B. PRIMA FACIE ALLEGATIONS
1 My Sex is Female.

2 I began my work at Kentucky Fried Chicken/KFC in Romeoville in October of 2019 as a Team Member.

3. From October of 2019 through December 28, 2019, I was sexually harassed by James Johnson Jr. The sexually offensive conduct consisted of sexually lewd remarks, harassing and unwanted phone calls, sexual touching of my breasts and buttocks, pulling of my hair, attempts at kissing on the mouth and a sexual assault that occurred on December 28, 2019. On December 28, 2019, James Johnson Jr. pulled me into the men's bathroom, kissed me and touched my breasts and digitally penetrated me vaginally while talking sexually to me.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief
SIGNATURE OF COMPLAINANT

Date: 06/5/20   Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**EXHIBIT**
1

# Received by EEOC-CDO 06/16/2020

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

and EEOC

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):    State or local Agency, if any

Charge Number: 202CF-xXxx
Complainant: Jasmine Budzyn
Page 2 of 2

4. During the time period I repeatedly told James Johnson Jr. that his conduct was unwelcomed and unwanted and that I did not want to have anything to do with him from a sexual standpoint, friendship standpoint or relationship standpoint. I repeatedly told him to leave me alone. Despite these requests by me, James Johnson Jr s' sexually offensive conduct continued unabated until it culminated in his final sexual assault.

5. Throughout this time period when I was being sexually harassed by James Johnson Jr., I informed Tiffany Ollie, my manager, that I was being sexually harassed by James Johnson Jr. I told her I did not want to be scheduled to work at the same time that James was working. Despite this, she continued to schedule James to work at the same that that I was working.

6. James' conduct created a hostile and intimidating work environment for me.

I. A. ISSUE/BASIS

CONSTRUCTIVE DISCHARGE, FEBRUARY 9, 2020 DUE TO SEXUAL HARASSMENT.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. I began working at KFC in Romeoville in September of 2019. I was employed as a Team Member. All of my work met the expectations of my employer and at all times my employer controlled my work.

3. From October of 2019 through December 28, 2019. I repeatedly complained to Tiffany Ollie, my manager, that I was being sexually harassed by James Johnson Jr. and Tiffany Ollie did nothing to address the sexually offensive environment.'

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State or Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (*ISSUED ON REQUEST*)

To: Jasmine Budzyn
c/o Richard Levin, Attorney
**LEVIN, RIBACK, ADELMAN & FLANGEL**
60 West Randolph, Suite 333
Chicago, IL 60601

From: **Chicago District Office**
230 S. Dearborn
Suite 1866
Chicago, IL 60604

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **440-2020-05242** | **Kara Mitchell,** Investigator | **(312) 872-9702** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Julianne Bowman/eh*

5/18/2021

Enclosures(s)

**Julianne Bowman,**
**District Director**

*(Date Issued)*

cc: Laura Gregory, Claims Manager
**KENTUCKY FRIED CHICKEN**
10950 GRANDVIEW DR STE 300
Overland Park, KS 66210

**EXHIBIT**

2

Enclosure with EEOC
Form 161-B (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than <u>2 years (3 years)</u>** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u>** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

## CIRCUIT COURT OF ILLINOIS
## TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY

☒ Independent
☐ Criminal
☐ Juvenile

JASMINE O BUDZYN (18)
_____

**Petitioner's Name** (Person completing form)
**Name(s) of other protected parties**
_____
_____
_____

*Check if filing on behalf of:*

☐ a minor child, or ☐ an adult who because of
age, disability, health, or inaccessibility cannot
file the petition (list name(s) below)

JASMINE O BUDZYN (18)
_____

**VS.**

JAMES JOHNSON JR (21)
_____

**Respondent's Name** (Person you want protection from)

# FILED

JAN 22 2020  10: 51 AM

*Andrea Lynn Chasteen*

CLERK OF THE
TWELFTH JUDICIAL CIRCUIT
WILL COUNTY

Case # 2020OP000118
(to be completed by Court)
Rel Case# _____

## VERIFIED PETITION STALKING NO CONTACT ORDER
### PETITIONER INFORMATION

**Name:** JASMINE O BUDZYN (18)

**Address:** 506 SUSAN STREET     ROMEOVILLE    IL    60446
(Street/ P. O. Box)         (City)     (State)    (Zip)

Other protected persons (persons to be included in the Stalking No Contact Order), in addition to the Petitioner are:

**Name:** _____

**Address:** _____
(Street/ P. O. Box)         (City)     (State)    (Zip)

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005

Page 1 of 4 - Petition for Stalking No Contact Order

**EXHIBIT**
**3**
tabbies

# CIRCUIT COURT OF ILLINOIS
## TWELFTH JUDICIAL CIRCUIT
## WILL COUNTY

☒ Independent
☐ Criminal
☐ Juvenile

JASMINE O BUDZYN (18)

Petitioner's Name (Person completing form)

Name(s) of other protected parties

Check if filing on behalf of:
☐ a minor child, or ☐ an adult who because of age, disability, health, or inaccessibility cannot file the petition (list name(s) below)

JASMINE O BUDZYN (18)

VS.

JAMES JOHNSON JR (21)

Respondent's Name (Person you want protection from)

# FILED

JAN 22 2020  11: 29 AM

*Andrea Lynn Chasteen*

CLERK OF THE
TWELFTH JUDICIAL CIRCUIT
WILL COUNTY

Case # 2020OP000118
(to be completed by Court)

Ref Case# _____

## STALKING NO CONTACT ORDER

### ☒ EMERGENCY STALKING NO CONTACT ORDER

Issued on:    Date: 01/22/2020      Time: 11:29 AM    a.m/p.m

Expires on:    Date: 02/11/2020      Time: 05:00 PM    a.m/p.m

## NOTICE

Hearing is set for: Date: 02/11/2020      Time: 09:00 AM    a.m/p.m at the

Will      County Courthouse, Courtroom 100    , 14 W. Jefferson Street

Joliet            , IL           (street address)
       (city)

## ☐ PLENARY STALKING NO CONTACT ORDER
### (Requires Service of Process Under 740 ILCS 21/60)

Issued on.    Date: _____ Time: _____ a.m/p.m

In effect until:

☐    Date: _____ Time: _____ a.m/p.m (not to exceed 2 years).

☐    This Stalking No Contact Order is modified or vacated.

☐    Final disposition when a Bond Forfeiture Warrant has been issued.

☐    Two years following expiration of any sentence of supervision, conditional discharge, probation, periodic imprisonment, imprisonment or mandatory supervised release on _____

☐    Final judgment is rendered in Case No. _____

☐ Petitioner ☐ Respondent given a copy of this Order in open court on _____

Case No. 2020OP000118

Ref. Case _____

## PETITIONER INFORMATION

Name: JASMINE O BUDZYN (18)

Address: _____506 SUSAN STREET_____   ROMEOVILLE   IL   60446
                (Street/ P. O. Box)           (City)     (State)    (Zip)

Other protected persons ( persons to be included in the Stalking No Contact Order), in addition to the Petitioner are :

Name: _____

Address: _____
            (Street/ P. O. Box)       (City)    (State)   (Zip)

## RESPONDENT INFORMATION

Name : _____JAMES JOHNSON JR (21)_____   DOB : XX/XX/1999

Sex : ☒ Male  ☐ Female   Race: BLACK   Height: 6'0"   Weight: 170

Hair Color: BLACK   Eye Color: UNKNOWN   Social Security#: _____

Driver's License #: _____   License Plate #: _____

Driver's License State: IL   License Plate State: IL

Other Numeric Identifier: _____   Description: _____
      (number - optional)        (e.g.passport #, military serial #, or other)

☒ Home Address: _____1703 PINEWOOD_____   JOLIET   IL   60446
        (Street/ P. O. Box)      (City)   (State)  (Zip)

Name of Workplace: UNKNOWN   Work Hours: UNKNOWN

☒ Work Address: _____UNKNOWN_____   UNKNOWN   IL   00000
        (Street/ P. O. Box)      (City)   (State)  (Zip)

Distinguishing Physical Features: 815-995-2006

    ☐ **Respondent is incarcerated at** _____

    ☐ **Respondent's address is unknown**

## CAUTION INDICATOR

Respondent may be  ☐ (A)  ☐ (S)  ☐ (Y)

## NOTICE TO RESPONDENT

ANY KNOWING VIOLATION OF A STALKING NO CONTACT ORDER IS A CLASS A MISDEMEANOR. ANY SECOND OR SUBSEQUENT VIOLATION IS A CLASS 4 FELONY.

## NOTICE TO LAW ENFORCEMENT AGENCIES AND OFFICERS

Any law enforcement officer may make an arrest without warrant if the officer has probable cause to believe that the person has committed or is committing a violation of a stalking no contact order. 740 ILCS 21/130 (a)

Case No. 2020OP000118

Ref. Case _____

# RESPONDENT INFORMATION

**Name :** JAMES JOHNSON JR (21)  **DOB :** 01/21/1999

**Sex :** ☒ Male  ☐ Female  **Race:** BLACK  **Height:** 6'0"  **Weight:** 170

**Hair Color:** BLACK  **Eye Color:** UNKNOWN  **Social Security#:**

**Driver's License #:**  **License Plate #:**

**Driver's License State:** IL  **License Plate State:** IL

**Other Numeric Identifier:** _____  **Description:** _____

(number - optional)  (e.g passport #, military serial #, or other)

☒ **Home Address:** 1703 PINEWOOD  JOLIET  IL  60446

(Street/ P. O. Box)  (City)  (State)  (Zip)

**Name of Workplace:** UNKNOWN  **Work Hours:** _____

☒ **Work Address:** UNKNOWN  UNKNOWN  IL  00000

(Street/ P. O. Box)  (City)  (State)  (Zip)

**Distinguishing Physical Features:** 815-995-2006

☐  **Respondents address is unknown. Service by publication is requested (Section 2-206 (a) of the Code of Civil Procedure). Reasonable efforts to accomplish actual service must be shown by evidence or affidvit.(740 ILCS 21/60(c))**

**Respondent may be:**

☐  considered armed and/or dangerous

☐  suicidal

☐  considered armed, dangerous and suicidal

I am requesting a Stalking No Contact Order because on or about  01/21/2020  ,at  KFC ON WEBER ROAD

IN ROMEOVILLE

(date)

(location)

the following occurred : **(Be specific as to dates,events and location(s) and describe at least 2 incidents)**
A meeting was set up to meet with the owner and he did not show up, someone at the store had to call him to find out where he was and he said he could not make the meeting. The meeting was scheduled for 4pm on 01/21/2020 and he was called at 4:20pm. he did say via phone in an indirect manner that "what else do you want me to do I fired him."
I am requesting a Stalking No Contact Order because the following occurred :

**Date:** 12/29/2019  **Location:** KFC ON WEBER ROAD IN ROMEIOVILLE

**Description:**

The owner of both stores and the manager of the store are avoiding my father. I was scheduled to work and went to KFC and I told my manager what had happened. At first she said well are you dating him, James had told her we were. She dismissed this information. He had been transferred to this store from another location. The owner owns the store on weber road as well as the store on Larkin in Joliet. This is the store he was transferred from.

**Date:** 12/28/2019  **Location:** KFC ON WEBER ROAD IN ROMEOVILLE

**Description:**

I was cleaning the lobby and I was about to close at 9pm. James came out from the kitchen area and grabbed me and restrained me. He then took me to the men's washroom. He tried to put his hand up my shirt and I said not so he put his hand down my pants, he then penetrated me with his fingers. I pushed him off of me and I called my father to come pick me up and we left KFC. Three other co-workers were in the back kitchen cleaning up. I did not want to talk about it so I left with my father.

**Venue is appropriate in this county because:**  ☒  the Petitioner resices here;  ☒  the Respondent resides here;

☐  one or more acts of the alleged stalking occurred here (check a l that apply).

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005  Page 2 of 4 - Pextion for Stalking No Contact Order  Rev. 04/16

Case No. <u>2020OP000118</u>
Ref. Case _____

# FINDINGS [Emergency Order]

☒ The Court finds that good cause exists for granting the remedy regardless of prior service of process or notice upon the Respondent, because the harm which that remedy is intended to prevent would be likely to occur if Respondent were given any prior notice or greater notice than was given, of Petitioner's efforts to obtain judicial relief.

# FINDINGS [Jurisdiction]

The court finds that Respondent:

☐ has been served with process and notice pursuant to statute.

☐ has entered an appearance in this case.

☐ is present in court, in person, and/or with counsel, _____

☐ is in default.

☐ has filed an answer.

☐ Finding that Petitioner has diligently attempted to complete service of process, has not been able to serve Respondent, and has given notice by publication (service completed 30 days after the first of three publication notices) Reasonable efforts to accomplish actual service has been shown by evidence or affidavit (740 ILCS 21/60 (c)).

# FINDINGS [General]

In granting the following remedies, the Court has considered all relevant factors, including but not limited to the nature, severity and impact on the Petitioner of Respondent's two or more acts of following, monitoring, observing, surveilling, threatening, communicating or interfering or damaging property or pets of Petitioner, including Respondent's concealment of his/her location in order to evade service of process or notice, and the likelihood of danger of future acts of following, monitoring, observing, surveilling, threatening, communicating or interfering or damaging property or pets of the party to be protected.

The Court further finds that:

☒ Venue is proper (740 ILCS 21/55).

☒ Upon examination of the Verified Petition, Petitioner under oath, and other evidence, Petitioner is a victim of two or more acts of following, monitoring, observing, surveilling, threatening, communicating, or inferring or damaging to property or pets by Respondent.

☐ The victim is unable to bring this Petition on his/her own behalf due to age, health, disability, or inaccessibility (740 ILCS 21/15(b)).

☐ The parties stipulate to a factual basis for the issuance of a Stalking No Contact Order.

# IT IS ORDERED THAT:

1. ☒ Respondent is prohibited from threatening to commit or committing stalking personally or through third party.

2. ☒ That the respondent may not contact the Petitioner and/or other protected persons in any way, directly, indirectly or through third parties, including, but not limited to, phone, written notes, mail, email, or fax.

3. ☒ That the Respondent be ordered to stay at least <u>1000</u> feet away from the petitioner, and Petitioner's residence, school, daycare, employment and any other specified place. That Respondent be prohibited from entering or remaining at the Petitioner's:

   ☒ place of residence, located at <u>506 SUSAN STREET, ROMEOVILLE, IL, 60446</u> _____

   ☒ place(s) of employment, located at <u>KFC ON WEBER ROAD IN ROMEOVILLE</u> _____

   ☒ school(s) or/ and daycare, located at <u>PLAINFIELD EAST, NAPERVILLE ROAD AND 119TH STREET.</u>

Case No. <u>2020OP000118</u>
Ref. Case _____

PLAINFIELD, IL.

☒ Respondent is prohibited from attending this school.

☐ Respondent is ordered to accept a transfer, change of placement or change of program, specifically
_____
_____

☐ Respondent is subject to the following restrictions within the school, specifically
_____
_____

☐ If Respondent is a minor, the Court orders that the parents, guardian or legal custodian take the following actions to ensure compliance with this Order, specifically
_____
_____

☒ and any of the following specified places, when Petitioner is present:
ANYWHERE YOU MAY BE FOUND
_____

4. ☒ That the Respondent be prohibited from possessing a Firearms Owners Identification Card, or possessing or buying firearms.

5. ☐ Other injunctive relief as follows:
_____
_____
_____
_____

6. ☐ The Circuit Clerk shall serve this order on the following wireless telephone provider(s) to transfer all financial responsibilities and the right to use the phone number(s) listed below to the petitioner.

| Name of the wireless service provider | Name of the account holder on the plan | US State in which the phone is registered | Billing telephone number of the account holder | The telephone number to be transferred |
|---|---|---|---|---|
| | | | | |

If petitioner is requesting costs and/or attorney fees, petitioner shall file a motion and itemized bills and invoices within 30 days of this order.

This order can be extended upon notice filed in the office of the Clerk of this Court and a hearing held **prior to the expiration of this Order.** NOTE: To ensure adequate time for a hearing, it is recommended that Petitioner seek an extension at least 3 weeks prior to the expiration of this order.

_____
JUDGE MARK CARNEY
TRAN#: IPO24588711130264625

I hereby certify that this is a true and correct copy of the original Order on file with the court.

_____
Clerk of the Circuit Court of
WILL County, IL.
Date: 01/22/2020

(seal of the Clerk of Circuit Court)

cc: ☐ Petitioner  ☐ Respondent  ☐ Counsel of Record  ☐ Sheriff  ☐ Advocate  ☐ Jail  ☐ S/A

Case No. 2020OP000118
Ref. Case _____

# DEFINITION OF TERMS USED IN THIS STALKING NO CONTACT ORDER

1. **Stalking No Contact Order** : an emergency order or plenary order granted under the Stalking No Contact Order Act (the Act), which includes any remedy authorized by 740 ILCS 21/80.

2. **Course of Conduct** :means two or more acts, including but not limited to acts in which a respondent directly, indirectly, or through third parties, by any action, method, device, or means follows, monitors, observes, surveils, or threatens a person, workplace, school, or place of worship, engages in other contact, or interferes with or damages a person's property or pet. A course of conduct may include contact via electronic communications. The incarceration of a person in penal institution who commits the course of conduct is not a bar to prosecution under this Section.

3. **Emotional distress:** means significant mental suffering, anxiety or alarm.

4. **Contact** :includes any contact with the victim, that is initiated or continued without the victim's consent, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued, including but not limited to being in the physical presence of the victim; appearing within the sight of the victim; approaching or confronting the victim in a public place or on private property; appearing at the workplace or residence of the victim; entering onto or remaining on property owned, leased, or occupied by the victim; placing an object on, or delivering an object to, property owned, leased, or occupied by the victim; or appearing at the prohibited workplace, school, or place of worship.

5. **Petitioner:** means any named petitioner for the stalking no contact order or any named victim of stalking on whose behalf the petition is brought. "Petitioner" includes an authorized agent of a place of employment, an authorized agent of a place of worship, or an authorized agent of a school.

6. **Reasonable Person:** means a person in the petitioner's circumstances with the petitioner's knowledge of the respondent and the respondent's prior acts.

7. **Stalking** :means engaging in a course of conduct directed at a specific person, and he or she knows or should know that this course of conduct would cause a reasonable person to fear for his or her safety, the safety of a workplace, school, or place of worship, or the safety of a third person or suffer emotional distress. Stalking does not include an exercise of the right to free speech or assembly that is otherwise lawful or picketing occurring at the workplace that is otherwise lawful and arises out of a bona fide labor dispute, including any controversy concerning wages, salaries, hours, working conditions or benefits, including health and welfare, sick leave, insurance, and pension or retirement provisions, the making or maintaining of collective bargaining agreements, and the terms to be included in those agreements.

Case No. 2020OP000118
Ref. Case _____

## REMEDIES SECTION (Section 80)

Pursuant to the Stalking No Contact Order Act, the Petitioner seeks the following remedies:

1. ☒ That prohibits the respondent from threatening to commit or committing stalking presonally or through third party.

2. ☒ That the respondent may not contact the Petitioner and/or other protected persons in any way, directly, indirectly or through third parties, including, but not limited to , phone, written notes, mail, email, or fax.

3. ☒ That the Respondent be ordered to stay at least ___1000___ feet away from the petitioner and/or other protected persons, and their residence, school, daycare, employment and any other specified place. That Respondent be prohibited from entering or remaining at the Petitioner's and/or other protected persons':

   ☒ place of residence, located at 506 SUSAN STREET,ROMEOVILLE,IL,60446

   ☒ place(s) of employment, located at KFC ON WEBER ROAD IN ROMEOVILLE

   ☒ school(s) and / or daycare, located at PLAINFIELD EAST, NAPERVILLE ROAD AND 119TH STREET, PLAINFIELD, IL.

   ☒ Respondent is prohibited from attending this school.

   ☐ Respondent is ordered to accept a transfer, change of placement or change of program, specifically

   ☐ Respondent is subject to the following restrictions within the school, specifically

   ☐ If Respondent is a minor, the Court orders that the parents, guardian or legal custodian take the following actions to ensure compliance with this Order, specifically

   ☒ and any of the following specified places, when Petitioner and/or other protected persons are present: ANYWHERE YOU MAY BE FOUND

4. ☒ That the Respondent be prohibited from possessing a Firearms Owners Identification Card, or possessing or buying firearms.

5. ☐ Other injunctive relief as follows:

6. ☐ Petitioner requests that the Court order the following wireless telephone provider(s) to transfer the financial responsibility and the right to continue to use the telephone number(s) listed below to the Petitioner.

| Name of the wireless service provider | Name of the account holder on the plan | US State in which the phone is registered | Billing telephone number of the account holder | The telephone number to be transferred |
|---|---|---|---|---|
|  |  |  |  |  |

WHEREFORE,Petitioner moves the Court to grant the relief requested in this petition.

## VERIFICATION

UNDER THE PENALTIES OF PERJURY AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDERSIGNED CERTIFIES THAT THE STATEMENTS SET FORTH IN THIS INSTRUMENT ARE TRUE AND CORRECT, EXCEPT AS TO MATTERS HEREIN STATED TO BE ON INFORMATION AND BELIEF AND AS TO SUCH MATTERS THE UNDERSIGNED CERTIFIES AS AFORESAID THAT THE UNDERSIGNED VERILY BELIEVES THE SAME TO BE TRUE.

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005
Page 3 of 4 - Petition for Stalking No Contact Order
Rev. 04/18

Case No. 2020OP000118
Ref. Case _____

*[signature]*

**Singature of Petitioner**

Petitioner's Attorney or Petitioner if not represented by an attorney
Name: JASMINE O BUDZYN
Telephone Number 779-702-6855
Address 506 SUSAN STREET
City/State/Zip ROMEOVILLE IL 60446

# DEFINITION OF TERMS USED IN THIS PETITION

1. **Stalking No Contact Order :** an emergency order or plenary order granted under the Stalking No Contact Order Act (the Act), which includes any remedy authorized by 740 ILCS 21/80.

2. **Course of Conduct :** means two or more acts, including but not limited to acts in which a respondent directly, indirectly, or through third parties, by any action, method, device, or means follows, monitors, observes, surveils, or threatens a person, workplace, school, or place of worship, engages in other contact, or interferes with or damages a person's property or pet. A course of conduct may include contact via electronic communications. The incarceration of a person in penal institution who commits the course of conduct is not a bar to prosecution under this Section.

3. **Emotional distress :** means significant mental suffering, anxiety or alarm.

4. **Contact :** includes any contact with the victim, that is initiated or continued without the victim's consent, or that is in disregard of the victim's expressed desire that the contact be avoided or discontinued, including but not limited to being in the physical presence of the victim; appearing within the sight of the victim; approaching or confronting the victim in a public place or on private property; appearing at the workplace or residence of the victim; entering onto or remaining on property owned, leased, or occupied by the victim; placing an object on, or delivering an object to, property owned, leased, or occupied by the victim; or appearing at the prohibited workplace, school, or place of worship.

5. **Petitioner :** means any named petitioner for the stalking no contact order or any named victim of stalking on whose behalf the petition is brought. "Petitioner" includes an authorized agent of a place of employment, an authorized agent of a place of worship, or an authorized agent of a school.

6. **Reasonable Person :** means a person in the petitioner's circumstances with the petitioner's knowledge of the respondent and the respondent's prior acts.

7. **Stalking :** means engaging in a course of conduct directed at a specific person, and he or she knows or should know that this course of conduct would cause a reasonable person to fear for his or her safety, the safety of a workplace, school, or place of worship, or the safety of a third person or suffer emotional distress. Stalking does not include an exercise of the right to free speech or assembly that is otherwise lawful or picketing occurring at the workplace that is otherwise lawful and arises out of a bona fide labor dispute, including any controversy concerning wages, salaries, hours, working conditions or benefits, including health and welfare, sick leave, insurance, and pension or retirement provisions, the making or maintaining of collective bargaining agreements, and the terms to be included in those agreements.

Form approved by the Conference of Chief Circuit Judges
Effective November 1, 2004
Use required after July 1, 2005

Page 4 of 4 - Petition for Stalking No Contact Order

Rev. 04/18