IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASMINE BUDZYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cv-04152 |
| v. ) | |
| ) | Honorable Sharon Johnson Coleman |
| KFC Corporation, KFC, FQSR, LLC, KBP Foods, ) | |
| LLC, JAMES JOHNSON JR. INDIVIDUALLY ) | |
| and as agent and/or employee of KFC Corporation, ) | |
| FQSR, LLC, and/or KBP Foods, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KFC CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, KFC CORPORATION ("KFC Corporation"), by and through its undersigned attorneys, James M. Coleman, Laura A. Balson, and M. Elysia Baker Analo of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, pursuant to Federal Rules of Civil Procedure 12(b)(6), respectfully moves to dismiss the claims asserted against KFC Corporation in Counts I, IV, VII, X, XIV, XVI, and XVIII of the First Amended Complaint at Law ("Amended Complaint") filed by Plaintiff, JASMINE BUDZYN ("Plaintiff"). In support thereof, KFC Corporation states as follows:

**INTRODUCTION**

Even a cursory review of the Amended Complaint shows that it suffers from many of the same defects as her initial Complaint that was fatal to her claim. Namely, Plaintiff again has not alleged (and cannot truthfully allege based on objective facts) that KFC Corporation controlled Plaintiff's employment or otherwise had any involvement in the claims asserted in the Amended Complaint relating to her alleged harassment and sexual assault by Defendant James Johnson, Jr. ("Johnson"), who, like Plaintiff, was employed at an independently owned and operated, Kentucky

Fried Chicken-branded franchise. Though the Amended Complaint has been expanded to 19 separate counts to clarify the claims brought against Defendants KFC Corporation, the franchisor, from those brought against its franchisees, FQSR, LLC and KBP Foods, LLC (together, referred to in the Complaint as the "Corporate Defendants"), Plaintiff has chosen not correct any of these deficiencies existent in her original Complaint with respect to Defendant KFC Corporation, presumably because she cannot do so truthfully based on the objective facts.

Even after amendment, Plaintiff's claims fall considerably short of stating a plausible claim against KFC Corporation for which relief could be granted, compelling the prompt dismissal. *First*, Plaintiff again fails to plead facts necessary to plausibly allege an employee relationship between KFC Corporation and herself, Johnson, and their restaurant manager, and fails to clear the high bar both to hold non-employer KFC Corporation liable for the alleged acts of Plaintiff's franchisee employer or its employees. *Second*, Plaintiff's intentional tort claims (Counts XIV, XVI, XVIII) are preempted by the Illinois Workers Compensation Act ("IWCA"), which provides the exclusive state-law remedy against an employer for the intentional torts of its employees where the torts were not commanded or expressly authorized by the employer. Assuming, *arguendo*, that Plaintiff sufficiently pleads that KFC Corporation is her employer, the Amended Complaint contains no allegations that the Corporate Defendants committed, commanded, or expressly authorized any allegedly tortious conduct. *Third*, Plaintiff's Title VII claim against Johnson in his individual capacity and as "an agent or employee of KFC Corporation" is duplicative of her Title VII claim against KFC Corporation in Count I. For all of these reasons, as set forth in more detail below, Counts I, IV, VII, X, XIV, XVI, and XVIII should be dismissed, with prejudice, as against KFC Corporation.

**RELEVANT FACTUAL ALLEGATIONS**

Except where otherwise indicated, the below summary is based exclusively on the allegations contained in the Amended Complaint: [1]

*The Parties*

Plaintiff Jasmine Budzyn began working as a server at the register and as a dishwasher at the Kentucky Fried Chicken fast food store located at 442 N. Weber Road, Romeoville, Illinois (the "Romeoville location") in September of 2019. (Am. Compl. ¶¶ 29-30). In October 2019, she was assigned to work for Defendant James Johnson, Jr., whom she alleges was a "manager" at the Romeoville location. (*Id*. ¶ 35).

According to Plaintiff, the Corporate Defendants, including KFC Corporation, were each "joint employers" of Plaintiff and Johnson, (*Id*. ¶ 19), that "employed, managed, supervised, controlled and instructed" her and that were jointly responsible for "overseeing, supervising, and regulating all conduct" engaged in by Johnson as a manager at the Romeoville location and "while he was engaged in activities within the scope of his employment. (*Id*. ¶¶ 20-21). In identical allegations, Plaintiff also asserts that KFC Corporation was "the owner, franchisor, operator, controller and/or manager" of the Romeoville location, (*id*. ¶¶ 3-4), while the Franchisee Defendants were its "owner, franchisee, operator, controller and/or manager." (*Id*. ¶¶ 7-10). Plaintiff also alleges the Corporate Defendants all owned a fast-food restaurant named Kentucky Fried Chicken located at 116 Larkin Road in Joliet, Illinois (the "Joliet location"), with KFC Corporation as franchisor and the Franchisee Defendants as the owners and operators. (*Id*. ¶¶ 47 (p. 26), 43 (p.28), 43 (p.30).

---

[1] Defendant KFC Corporation accepts any well-pled allegations in the Amended Complaint as true for purposes of this Motion only and does not waive its right to challenge the truth of the allegations asserted and/or to assert any and all applicable affirmative defenses if this Motion is denied in part or in whole.

3

*The Amended Complaint*

According to Plaintiff, as of October-November 2019, Johnson was employed by each Corporate Defendant, including KFC Corporation, as a manager of the Joliet location and was transferred to work as a manager of the Romeoville location (*Id*. at ¶¶ 11-12, 13-14, 15-16, 17-18, 19). Plaintiff further alleges that prior to him engaging in the conduct alleged in the Amended Complaint, Johnson was sexually harassing employees and customers at the Joliet location, and "the Defendants" transferred him to the Romeoville location after receiving complaints that his behavior was harassing towards customers and may have been harassing to employees at the Joliet location. (*Id*. ¶¶ 69-70 (p. 14-15)). While working at the Romeoville location, Plaintiff alleges that on various dates in October, November, and/or December of 2019, Johnson made various sexually lewd comments and physical contact towards her on numerous occasions that were unwelcome, unwanted, and harassing in nature. (*See, e.g.*, *id*. ¶¶ 36-47 (p.7-10). Plaintiff alleges she informed Tiffany Ollie ("Ollie"), the Romeoville restaurant manager, of the alleged verbal and physical harassment by Johnson and requested a schedule change. (*Id*. ¶ 48-54 (p.10-11)). According to Plaintiff, Ollie was "supervisory personnel" and an agent of "the Defendants," including KFC Corporation and each of the Corporate Defendants. (*Id*. ¶ 48-54 (p.10-11)). However, Ollie is alleged to have continued to schedule Plaintiff and Johnson on the same shift(s). (*Id*. ¶ 54 (p.11)). Thereafter, Plaintiff alleges that on December 28, 2019, she was sexually assaulted by Johnson in the men's restroom while working the evening shift at the Romeoville location. (*Id*. ¶¶ 59-62 (p. 12-13)). Plaintiff maintains she reported the incident to Ollie and Mario Perea ("Perea"), "the regional manager for Defendants," and was later constructively discharged from her position. (*Id*. ¶¶ 63, 68(p. 13-14)).

In her Amended Complaint, Plaintiff asserts claims against each of the Corporate Defendants and claims against Johnson "individually and in his capacity as an employee, agent, and/or manager of" each Corporate Defendant for sexual harassment and hostile work environment in violation of Title VII (Counts I-III, Counts IV-VI), and claims against each Corporate Defendant for negligent retention (Counts VII-IX) and "willful and wanton supervision and retention" (Counts X-XII). (*Id*. at p. 16-42). Plaintiff also asserts violations of the Illinois Gender Violence Act against Johnson only (Count XIII). (*Id*. at p. 42). Finally, Plaintiff asserts claims under Illinois law against Johnson "individually and in his capacity as an employee, agent, and/or manager of" KFC Corporation and KFC and KBP Foods, LLC for assault and battery (Count XIV-XV), intentional infliction of emotional distress ("IIED") (Count XVI-XVII), and false imprisonment (Count XVII-XIX). (*Id*. at p. 43-52).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts, which if accepted as true, "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotation marks omitted). Legal conclusions and conclusory allegations that merely recite the elements of the claim are not entitled to the presumption of truth. *Id*. at 678-79.

Dismissal under Rule 12(b)(6) is warranted if the Amended Complaint fails to satisfy the requirements of Fed. R. Civ. P. 8 ("Rule 8"). Rule 8(a) "requires more than labels and conclusions," and a complaint must set forth allegations of wrongdoing as to each Defendant sufficient to give notice of what the claim is and the grounds upon which it rests. *Twombly*, 550

U.S. at 555. Rule 8(a) also "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As described below, Plaintiff's Amended Complaint does not satisfy these minimal requirements as to KFC Corporation. Therefore, her claims as to KFC Corporation are deficient and should be dismissed.

## ARGUMENT

**I. Plaintiff Fails to Assert Any Specific Allegations as to KFC Corporation with Sufficient Particularity to Plausibly Allege Joint Employer Liability (Counts I, IV, VII, X, XIV, XVI, and XVIII)**

All of Plaintiff's claims pled against KFC Corporation must be dismissed because the Amended Complaint, once again, fails to state a basis for liability against KFC Corporation. Critically, a joint employer relationship does not automatically expose an employer to liability for actions taken by its co-employer. *Shah v. Littelfuse Inc.*, No. 12 CV 6845, 2013 WL 1828926, at *6 (N.D. Ill. Apr. 29, 2013) (collecting cases). In this case, Plaintiff fails to plead any facts necessary to establish KFC Corporation was Plaintiff's employer, let alone a joint employer liable for preventing or addressing Johnson's conduct.

    **A. Plaintiff fails to plead any facts that support an inference of an employer-employee relationship between KFC Corporation and herself.**

Plaintiff's claims in Counts I, IV, XIV, XVI, and XVIII of the Amended Complaint against KFC Corporation falter from the outset because, fundamentally, she has failed to plausibly allege that she was employed by KFC Corporation. In order to state her harassment claims under Title VII, Plaintiff must sufficiently plead that KFC Corporation was her employer or agent of her employer. *See* 42 U.S.C. § 2000e(f) (stating that Title VII of Civil Rights Act only applies to individuals "employed by an employer"); *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015) (the threshold element of any Title VII claim is "the existence of an employer-employee relationship"). Furthermore, though confusingly pled, Plaintiff expressly seeks to hold KFC

6

Corporation liable for the assault and battery, IIED, and false imprisonment allegedly committed by Johnson "in his capacity as an employee, agent, and/or manager of" KFC Corporation. (*See* Am. Compl. at p. 43, 47, 49 (Counts XIV, XVI, and XVIII prayers for relief)).

Here, Plaintiff's allegations fall short of establishing that KFC Corporation was her joint or *de facto* employer. Conspicuously, with respect to her own employment, Plaintiff again fails to plead, and cannot truthfully plead, any specific allegations that KFC Corporation had control over any of her employment activities. (*See id*. ¶ 20). Indeed, even when read in the light most favorable to Plaintiff, none of the Amended Complaint's allegations establish the sort of control and supervision over her that the Seventh Circuit has emphasized establishes an employer-employee relationship: the ability to hire, fire, or direct an employee's work. *See Bronson v. Ann & Robert H. Lurie Children's Hosp. of Chicago*, No. 20 C 2077, 2021 WL 1056847, at *4 (N.D. Ill. Mar. 18, 2021) (citing *Love*, 779 F.3d at 703); *see also Doe v. McDonald's USA, LLC*, No. 19-05925, 2020 WL 7133520 at *3-4 (E.D. Pa. Dec. 3, 2020) (granting motion to dismiss and noting that allegations that franchisor maintained significant control over franchise's operations and controlled the means of conducting business "fall short of setting conditions of employment"); *Chavez v. McDonald's Corp.*, No. 19-cv-00164-PAB-SKC, 2020 WL 1322864, at *4-5 (D. Colo. Mar. 20, 2020) (dismissing discrimination claims because plaintiff failed to allege facts to show that franchisor had the authority to hire, fire, or otherwise control the day-to-day terms and conditions of employment for franchisee's employees; noting that Plaintiff "must allege more than that Defendant's' controlled the [franchise's] 'operations'"); *McKinnon v. YUM! Brands, Inc.*, 1:15-CV-00286-BLW, 2017 WL 3659166, at *7 (D. Idaho Aug. 24, 2017) (noting "the franchisor-franchisee relationship does not give rise to vicarious liability absent control over the conduct giving rising to direct liability"). Plaintiff's failure to adequately plead an employment relationship

7

with any Corporate Defendant, and specifically a joint employer-employee relationship with KFC Corporation, is fatal to her claims.

> **B.     Plaintiff has not and cannot plead facts sufficient to support an employment relationship between KFC Corporation and the individuals who allegedly subjected her to the conduct forming the basis of his claims.**

Plaintiff's claims based on negligent and willful and wanton supervision and retention in Counts VII and X of the Amended Complaint are likewise untenable because Plaintiff has not and cannot plead facts sufficient to support any employment relationship between KFC Corporation and the individuals who allegedly subjected her to the conduct forming the basis of her claims. The rigorous standard of proximate causation applied in negligent retention cases is significant, and "Illinois courts require that the *injury itself* must have 'occurred by virtue of the servant's employment (*i.e.,* 'because of the employment').'" *Doe v. Boy Scouts of Am.*, 2014 IL App (2d) 130121, ¶ 43, 4 N.E.3d 550, 561. "Liability for out-of-the-scope acts requires that "the employer has reason to know of the need and opportunity for exercising control over the employee" as "it is the right to control rather than the actual exercise of control that is significant." *Id*. ¶ 40, 43; *see also Doe v. Coe*, 2019 IL 123521, ¶ 34, 135 N.E.3d 1, 12 ("Willful and wanton conduct is regarded as an aggravated form of negligence"). As pled, the Amended Complaint makes the conclusory allegations that "the Defendants" – lumped together – improperly transferred Johnson from the Joliet location to the Romeoville location, failing "to properly investigate" prior incidents of sexually harassing conduct involving Johnson and to take steps to stop his behavior. (*See, e.g.*, Am. Compl., ¶¶ 49-50, (p. 26) 51 (p.35)). Plaintiff further alleges that the "Defendants" owed her a duty to properly supervise Johnson, as it was incumbent upon them "to follow sexual harassment protocols to modify and/or discipline [Johnson's] behavior and/or to terminate his employment." (*Id*. ¶¶ 50 (p. 33)). Yet the factually sparse Amended Complaint lacks any plausible allegations that KFC Corporation exercised any authority or control over Johnson, much less the individuals

8

that Plaintiff allegedly complained to, Ollie and Perea. The Amended Complaint contains no facts giving rise to a reasonable inference that KFC Corporation had any control over Johnson's discipline or employment status.

### C. Plaintiff fails to adequately plead a plausible basis for liability against KFC Corporation.

For these same reasons, even if Plaintiff were to have plausibly alleged the existence of a joint employer relationship between herself, Johnson, Ollie, and the KFC Corporation, her Complaint nonetheless fails to state a basis for *liability* against KFC Corporation. *See Fairley v. McDonald's Corporation*, 20-cv-02273, at *1 (N.D. Ill. July 20, 2021) ("[T]o the extent a plaintiff alleges a joint-employer relationship, the negligence of one employer "does not automatically expose another to liability for actions taken by its coemployer.") (quotations and citation omitted). In the Amended Complaint, Plaintiff's allegations regarding KFC Corporation's purported actual knowledge of Johnson's "particular unfitness" and history of sexual harassment are conclusory statements, devoid of factual enhancement and based upon information and belief. (*See* Am. Compl. ¶¶ 49 (p.26), 48 (p.32). More importantly, Plaintiff pleads no facts indicating that KFC Corporation controlled or supervised, or even had knowledge of, the working conditions at the Joliet and Romeoville locations. Plaintiff merely lumps KFC Corporation in with the other Corporate Defendants without further specification as to which Defendant undertook which action regarding Johnson (or failed to take action). Likewise, Plaintiff alleges no facts that could plausibly support that KFC Corporation exercised control over day-to-day operations of the other Corporate Defendants, supervised and controlled the policies and practices of the other Corporate Defendants, or otherwise is accountable for the actions or inactions of the other Corporate Defendants. In other words, the Complaint is devoid of *any* facts demonstrating how KFC Corporation acted negligently or what it could have done to address Johnson's alleged conduct.

In short, Plaintiff's allegations, without supporting facts, that KFC Corporation and the Corporate Defendants are "joint employers" of Plaintiff and Johnson are meritless. The only allegations specific to KFC Corporation are conclusory allegations, which do not contain a single factual allegation in support of Plaintiff's theory that KFC Corporation acted as a joint employer in relation to employees of the Joliet and Romeoville franchisee owned and operated locations, as required to impose liability on KFC Corporation for Johnson's alleged harassment and criminal conduct directed at Plaintiff. Such conclusory allegations fail to satisfy *Twombly's* plausibility analysis, and as such, warrant complete dismissal of KFC Corporation.

**II.     Plaintiff's Intentional Tort Claims Are Preempted by the IWCA (Counts XIV, XVI, XVIII)**

Even if Plaintiff has sufficiently alleged that KFC Corporation is a joint employer liable for the tortious conduct of Johnson – which she has not – her efforts to impose liability on KFC Corporation for the intentional torts of assault and battery, IIED, and false imprisonment allegedly committed by Johnson still must fail because, as pled, they are preempted by the IWCA.

As an initial matter, Plaintiff's unadorned conclusions that at "all times Johnson was performing the intentional acts" of harassment and sexual assault he was "in the scope and course of his employment" are plainly insufficient to allow the court to draw the reasonable inference that KFC Corporation is liable for the alleged acts. Under Illinois common law, "an employer can be held liable for the torts of its employees only if the employee commits the tort within the scope of employment." *Aleman v. McDonald's Corp.*, 20-CV-6925, 2021 WL 3418857, at *6 (N.D. Ill. Aug. 5, 2021) (plaintiff's co-worker and later supervisor did not act within the scope of employment when she sexually harassed and assaulted plaintiff). Significantly, "[s]exual harassment and assault are not within the scope of employment." *Id*. Under Illinois law, "[i]n the specific context of sexual assault, the sexual nature of the misconduct generally disqualifies the

10

employee's act as being taken in furtherance of the employer's interest. . . . This is so even where the employment provided the opportunity for the employee to engage in misconduct." *Richards v. U.S. Steel*, 869 F.3d 557, 565 (7th Cir. 2017) (citing *Doe ex rel. Doe v. Lawrence Hall Youth Servs.*, 966 N.E.2d 52, 61 (Ill. App. Ct. 2012); *Deloney v. Bd. of Educ. of Thornton Twp.*, 666 N.E.2d 792, 797–98 (Ill. App. Ct. 1996)). Johnson's alleged misconduct is indisputably sexual in nature and included "threatening [Plaintiff] and then touching her breasts, touching her body and digitally penetrating her vagina" (Am. Compl. ¶ 49), all conduct that is too far afield from his duties as a purported manager of a fast food restaurant to be considered within the scope of his employment (or of any agency relationship related to his employment). Johnson's alleged actions were taken for his benefit alone, not "in furtherance of [KFC Corporation's] interest." *Richards*, 869 F.3d at 565.

Moreover, the Illinois Workers Compensation Act provides the exclusive state-law remedy against an employer for the accidental injury of its employees sustained by an employee arising out of and in the course of her employment. *Small v. Chicago Health Clubs, Inc.*, 843 F. Supp. 398, 402 (N.D. Ill. 1994). In other words, "the IWCA prohibits an employee from pursuing common law and statutory actions against the employer for injuries received in the course of employment." *Id*. In this context, an "accidental" injury "encompasses anything that happens without design or event which is unforeseen by the person to whom it happens", even an intentional injury by a co-employee against another employee. *Id*. (quoting *Meerbrey v. Marshall Field & Co.*, 564 N.E.2d 1222, 1226 (Ill.App.Ct.1990)). An employee can escape the IWCA preemption rule only if the "injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or *expressly* authorized by the employer." *Tessendorf v. Edward Hines Lumber Co.*, 393 F. Supp. 2d 686, 691-692 (N.D. Ill. 2005) (emphasis added). Thus, "[i]n order to

11

avoid preemption, a plaintiff must prove that his employer committed, commanded, or expressly authorized a supervisor to commit an intentional tort." *Id.*; *see Poulos v. Village of Lindenhurst*, 2002 WL 31001876 at * 16 (N.D. Ill. Sept. 3, 2002) (intentional infliction of emotional distress based upon supervisor's alleged actions were preempted by IWCA as no clear evidence that employer authorized supervisor's actions).

Plaintiff cannot avoid the IWCA's preemption of her intentional tort claims with mere conclusions that Johnson was "acting within the scope of his employment." First, as this Court has noted: "In Illinois, the workers' compensation law bars an employee from suing an employer for a co-employee's intentional torts when the employer 'did not *direct or expressly authorize* the co-employee to commit' the intentional tort." *Carroll v. YMCA of Metro Chicago, LLC*, 13-CV-9307, 2015 WL 149024, at *4 (N.D. Ill. Jan. 9, 2015) (Coleman, J); *see Poulos*, 2002 WL 31001876 at * 16 ("According to the Illinois Supreme Court, only *express* authorization of [the] conduct will expose [the employer] to liability.... In other words, the Illinois courts will hold employers liable only for their sins of commission, not for their sins of omission.'"). Second, "'an allegation that the tortfeasor was acting within the scope of his authority is not equivalent to an allegation that the employer expressly authorized the tortfeasor to commit the specific acts in question." *See Carroll*, 2015 WL 149024, at *4 (quotation and citations omitted). Furthermore, Johnson's position as a "manager" does not impart the authority to command or authorize an intentional tort on behalf of a company itself. *See Poulos*, 2002 WL 31001876, at *16 (noting "[s]tatus as a foreman, supervisor, or manager alone, without the authority to make decisions and set policy on behalf of an employer, will not suffice to render an intentional tortfeasor an alter ego." (quotation and citation omitted)); *Lee v. Paper Group Holding, Inc.,* 1996 WL 507294, at *3 (N.D. Ill. 1996) (explaining that merely alleging that senior management knew is insufficient to hold an

12

employer liable; management must have commanded or expressly authorized the conduct (internal quotation marks omitted)). Even if this Court were to find that Plaintiff plausibly alleged an employment relationship between Johnson and KFC Corporation, this court need not – and should not – accept at face value Plaintiff's implausible assertion that Johnson acted "within the scope of his employment" with KFC Corporation when he pushed a teen female employee against her will into the men's bathroom, locked the door, threatened her, and then raped her.

Plaintiff's Amended Complaint, at best, plausibly alleges that her "co-workers, managers and supervisors" at the Romeoville location had notice of Johnson's harassing conduct prior to the December 28, 2019 bathroom assault, but failed to take appropriate steps to remedy the situation. However, allegations that indicate that management *implicitly* authorized Johnson's sexual misconduct or was negligent in its investigation and response to her complaints do not provide a basis for a claim that management *expressly* authorized the conduct. Moreover, Plaintiff does not allege facts sufficient to establish that KFC Corporation, as the franchisor, knew of or allowed Johnson's injurious conduct or knew there was a substantial likelihood that injurious conduct would occur. Without any factual allegations plausibly demonstrating that KFC Corporation authorized, committed, or commanded a particular tort committed by Johnson, Plaintiff has not "raise[d the] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Counts XIV, XVI, XVIII must be dismissed.

**III.     Plaintiff's Title VII Claim is Duplicative and Must Be Dismissed with Prejudice (Count IV)**

In Count IV of the Amended Complaint, Plaintiff attempts to assert a claim for relief under Title VII against Johnson, whom she alleges was her manager in his individual capacity and as "an agent or employee of KFC Corporation." (Am. Compl. at20). However, a supervisor cannot be held liable in his individual capacity under Title VII. *See Silk v. City of Chicago*, 194 F.3d 788,

798 (7th Cir. 1999). Furthermore, "suing an individual supervisory employee in his official capacity is the equivalent of suing the employer." *Haltek v. Village of Park Forest*, 864 F. Supp. 802, 804 (N.D. Ill. 1994); *Harvey v. Blake*, 913 F.2d 226, 227-228 (5th Cir. 1990) (reasoning that a supervisor liable as an employer's agent is really a surrogate for the employer). Thus, Count IV is functionally a second Title VII claim against KFC Corporation, and as such, it should be dismissed. *See, e.g., Kurtz v. Toepper*, No. 11 C 4738, 2012 WL 33012, at *1 (N.D. Ill. Jan. 6, 2012) (dismissing claims because they are based on the same operative facts and allege the same injury); *DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) ("It is well-settled that duplicative counts in a complaint may be properly dismissed.").

## CONCLUSION

For the reasons discussed above, Counts I, IV, VII, X, XIV, XVI, and XVIII of the Amended Complaint should be dismissed with prejudice as to Defendant KFC Corporation.

| | |
|---|---|
| Date: February 10, 2022 | Respectfully submitted, |

James M. Coleman (#27379)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone: 571-522-6111
jcoleman@constangy.com

KFC CORPORATION, Defendant

By: /s/ Laura Balson
    One of its attorneys

Laura A. Balson (#6291377)
M. Elysia Baker Analo (#6308530)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
300 S. Wacker Drive
Suite 1050
Chicago, Illinois 60606
Telephone: (773) 661-4710
lbalson@constangy.com
eanalo@constangy.com

*Counsel for Defendant KFC Corporation*

14