UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMINE BUDZYN, ) | |
| ) | Case No. 21 C 4152 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| KFC CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jasmine Budzyn brings a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, along with state law claims, in relation to her employment at the Kentucky Fried Chicken ("KFC") franchise in Romeoville, Illinois against KFC Corporation (the franchisor), her supervisor James Johnson, and the owners of the Romeoville KFC franchise FQSR, LLC and KBP Foods, LLC. (collectively "the KBP defendants"). Before the Court is the KBP defendants' motion to compel arbitration pursuant to the parties' Arbitration Agreement. For the following reasons, the Court grants the KBP defendants' motion.

**Background**

While she was employed at KFC Romeoville, Budzyn alleges that her manager, defendant James Johnson, sexually harassed her and ultimately sexually assaulted her. According to Budzyn, she complained about Johnson's sexual misconduct, yet her managers did nothing. On December 28, 2019, Johnson raped Budzyn while she was at work. On January 16, 2020, Budzyn left her employment at the Romeoville KFC. Meanwhile, the Court has stayed these civil proceedings against Jackson due to his criminal proceedings in Will County based on his December 2019 sexual assault of Budzyn.

Upon her employment, Budzyn signed the Arbitration Agreement at issue, which states in

relevant part:

> Employer and Employee mutually agree that any and all disputes between them will be settled by binding arbitration. This mutual promise to arbitrate includes, but is not limited to, those disputes arising out of or relating in any way to Employee's application or applications for employment, any past, current, or future employment, and/or the cessation of employment with Employer, including but not limited to, any rights or claims Employee may have under any federal, state, or local law, including any statute, ordinance, regulation, code, order, or common law, including claims regarding employment discrimination, harassment, retaliation, wage and hour matters, breach of contract (expressor implied), violation of public policy, wrongful termination, negligence or other torts, or otherwise, except as provided in paragraph (2) below. This mutual promise to arbitrate covers any and all disputes (past, present, and future) Employer and Employee now know about and those they may not know about.

(R. 39-1, Ex. A, Sept. 2019 Arbitration Agreement).

At the time KFC Romeoville hired Budzyn in September 2019, she was 17-years-old. She turned 18-years-old on October 11, 2019. The Arbitration Agreement Budzyn signed stated the following:

> NOTE: **If you are a minor under the age of 18 years of age, this agreement is not valid unless signed by you AND your parent/guardian.** In this case, Check the Box below, and Click the Next Button. Then, after finishing your electronic onboarding, return to the electronic offer letter sent to you via email, and with your parent/guardian click on the second link in that email to review the Agreement and provide electronic sign-offs.
>
> ….
>
> **This Agreement is not valid for Minors under the age of eighteen (18) years of age unless signed by the Minor, and the Parent (Guardian).** If you are a Minor, please check the box and apply your signature, then click the "Next" button to continue on with your employment application. You are required to obtain your parent/guardian's signature by visiting the link to the Agreement that was included in your onboarding invitation email.

(*Id.*) (emphasis added). As stated, Budzyn was 17-years-old when she signed the Arbitration Agreement, and it is undisputed that her parents never signed the Arbitration Agreement.

**Legal Standard**

Courts grant motions to compel arbitration when: (1) there is an enforceable written agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal

2

to arbitrate. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018). In determining whether an agreement's arbitration clause controls, federal courts apply state-law principles of contract formation. *Gupta v. Morgan Stanley Smith Barney*, LLC, 934 F.3d 705, 710 (7th Cir. 2019).

**Discussion**

Before compelling arbitration, the Court must determine whether a valid arbitration agreement exists. *Henry Schein, Inc. v. Archer & White Sales, Inc.,* ___ U.S. ___, 139 S.Ct. 524, 530, 202 L.Ed.2d 480 (2019). Budzyn argues that the Arbitration Agreement at issue is not valid nor enforceable because she was a minor when she signed the agreement. The KBP defendants, however, contend that despite Budzyn signing the Arbitration Agreement as a minor without her guardian's or parent's signature, the Arbitration Agreement is valid because she ratified the Arbitration Agreement after she turned 18-years-old. More specifically, defendants argue that under Illinois law, Budzyn's continued employment at KFC Romeoville after she turned 18-years-old in October 2019 constitutes ratification of the Arbitration Agreement.

Although there is no choice-of-law provision in the Arbitration Agreement, the parties do not dispute that Illinois law governs the Court's analysis. *See Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies"). Under Illinois law, "[t]he general rule applicable to all contracts," is "that the contract of a minor is voidable and may be repudiated by the minor during minority or within a reasonable time upon achieving majority absent a ratification." *Iverson v. Scholl Inc.,* 136 Ill.App.3d 962, 91 Ill.Dec. 407, 411, 483 N.E.2d 893, 897 (1st Dist. 1985). "A contract of a minor is deemed ratified if the minor fails to disaffirm it within a reasonable time after attaining majority." *Fletcher v. Marshall,* 632 N.E.2d 1105, 1107, 198 Ill.Dec. 494, 496, 260 Ill.App.3d 673, 675 (2d Dist. 1994).

In response, Budzyn argues that because there was no valid Arbitration Agreement in the first instance, she could not disaffirm or ratify it as the KBP defendants argue. Budzyn specifically contends that her parents' signature was a condition precedent to contract formation, and, in absence of the parental signature, the Arbitration Agreement is invalid and should be deemed void. *See Smart Oil, LLC v. DW Mazel, LLC*, 970 F.3d 856, 861 (7th Cir. 2020) (In Illinois, a "condition precedent is one that must be met before a contract becomes effective.").

Assuming her parents' signature was a condition precedent, the Court turns to Budzyn's argument that the Arbitration Agreement should be deemed void. Specifically, "a contract that is void *ab initio* is treated as though it never existed; neither party can chose to ratify the contract by simply waiving its right to assert the defect." *Illinois State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co.*, 821 N.E.2d 706, 713, 290 Ill.Dec. 394, 401, 355 Ill.App.3d 156, 164 (1st Dist. 2004) (citation omitted). On the other hand, a "voidable contract, unlike one that is void *ab initio,* may be ratified and enforced by the obligor." *Deutsche Bank Nat. Trust Co. v. Hart*, 67 N.E.3d 299, 307, 409 Ill.Dec. 87, 95, 2016 IL App (3d) 150714, ¶ 41 (3d Dist. 2016).

This distinction is important in the context of conditions precedent because under Illinois, "[o]nly where signatures are an expressly-required condition-precedent of an agreement will their absence render the contract voidable." *Wilda v. JLG Indus., Inc.*, 470 F.Supp.3d 770, 799 (N.D. Ill. 2020) (Seeger, J.) (citation omitted). In other words, even if parental signatures were a condition precedent, the Arbitration Agreement is not void but voidable, allowing for ratification. *See VC Management, LLC v. Reliastar Life Ins. Co.*, 195 F.Supp.3d 974, 994 (N.D. Ill. 2016) (Pallmeyer, J.) ("Under Illinois law, only 'a voidable contract can be ratified.'") (citation omitted). And, as the KBP defendants correctly assert, Budzyn ratified the Arbitration Agreement by her continued employment at KFC Romeoville after she turned 18-years-old. *See Nitka v. ERJ Dining IV, LLC*,

No. 18 C 3279, 2018 WL 5884531, at *2 (N.D. Ill. Nov. 8, 2018) (Coleman, J.). Therefore, Budzyn's condition precedent argument fails.

Budzyn further argues that there was never a valid Arbitration Agreement because any such agreement is against public policy based on the Illinois Workplace Transparency Act ("IWTA"). The purpose of the IWTA is "to ensure that all parties to a contract for the performance of services understand and agree to the mutual promises and consideration therein, and to protect the interest of this State in ensuring all workplaces are free of unlawful discrimination and harassment." *See* 820 ILCS 96/1-5. For a written arbitration agreement to be valid and enforceable in Illinois, it must comply with the IWTA. *See* 710 ILCS 5/1.

In their motion, the KBP defendants argue that the IWTA does not apply to the Arbitration Agreement signed in September 2019 and ratified in October 2019 because the Act "applies to contracts entered into, modified, or extended on or after the effective date of this Act," which was January 1, 2020. *See* 820 ILCS 96/1-10(c). In response, Budzyn asserts that the relevant time period is not when the parties entered into the Arbitration Agreement or when Budzyn ratified it by her continued employment at KFC Romeoville, but when defendants sought to enforce the Arbitration Agreement in June 2021. In support of this argument, Budzyn does not rely upon any legal authority, but characterizes defendants' enforcement of the agreement as "extending" the contract. Budzyn's interpretation of the effective date finds no support in the plain language of the IWTA or case law, and leads to an unreasonable result, namely, that all arbitration agreements existing before the January 1, 2020 effective date that were enforced after that date fall within the scope of the IWTA. *See Rojas v. Martell,* 161 N.E.3d 336, 343, 443 Ill.Dec. 212, 219, 2020 IL App (2d) 190215, ¶ 20 (2d Dist. 2020) (Courts "are obliged to construe statutes in a manner that avoids absurd, unreasonable, or unjust results that the legislature could not have intended."). As such, Budzyn's IWTA argument is without merit.

Therefore, under the circumstances, Budzyn's dispute falls clearly within the scope of the Arbitration Agreement. The Court understands Budzyn's desire to litigate this lawsuit in federal court, especially considering the seriousness of her allegations. Moreover, as the Illinois Legislature recognized in passing the IWTA, Illinois seeks to ensure that all workplaces are free of unlawful discrimination and harassment by requiring that arbitration agreements comply with the standards set forth in 820 ILCS 96/1-25(d). That said, the Federal Arbitration Act requires the enforcement of valid arbitration agreements, *see* 9 U.S.C. § 4, and the Arbitration Agreement at issue is valid and enforceable. *See INTL FCStone Fin. Inc. v. Jacobson,* 950 F.3d 491, 500 (7th Cir. 2020) (FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements.") (citation omitted).

**Conclusion**

For these reasons, the Court grants the KBP defendants' motion to compel arbitration [39] and dismisses the KBP defendants from this lawsuit without prejudice.

**IT IS SO ORDERED.**

Date: 2/28/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge