IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASMINE BUDZYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 21-cv-04152 |
| v. ) | |
| ) | Honorable Sharon Johnson Coleman |
| KFC Corporation, KFC, FQSR, LLC, KBP Foods, ) | |
| LLC, JAMES JOHNSON JR. INDIVIDUALLY ) | |
| and as agent and/or employee of KFC Corporation, ) | |
| FQSR, LLC, and/or KBP Foods, LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KFC CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, KFC CORPORATION ("KFC Corporation"), by and through its undersigned attorneys, James M. Coleman, Laura A. Balson, and M. Elysia Baker Analo of CONSTANGY, BROOKS, SMITH & PROPHETE, LLP, hereby responds to Plaintiff's Response to Defendants', KFC Corporation and KFC, Motion To Dismiss ("Response") and files its Reply in support of its Motion to Dismiss Plaintiff's First Amended Complaint ("Motion"). In support of this Reply, KFC Corporation states as follows:

**INTRODUCTION**

Nothing in Plaintiff's Response is sufficient to overcome KFC Corporation's showing that Plaintiff has not pled facts necessary to clear the high bar to hold KFC Corporation liable for the alleged acts of its franchisees or their employees. As set forth in its Motion, the Amended Complaint fails, for the second time, to plead facts necessary to plausibly allege a joint-employment relationship between KFC Corporation and herself or Defendant James Johnson ("Johnson"), as would be required to state a claim against KFC Corporation. Undeterred, Plaintiff attempts to paint the picture of a monolithic "KFC" that completely ignores the reality of the

franchisor-franchisee relationship and distinct legal relationships between KFC Corporation and FQSR, LLC and KBP Foods, LLC (together, "Franchisee Defendants") in this case. In doing so, Plaintiff doubles down on her vague, conclusory allegations of a joint employment relationship and brazenly asserts new allegations, raised for the first time in the Response, regarding branding, appearance, and service standards at the Romeoville and Joliet restaurant locations where Johnson worked. The Response's factual supplementation is improper and, in any event, unavailing. Hoping to embark on a fishing expedition in the hopes of creating liability where none exists, Plaintiff further details what she wistfully hopes exploration through discovery could and may show about the everyday operation of the restaurants.

While Plaintiff is not required to plead detailed factual allegations, her Amended Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Simply pointing to brand-related standards and criteria that are the hallmark of any franchised operations does not make her allegations any more plausible or support an inference that KFC Corporation as a franchisor exercised such a degree of control of her, Johnson, or the Franchisee Defendants' operations. While "[t]he plausibility standard is not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff cannot muster allegations showing even a sheer possibility, and her Response is devoid of any basis upon which the Court might conclude that Plaintiff might be able to cure these deficiencies. Thus, the Amended Complaint must be dismissed with prejudice.

**ARGUMENT**

I. **Plaintiff Fails to Plead Sufficient Facts That KFC Corporation Exercised Significant Control over Her Employment or the Romeoville and Joliet Restaurants**

In her Response, Plaintiff asserts that the Amended Complaint has stated factually plausible connection between the Plaintiff and KFC Corporation that would support a joint employment relationship with her. Resp.at 6. However, in support of her argument, Plaintiff introduces a litany of new factual allegations – complete with new exhibits – that were not included in her Amended Complaint. For example, Plaintiff now alleges:

- KFC Corporation allowed the Franchisee Defendants to "use the KFC name and logo on the restaurant, sell [KFC Corporation]' food products and merchandise, hire employees to the benefit of the franchise, have employees greet and represent to patrons they are at KFC, and wear uniforms bearing [KFC Corporation's] KFC name and logo.";

- Upon her hiring, Plaintiff "was sent an email by her manager, Tiffany Ollie, regarding her employment at KFC." (with email attached as Exhibit A);

- When Plaintiff "spoke to patrons, she held out that she worked on behalf of [KFC Corporation]. As Ms. Budzyn worked with her fellow employees, it appeared that she was working for [KFC Corporation] as each employee wore uniforms bearing the KFC name and logo."

- When Plaintiff met Johnson, "she knew his title to be manager of KFC."

- Like all employees at the Romeoville location, Tiffany Ollie ("Ollie") "held herself out as working for [KFC Corporation]."

- Ollie sold merchandise and food products on behalf of [KFC Corporation]" and "wore a uniform bearing [KFC Corporation's] logo and name."

- Ollie "had the responsibilities and authority to interview, hire, retain, and terminate employees at KFC in order to decide whom she thought reflected the ideals of the franchise."

- Ollie "was the only person in charge of scheduling employees' shifts at the restaurant" and "along with Mario Perea, was in charge of running the entire restaurant, and was, to the naked eye, working on behalf of [KFC Corporation]."

3

- KFC Corporation "advertised that the Joliet and Romeoville location "were their own restaurants on the KFC Website." (with alleged advertisements attached as Exhibit B).

*See* Resp. 2-3, 8.

As an initial matter, the Response's factual enhancement is plainly improper. It is well-established that a "[p]laintiff may not attempt to cure deficiencies inherent in a complaint by asserting new facts for the first time in opposition to a motion to dismiss." *Malone v. Securitas Sec. Servs.*, No. 13 C 8747, at *3-4 (N.D. Ill. Sep. 3, 2015); *see, e.g.*, *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); "*Santora v. Starwood Hotel Resorts Worldwide*, 580 F. Supp. 2d 694, 700 (N.D. Ill. 2008) ("plaintiff cannot seek to amend his complaint by making new, unsupported allegations in his response to the motion to dismiss."); *M Z Cab Corp. v. City of Chicago*, 18 F. Supp. 2d 941, 952 (N.D. Ill. 1998) ("A brief in opposition to a motion to dismiss ordinarily cannot serve to amend the complaint by expanding on the factual allegations contained therein."). The Response's new allegations are outside the pleadings and should not be considered when evaluating KFC Corporation's Motion and the sufficiency of the Amended Complaint. *See* Fed. R. Civ. P. 12(b). Moreover, given that Plaintiff has already been provided with an opportunity to amend her allegations, after receiving KFC Corporation's Motion to Dismiss Plaintiff's initial Complaint, there is no excuse for failing to include any additional facts in the Amended Complaint.

Even if the Response's new facts were considered, Plaintiff's allegations of joint employment would still be inadequate. Plaintiff's arguments are made as though the franchisor-franchisee relationship is a matter of first impression for this Court, when, in fact, there is already very clear law on this topic. Specifications regarding the use of KFC branded equipment, uniforms, products, and supplies, or other standardized "KFC" methods and procedures allegedly employed

4

by Franchisee Defendants, are consistent with the Federal Trade Commission's definition of a "franchise" and the legal requirements imposed on a trademark licensor. *See* 15 USC §§ 1055, 1064, 1127; 16 CFR § 436.1(h). Moreover, a franchisor does not control its franchisee's employees merely by requiring the franchisee to meet certain brand-related standards. *See Harris v. Midas*, 2017 WL 3440693, at * 8 (W.D. Pa. Aug. 10 2017).

The Response's improper supplementation highlights the folly in her argument: Plaintiff operates under the mistaken belief that individuals employed in branded franchised operations, without more, are *automatically* employees of both the franchisor and the franchisee. She is incorrect. The mere existence of franchisor promulgated brand-related standards alone does nothing to show that a franchisor controls its franchisee so as to establish vicarious liability. *See Haywood v. Massage Envy Franchising, LLC*, 316CV01087DRHSCW, 2017 WL 2546568, at *5 (S.D. Ill. June 12, 2017), *aff'd,* 887 F.3d 329 (7th Cir. 2018) ("A company's issuing of certain quality control measures to ensure brand uniformity cannot be used as evidence of a franchisor's control of independent franchisee actions, thereby, triggering liability."); *Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 131 (D. Mass. 2014) (defendant "not vicariously liable for the conduct of its regional master franchises . . . merely because of the general degree of influence inherent in a typical franchisor-franchisee relationship."); *Slates v. Int'l House of Pancakes, Inc.*, 413 N.E.2d 457, 464 (Ill. App. 4th Dist. 1980) ("The mere licensing of a trade name does not create an agency relationship, either ostensible or actual" as agency relationship requires "sufficient degree of control and direction [ ] manifested by the parent franchisor"). Indeed, Courts routinely find that evidence of brand standardization between a franchisor and franchisee alone is insufficient to establish a joint employment relationship with the franchisee's employees. *See*, *e.g*., *Baetzel v. Home Instead Senior Care*, 370 F. Supp. 2d 631, 640 (N.D. Ohio

2005) (despite the standardization of the franchisor's brand and the franchisor's broad general policy statements regarding employment matters, the employees of an independently owned franchisee were not employees of the franchisor under Title VII); *Alberter v. McDonald's Corp.,* 70 F.Supp.2d 1138, 1145 (D. Nev. 1999) (personnel policies contained in business manuals provided to franchisee do not establish control by franchisor over employment matters at franchise restaurant) ; *Dotson v. McDonald's Corp.*, No. 97 C 1833, 1998 WL 164871, at *3 (N.D. Ill. Apr. 2, 1998) (granting defendant's motion to dismiss claims brought by franchisee's employee and rejecting employee's apparent agency argument that defendant created the appearance that franchise was defendant's agent for purposes of employer liability under Title VII); *Scales v. Sonic, Inc.*, 887 F. Supp. 1435, 1438 (D.C. Okla. 1995)(the franchisor's operations manual and policies held insufficient as a matter of law to show that it controlled labor relations of the franchisee's employees and, therefore, the franchisor not liable under Title VII).

Here, the Amended Complaint is devoid of any facts remotely suggesting that KFC Corporation stepped outside of its role as a franchisor and had joint employer responsibility for Plaintiff. Plaintiff has failed to allege even the most basic facts concerning her employment, "namely, who hired her, paid her, or directly supervised her work," or even "to identify which of the defendant entities was [her] primary, direct employer." *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1129 (N.D. Ill. 2017). "That deficiency alone is enough to sink her claim. *Id*. Likewise, Plaintiff has failed to plead sufficient facts that KFC Corporation exercised control over her working conditions or the day-to-day operations of the Romeoville and Joliet locations such that it is liable for any purported failure to prevent the harm caused by Johnson's alleged actions. *See Conway v. CHA*, 11 C 7257, 2013 WL 1200612, at *9 (N.D. Ill. Mar. 25, 2013) (defendants did not have a duty to prevent discrimination under Title VII where plaintiff did not allege

6

defendants had requisite control over her employment ); *Chelkova v. Southland Corp.*, 331 Ill. App. 3d 716, 726-727 (Ill. App. Ct. 2002) (franchisor not liable for sexual assault on a franchisee's employee because it did not have sufficient control over the security aspect of the franchisee's business). Accordingly, the Amended Complaint's allegations, even if assumed true, fall short of imposing joint employer liability on KFC Corporation.

## II. KFC Corporation's Motion is Appropriately Confined to the Allegations Within the Four Corners of the Amended Complaint, as required by Rule 12(b)(6)

Bizarrely, Plaintiff takes the position that KFC Corporation's Motion to Dismiss brought pursuant to Rule 12(b)(6), is in fact a premature Motion for Summary Judgment. Resp. at 7. Specifically, Plaintiff takes issue that KFC "without factual support" asks this Court to ignore her threadbare "facts" "without providing any legitimate evidence or testimony to support their position" that KFC Corporation had no control over the employees at the KFC in Joliet and Romeoville. *Id*. Plaintiff's convoluted argument must be rejected outright.

Conspicuously, Plaintiff does not cite to any specific argument or alleged "representations" made in KFC's Motion that violates the strictures of Rule 12(b)(6) by cite to matters outside the pleadings. *See* Resp. at 7. Nor can she, as even a cursory review of KFC Corporation's Motion reveals that it does not present the need to convert it into a motion for summary judgment. Unlike Plaintiff, KFC Corporation did not attach a single document to its Motion, discuss products or branding, or even reference any franchise agreement with any defendant. Rather, its Motion appropriately seeks dismissal, with citations to the Amended Complaint, solely on the basis of Plaintiff's factually sparse allegations and abject failure to allege facts necessary to plausibly support an inference that KFC Corporation was her joint employer.

Plaintiff's strategy becomes apparent when her Response goes on to argue that the determination of whether KFC is an employer must await for discovery to commence,

notwithstanding the dearth of allegations against KFC Corporation in the complaint. Response at 8-9 ("Franchisor Defendants *could have* installed, instructed, implemented safety procedures and surveillance to be used by the Co-Defendants in their everyday operation of the restaurants" . . . [Plaintiff] anticipate[s] there *will* be documentation that shows [KFC Corporation] had involvement with the hiring procedures, firing procedures, sexual harassment policies, and/or the security system) (emphasis added). However, "a plausible complaint begets discovery, not the other way around." *Prewett Enters. v. Grand Trunk W. Ry. Co.*, No. 18-CV-04254, at *21 (N.D. Ill. Nov. 25, 2019). Moreover, courts have and do routinely grant motions to dismiss where, like here, a plaintiff fails to sufficiently allege an employer/employee relationship with a defendant. *See, e.g.*, *Doe v. McDonald's USA, LLC,* No. 19-05925, 2020 WL 7133520 at *3-4 (E.D. Pa. Dec. 3, 2020) (granting motion to dismiss and noting that allegations that franchisor maintained significant control over franchise's operations and controlled the means of conducting business "fall short of setting conditions of employment"); *Garzon v. Arrowmark Colorado Holdings, LLC*, 16 C 11525, 2017 WL 6988659, at *3 (N.D. Ill. Dec. 20, 2017) (granting motion to dismiss where amended complaint contains no well-pleaded allegations suggesting that [defendant] exercised sufficient control over her employment with [alleged co-employer] to constitute her joint or indirect employer); *Beckley v. McDonald's USA, LLC*, 2:16-CV-00054-WHA, 2017 WL 508587, at *5 (M.D. Ala. Feb. 7, 2017) (granting motion to dismiss Title VII claims where plaintiff's conclusory allegations failed to plausibly fact sufficient to support that franchisor exercised requisite control over the employment relationship with franchisee's employees); *Shah v. Littelfuse Inc.*, 12 CV 6845, 2013 WL 1828926, at *5 (N.D. Ill. Apr. 29, 2013) (granting motion to dismiss in Title VII and Section 1981 action where plaintiff failed to allege facts showing defendant "exercised any, much less significant control over his employment" as required for joint-employer

8

status); *Roman v. Guapos III, Inc.*, 970 F. Supp. 2d 407, 412-16 (D. Md. 2013) (granting motion to dismiss corporate defendants because under "economic realities" test, corporate defendants were not plaintiffs' employer under FLSA); *Lepkowski v. Telatron Mktg. Grp., Inc.*, 766 F. Supp. 2d 572, 576-83 (W.D. Pa. 2011) (Bank of America because employees who had been hired by business providing "customer relationship management services" to service Bank of America's phone lines were not the bank's joint employees).

"Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79. Plaintiff is not entitled to covert KFC's Corporation's Motion so that she can proceed to discovery in order to conduct a fishing expedition in search of facts she wistfully "anticipates" will maintain her unsupported allegations. *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992) ("A party may not indulge in a fishing expedition or file a complaint on a rumor or a hunch.). This is precisely the type of insufficiently plead allegations the federal pleading standards are designed to filter out.

### III. KFC Corporation Has No Vicarious Liability Under Illinois Law For Johnson's Unauthorized Torts

#### A. Plaintiff Fails to Allege Competent Facts to Support that KFC Corporation Had a "special relationship" with Johnson as its Employee and Manager.

Plaintiff's Response, like her Amended Complaint, summarily states that KFC Corporation had an employer-employee relationship with Johnson. Resp. at 10. Plaintiff devotes much ink to the discussion of *Anicich v. Home Depot U.S.A., Inc.,* 852 F.3d 643, 651, 654 (7th Cir. 2017), in which the Seventh Circuit reinstated negligence charges against defendant in connection with the rape and murder of a young woman by her supervisor. However, Plaintiff's reliance on *Anicich* is misplaced.

In contrast to the current matter, the Seventh Circuit noted in *Anicich* that "plaintiff's amended complaint is unusually detailed—much more detailed than required by Federal Rule of Civil Procedure 8." 852 F.3d 643, 655 (7th Cir. 2017), *as amended (Apr. 13, 2017)*. More importantly, the issue of joint employment was not in dispute. *Id*. at 647 n. 1 ("The issue of joint employment was not part of the defendants' motions to dismiss or the district court's decision and is beyond the scope of this appeal."). *Anicich*'s finding that use of supervisory authority by an employee to commit an intentional tort could provide basis for an employer's liability for negligent hiring, supervision, and retention has no relevance here, where Plaintiff submits no competent facts to support that Johnson was an employee of KFC Corporation. Conspicuously, Plaintiff does not cite to a single allegation in her Amended Complaint that supports her tenuous theory of KFC Corporation's joint employment relationship with Johnson. *See id*. at 10-13. Presumably because she cannot. Like her allegations regarding her own employment, the Amended Complaint is devoid of "basic facts" regarding who hired, paid, or directly supervised Johnson's work at the Joliet and Romeoville locations, or even "to identify which of the defendant entities was [his] primary, direct employer." *Ivery*, 280 F. Supp. 3d at 1129. *Anicich* likewise provides no support for Plaintiff's assertion that KFC Corporation is liable for Johnson's alleged sexual misconduct. Again, *Anicich* involved allegations much more detailed and extensive than Plaintiff's. Central to the Seventh Circuit's analysis were the complaint's allegations that he used his supervisory authority, threatening to fire her or reduce her hours, if she did not go with him to his sister's wedding where he later raped and murdered her. *Id*. at 651. Here, there are no allegations that Johnson used his supervisory authority to take similar "tangible employment actions" against Plaintiff.

The Amended Complaint sets forth that Johnson engaged in misconduct of "sexual nature which "generally disqualifies the employee's act as being taken in furtherance of the employer's

interest." *Aleman v. McDonald's Corp.*, 20-CV-6925, 2021 WL 3418857, at *6 (N.D. Ill. Aug. 5, 2021) (quotation and citation omitted). There can be no reasonable inference or credible argument that his alleged heinous actions were committed within the scope of his employment/agency or taken in furtherance of KFC Corporation's interest so as to impose liability on KFC Corporation. *See Richards v. U.S. Steel*, 869 F.3d 557, 563 (7th Cir. 2017).

### B. To The Extent Plaintiff Has Sufficiently Alleged That KFC Corporation Is Her Joint Employer, Then Her Claims, As Pled, Are Preempted By the IWCA.

The Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/5(a), provides for the scenario where an employee might have more than one employer." *Barrow v. Temper Fabricators, LLC*, No. 13-CV-563 -NJR-PMF, at *7 (S.D. Ill. Apr. 13, 2015). "For purposes of the Act, if control of an employee is shared by two employers, then the worker is considered to be an employee of both employers, or a 'joint employee.'" *Estate of Kendall v. Monsanto Co.*, 2019 IL App (2d) 170567-U, ¶ 44, *as modified on denial of reh'g (Apr. 15, 2019); Nutt v. Pierce Waste Oil Service, Inc.,* 445 N.E.2d 928 (1983)(analyzing the exclusive remedy provision of the IWCA, noting "[w]here control of an employee is shared by two employers and both benefit from the work, a worker is considered to be an employee of both.") To that end, the IWCA's bar to tort recovery applies whether the employee is employed by one employer or two joint-employers. *In re Farley, Inc.*, 146 B.R. 748, 754 (Bankr. N.D. Ill. 1992) *see Freemen v. Augustine's Inc.,* 360 N.E.2d 1245, 1247 (Ill. 1977) ("More than one employer may be liable for the same injury under the [Workers' Compensation] Act and, therefore, immune from common law liability").

Plaintiff alleges repeatedly that she worked for and was employed by KFC Corporation, *see* Am. Compl. ¶¶ 29, 32, 55. Though she now asserts – once again, without citation to the actual allegations of the Amended Complaint – that she sufficiently pled that KFC Corporation was her immediate employer, the Amended Complaint is bereft of facts regarding this alleged employment

11

relationship. KFC Corporation flatly denies that Plaintiff has, or can, plead sufficient facts to establish that it KFC Corporation was her employer in any form. However, as stated in its Motion, *if* Plaintiff has sufficiently alleged that KFC Corporation is a joint employer liable for the tortious conduct of Johnson (i.e. KFC Corporation is Plaintiff's joint employer)*, then* her claims are preempted by the IWCA. Mot. at 10.

At bottom, Plaintiff has failed to state a cognizable claim against KFC Corporation for the intentional torts allegedly committed by Johnson under her theory that both she and Johnson were employees of KFC Corporation. Because Counts XIV, XVI, and XVIII of her Amended Complaint rely on her failed theory of joint employment, they should be dismissed.

## CONCLUSION

For each of the reasons set forth in KFC Corporation's Motion to Dismiss and this Reply in support, KFC respectfully requests that the Court grant KFC Motion and dismiss Counts I, IV, VII, X, XIV, XVI, and XVIII of the Amended Complaint as to Defendant KFC Corporation with prejudice.

(Signature Page Follows)

Date: March 25, 2022  Respectfully submitted,

KFC CORPORATION, Defendant

James M. Coleman (#27379)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
12500 Fair Lakes Circle, Suite 300
Fairfax, Virginia 22033
Telephone: 571-522-6111
jcoleman@constangy.com

By: */s/ M. Elysia Baker Analo*
     One of its attorneys

Laura A. Balson (#6291377)
M. Elysia Baker Analo (#6308530)
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
300 S. Wacker Drive
Suite 1050
Chicago, Illinois 60606
Telephone: (773) 661-4710
lbalson@constangy.com
eanalo@constangy.com

*Counsel for Defendant KFC Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2022, I caused a copy of the foregoing to be served via operation of the Court's CM/ECF electronic filing system on the following counsel of record:

| | |
|---|---|
| Richard I. Levin<br>Robert J. Adelman<br>**LEVIN, RIBACK, ADELMAN, P.C.**<br>10 N. Dearborn; 11th Floor<br>Chicago, Illinois 60602<br>rlevin@lralegal.com<br>radelman@lraflaw.com<br><br>*Counsel for Plaintiff* | Franklin Z. Wolf<br>**FISHER & PHILLIPS LLP**<br>10 S. Wacker Drive, Suite 3450<br>Chicago, Illinois 60606<br>fwolf@fisherphillips.com<br><br>J. Randall Coffey (*pro hac vice*)<br>**FISHER & PHILLIPS LLP**<br>4900 Main Street, Suite 650<br>Kansas City, Missouri 64112<br>rcoffey@fisherphillips.com<br><br>*Counsel for Defendants FQSR, LLC; KBP FOODS, LLC* |

/s/     M. Elysia Baker Analo
*Counsel for Defendant KFC Corporation*