UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMINE BUDZYN, ) | |
| ) | Case No. 21 C 4152 |
| Plaintiff, ) | |
| ) | Judge Sharon Johnson Coleman |
| v. ) | |
| ) | |
| KFC CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jasmine Budzyn brings a hostile work environment claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, along with state law claims, in relation to her employment at a Kentucky Fried Chicken ("KFC") franchise in Romeoville, Illinois against defendant KFC Corporation, among others. Before the Court is KFC Corporation's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants KFC Corporation's motion.

**Background**

In her first amended complaint, Budzyn alleges that she worked for the KFC fast food restaurant in Romeoville as a server and dishwasher. While she was employed at the Romeoville franchise, her manager, defendant James Johnson, sexually harassed her while they were at work. Budzyn alleges that she complained about Johnson's sexual harassment to the restaurant manager, Tiffany Ollie, and requested a schedule change, yet nothing happened. On December 28, 2019, Johnson raped Budzyn while they were at work. Budzyn alleges that she reported the rape to Ollie and Mario Perea, a regional director. Budzyn stopped working at KFC Romeoville in January 2020.

The Court stayed these civil proceedings against Johnson due to his criminal prosecution in Will County based on his December 2019 sexual assault of Budzyn. The Court also granted

defendant franchise owners' motion to compel arbitration pursuant to the parties' arbitration agreement, and stayed the federal proceedings against the franchise owners pending arbitration. Defendant KFC Corporation was not a party to that arbitration agreement.

Budzyn brings the following claims against KFC Corporation: (1) a Title VII hostile work environment claim based on sexual harassment under 42 U.S.C. § 2000e; (2) a negligent retention claim; (3) a willful and wanton supervision/retention claim; (4) an intentional tort claim of assault and battery; (5) an intentional infliction of emotional distress ("IIED") claim; and (6) a false imprisonment claim. Budzyn's intentional torts claims are based on Johnson being an employee of KFC Corporation.

**Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**Discussion**

*Title VII Claim*

The parties do not dispute that the owners of the Romeoville KFC franchise, defendants FQSR, LLC and KBP Foods, LLC ("KBP Foods"), were Budzyn's employers during the relevant

time period.  Budzyn, however, argues that KFC Corporation, the franchisor, was also her employer.

The starting point of any Title VII claim is the existence of an employer-employee relationship.  *Logan v. City of Chicago*, 4 F.4th 529, 538 (7th Cir. 2021).  "For purposes of Title VII an employee can have more than one employer" because "[a]n entity can be an indirect employer or a joint employer or have some other complex combined relationship with an employee."  *Johnson v. Advocate Health & Hosp. Corp.*, 892 F.3d 887, 905 (7th Cir. 2018).  In determining whether an entity is an employer for Title VII purposes, courts use a five-factor balancing test: "(1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment."  *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015) (citing *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991)).  The Seventh Circuit has repeatedly held that the most important factor under the *Knight* test is an entity's ability to supervise and control the employee.  *Johnson*, 892 F.3d at 905.

The Title VII requirements for establishing whether an entity is an employer should come as no surprise to Budzyn because KFC Corporation made arguments in its first motion to dismiss based on the standard discussed in the *Love* decision.  Nevertheless, instead of relying on Seventh Circuit Title VII precedent to show KFC Corporation was her employer, Budzyn relies on agency principles under Illinois law.  *See Slates v. International House of Pancakes, Inc.*, 413 N.E.2d 457, 464, 46 Ill.Dec. 17, 24, 90 Ill.App.3d 716, 726 (1st Dist. 1980) ("Where a sufficient degree of control and direction is manifested by the parent franchisor, an agency relationship may be created.").  In doing so, Budzyn sets forth additional allegations in her response brief not found in her first amended complaint.  These allegations include, in part, that KFC Corporation allowed the franchise in Romeoville to use the KFC name and logo and that Budzyn believed she worked for KFC

3

Corporation. Not only is it well-established that "a plaintiff may not amend his complaint in his response brief," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), these additional allegations do not establish that KFC Corporation was Budzyn's employer for Title VII purposes.

The Court thus turns to the Title VII analysis, specifically the *Knight* factors. The first and most important *Knight* factor, an entity's ability to supervise and control the employee, depends on the entity's ability to hire, fire, and direct the employee's work. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 361 (7th Cir. 2016). Although Budzyn alleges that KFC Corporation employed, managed, supervised, and controlled her work, she has failed to allege any factual details as to how KFC Corporation did so. For example, Budzyn's threadbare allegations do not include how KFC Corporation conducted the day-to-day operations of the Romeoville KFC franchise. Moreover, Budzyn does not allege KFC Corporation had the ability to hire, fire, or direct her work as a server and dishwasher. In fact, attached to her response brief, Budzyn provides an email from Tiffany Ollie—that the Court can consider under Federal Rule of Civil Procedure 10(c)—stating that KBP Foods (the franchise owner) was offering her employment, not KFC Corporation. Meanwhile, that Budzyn reported the December 2019 sexual assault to a KFC regional manager, standing alone, does not support a reasonable inference that KFC Corporation supervised and controlled her day-to-day work.

Construing her first amended complaint as true and in her favor, Budzyn's allegations do not fulfill the other *Knight* factors. She does not allege KFC Corporation helped her acquire skills for her job as dishwasher and server nor does she allege specific facts whether KFC Corporation was responsible for the costs of operating the Romeoville KFC franchise, such as whether they issued her paycheck. Further, Budzyn's allegations do not speak to the length of the job commitment. *See Bridge*, 815 F.3d at 362. Accordingly, Budzyn has not sufficiently alleged that KFC Corporation was

4

her employer for Title VII purposes under the federal pleading standards. The Court grants KFC Corporation's motion in this respect.

*Negligent Retention/Supervision Claims*

Next, Budzyn brings both negligence and intentional tort claims against KFC Corporation. Under Illinois common law, an employer can be liable for an employee's torts two separate ways—under a theory of respondeat superior (vicarious liability) or a direct cause of action against the employer. *Doe v. Coe*, 135 N.E.3d 1, 12, 434 Ill.Dec. 117, 128, 2019 IL 123521, ¶ 33 (Ill. 2019). The Court first turns to Budzyn's direct claims against KFC Corporation, which sound in negligence.

In her first amended complaint, Budzyn brings both negligent retention and negligent supervision allegations—based on Johnson's unlawful conduct—which are two separate claims under Illinois law. *Herrera v. Di Meo Brothers, Inc.*, 529 F.Supp.3d 819, 832 (N.D. Ill. 2021) (Dow, J.). In support of her negligent retention claim, Budzyn alleges that KFC Corporation had knowledge of Johnson's unfitness and propensity to cause harm, yet failed to take any action. *See Doe v. Coe*, 135 N.E.3d at 17 (citation omitted).

Before turning to the merits of Budzyn's negligent retention claim, the Court must first determine whether Budzyn has sufficiently alleged that KFC Corporation and Johnson had an employment relationship. This analysis depends on "the right to control the manner in which the work is performed; the right to discharge; the method of payment; whether taxes are deducted from the payment; the level of skill required to perform the work; and the furnishing of the necessary tools, materials, or equipment." *Doe v. Boy Scouts of Am.*, 4 N.E.3d 550, 560, 378 Ill.Dec. 667, 677, 2014 IL App (2d) 130121, ¶ 40 (2d Dist. 2014). "While no one single factor is considered determinative, the right to control the work is considered to be the predominant factor." *Id.*

Viewing the first amended complaint in her favor, Budzyn's allegations regarding the employment relationship between KFC Corporation and Johnson are deficient under the federal

5

pleading requirements. There are no factual details of how KFC Corporation controlled Johnson's work. Equally important, Budzyn does not mention who paid Johnson or whether KFC Corporation provided tools, materials, or equipment to Johnson. Her bare-boned allegations that KFC Corporation had a duty to investigate potential employees and terminate Johnson's employment when it knew or should have known of Johnson's sexually harassing conduct does not satisfy the employment relationship standard under Illinois law.

Meanwhile, a negligent supervision claim requires that "the defendant had a duty to supervise the harming party." *Doe v. Coe*, 135 N.E.3d at 15 (citation omitted). Without an employment relationship between Johnson and KFC Corporation, Budzyn's bare allegation that KFC Corporation had the duty to supervise Johnson falls flat. Moreover, because Budzyn has failed to sufficiently allege her negligent retention and supervision claims, her willful and wanton supervision and retention claims necessarily fail. *See Aquino v. C.R. Bard, Inc.*, 413 F.Supp.3d 770, 788 (N.D. Ill. 2019) (Durkin, J.) ("willful and wanton conduct may justify punitive damages—including against private individuals and entities—when tied to a recognized tort."). The Court grants KFC Corporation's motion to dismiss Budzyn's negligence claims against it.

*Intentional Tort Claims*

The Court next addresses Budzyn's intentional tort claims against KFC Corporation based on respondeat superior or vicarious liability, including her assault and battery, IIED, and false imprisonment claims. KFC Corporation argues that these claims fail as a matter of law because Johnson's actions, which are the basis of these tort allegations, were not done within the scope of his employment, despite Budzyn's allegations to the contrary. To clarify, "[u]nder Illinois common law, an 'employer may be held vicariously liable for the tort of an employee if the tort is committed within the scope of the employment.'" *Richards v. U.S. Steel*, 869 F.3d 557, 565 (7th Cir. 2017)

(citation omitted). On the other hand, "an employer is not liable for the acts of an employee where the acts complained of were committed solely for the benefit of the employee." *Id.*

Illinois case law is "clear that as a matter of law acts of sexual assault are not within the scope of employment." *Powell v. City of Chicago*, 2021 IL App (1st) 192145, ¶ 25, 2021 WL 2717159, at *4 (1st Dist. 2021); *see also Aleman v. McDonald's Corp.*, No. 20-cv-6925, 2021 WL 3418857, at *6 (N.D. Ill. Aug. 5, 2021) (Seeger, J.) ("Sexual harassment and assault are not within the scope of employment."). Based on Budzyn's allegations, Johnson threatened her, touched her body, and digitally penetrated her vagina. This conduct has nothing to do with Johnson's employment at the Romeoville KFC franchise.

In response, Budzyn relies on the Seventh Circuit's decision in *Anicich v. Home Depot*, 852 F.3d 643, 646 (7th Cir. 2017), which discusses an employer's liability for torts committed by supervisory employees in the context of negligent hiring, supervision, and retention. In particular, the *Anicich* decision discussed the foreseeability requirement in relation to an employee's unfitness. *Id.* at 654. First, the *Anicich* decision is based on the assumption that defendant was a joint employer, which is not the case here. Second, *Anicich* sheds no light on the question of whether sexual harassment and assault can be considered within the scope of employment for purposes of vicarious liability for intentional torts because it concerned negligent supervision and retention claims.

Indeed, as the Seventh Circuit has acknowledged, under Illinois law, "in the specific context of sexual assault, the sexual nature of the misconduct generally disqualifies the employee's act as being taken in furtherance of the employer's interest." *Richards*, 869 F.3d at 565. Because Johnson's sexual assault of Budzyn was not within the scope of his employment, Budzyn's attempt to hold KFC Corporation liable for Johnson's intentional torts fails.

**Conclusion**

For these reasons, the Court grants defendant KFC Corporation's Rule 12(b)(6) motion to dismiss [52]. Because plaintiff has already had the opportunity to amend her complaint, the Court grants defendants' motion with prejudice.

**IT IS SO ORDERED.**

Date: 3/30/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge