IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMINE BUDZYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-CV-04152 |
| ) | Judge Sharon Coleman |
| KFC CORPORATION, KFC, FQSR, LLC, ) | |
| KBP FOODS, LLC, JAMES JOHNSON JR. ) | |
| INDIVIDUALLY and as agent and/or ) | |
| employee of KFC CORPORATION, KFC, ) | |
| FQSR, LLC, and/or KBP FOODS, LLC ) | |
| ) | |
| Defendants. ) | |

**KFC CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL WITH PREJUDICE AND FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT OR, ALTERNATIVELY, FOR A RULE 54(B) CERTIFICATION**

Defendant, KFC CORPORATION ("KFC Corporation"), by and through its undersigned attorneys, James M. Coleman, Laura A. Balson, and M. Elysia Baker Analo of Constangy, Brooks, Smith & Prophete, LLP, hereby responds to the Motion to Reconsider Dismissal with Prejudice and for Leave to File a Second Amended Complaint or, Alternatively, for a Rule 54(b) Certification ("Motion") filed by Plaintiff, Jasmine Budzyn ("Plaintiff"). In support of its Response, KFC Corporation states as follows:

**INTRODUCTION**

In this lawsuit, Plaintiff has filed two defective pleadings and now asks this Court for the opportunity to file a third. Her request for this Court to reconsider its dismissal of her First Amended Complaint and to permit her to file her proposed Second Amended Complaint[1] should

---

[1] For reference, a copy of Plaintiff's proposed Second Amended Complaint and a redline of the changes between her First Amended Complaint and her Second Amended Complaint (excluding formatting changes) are attached as **Exhibits A** and **B**, respectively.

be denied. As an initial matter, even applying a presumption in favor of giving a plaintiff an opportunity to amend their pleading, it is undisputed that Plaintiff *was* granted leave to amend her complaint *after* she reviewed KFC Corporation's Motion to Dismiss her first Complaint and conceded that her initial pleading was deficient. The decision to deny her a third bite at the apple is within the sound discretion of this Court.

Here, permitting Plaintiff to file yet another amended complaint would be futile. This is not speculative: Plaintiff attached her proposed Second Amendment Complaint to her Motion for the Court's review and requests leave to file it. Yet the proposed pleading still does not cure the deficiencies in her First Amended Complaint ("FAC") identified by this Court in its March 30, 2022 Memorandum Opinion ("Opinion") and/or KFC Corporation's briefing of its two motions to dismiss. *First*, even with the benefit of the Court's roadmap setting forth the allegations needed to support a joint employer relationship under Title VII (Count I) and Illinois common law negligence claims (Counts VII, X), fundamental flaws remain. There is nothing in the proposed Second Amended Complaint ("SAC") from which joint employment between KFC Corporation and the employees of the Romeoville and Joliet franchises can be reasonably inferred. *Second*, Plaintiff re-asserts in her SAC a claim under Title VII against Johnson and as "an agent or employee of KFC Corporation." As raised in KFC Corporation's Motion to Dismiss the FAC, a supervisor cannot be held liable in his individual capacity under Title VII, and thus Count IV is a claim against KFC Corporation duplicative of Count I. *Third*, and most troubling, Plaintiff's proposed SAC re-asserts her intentional tort claims of assault and battery, intentional infliction of emotional distress, and false imprisonment claim against KFC Corporation in spite of the weight of authority finding acts of sexual assault, misconduct, and harassment are committed outside the scope of employment as a matter of law and also a lack of any specific facts that KFC Corporation expressly authorized

said conduct. In the alternative, Plaintiff requests 54(b) certification so that she can immediately appeal this Court's Opinion. However, she fails to advance arguments to show that there exists some hardship or injustice to her through delay that could be alleviated by immediate appeal. For all of these reasons, as set forth in more detail below, this Court should deny both Plaintiff's requests for leave to file her proposed SAC or, in the alternative, a Rule 54(b) certification to permit an immediate appeal of the Court's Opinion.

## PROCEDURAL HISTORY

Plaintiff's initial complaint in this lawsuit asserted six individual claims against Defendants KFC Corporation, the franchisor, and its franchisees, FQSR, LLC and KBP Foods, LLC (the "Franchisee Defendants", together with KFC Corporation and KFC referred to in the Complaint as the "Corporate Defendants"), for sexual harassment and hostile work environment in violation of Title VII, negligent supervision, negligent retention, and "willful and wanton supervision and retention" (Count IV). Dkt. No 1 at 11-18. Plaintiff also asserted violations of the Illinois Gender Violence Act against Johnson[2] only. *Id.* at 19. Finally, Plaintiff asserted claims under Illinois law for assault and battery, intentional infliction of emotional distress ("IIED"), and false imprisonment against Johnson "individually and as duly authorized agent and employee of the Corporate Defendants". *Id*. at 20-24.

On December 16, 2021, KFC moved to dismiss pursuant to Federal Rule 12(b)(6). Dkt. No. 37. Contrary to Plaintiff's characterization that KFC Corporation's motion "essentially" argued that Plaintiff impermissibly "lumped together" her claims against KFC and the Franchisee Defendants, Mot. at ¶ 3, the motion raised several defenses. Of relevance here, in addition to

---

[2] On November 12, 2021, the Court stayed all claims against Johnson pending his criminal prosecution for the same events. Dkt. No. 35.

challenging Plaintiff's prohibited group pleading, KFC Corporation also argued for dismissal of the same for the independent reason that she failed to assert any specific allegations as to KFC Corporation with sufficient particularity plausibly alleging joint employer liability for Johnson's conduct. *See* Dkt. No. 37 at 7-10; *see also* Op. at 3.

Over a month later, on January 19, 2022, Plaintiff moved for leave to file her FAC. Dkt. No 43. In her motion, Plaintiff acknowledged review of KFC Corporation's Motion to Dismiss and discussion with KFC Corporation's counsel regarding procedural issues raised in KFC Corporation's Motion to Dismiss. *Id* at ¶ 3. Plaintiff agreed to separate the claims raised against each defendant and sought leave to file her FAC. *Id*. at ¶ 3. On January 21, 2022, this Court granted Plaintiff leave to file her FAC. Dkt. No. 44. The Court's minute order did not limit Plaintiff to amendment of "procedural issues" or otherwise place restrictions on her ability to revise, modify, or eliminate any of the allegations or causes of action stated in her initial Complaint. *See id*.

Thereafter, Plaintiff filed her FAC. Dkt. No. 45. The First Amended Complaint, now expanded to 19 separate counts, alleged the following claims against KFC Corporation:[3] (1) a hostile work environment claim under Title VII (Count I); (2) claims of negligent retention and a willful and wanton supervision/retention (Counts VII and X); (3) and intentional tort claims of assault and battery, IIED, a false imprisonment against Johnson in his capacity as an employee of KFC Corporation (Counts XIV, XVI, XVIII). On February 10, 2022, KFC Corporation filed its Motion to Dismiss Plaintiff's FAC. Dkt. No. 52. In her response brief, Plaintiff added a litany of new allegations that were not included in her FAC. After full briefing, and in light of the fact that

---

[3] The Amended Complaint additionally asserted the following claims against the Franchisee Defendants: (1) a hostile work environment claim under Title VII (Count II and III); (2) claims of negligent retention and a willful and wanton supervision/retention (Counts VIII, IX, XI, XII); (3) and intentional tort claims of assault and battery, IIED, a false imprisonment against Johnson in his capacity as an employee of the Franchise Defendants (Counts XV, XVII, XIX). Dkt. No. 45. On March 14, 2022, the Court stayed Plaintiff's claims against the Franchisee Defendants to permit arbitration. Dkt. No. 62.

Plaintiff had already been given an opportunity to amend her Complaint, the Court granted KFC's Motion to Dismiss the FAC and dismissed Plaintiff's claims against it *with prejudice*.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) governs Plaintiff's motion for reconsideration. Fed. R. Civ. P. 54(b). In general, a party moving for reconsideration bears a heavy burden, and its motion must be supported by a showing of extraordinary circumstances. *Mahurkar v. C.R. Bard, Inc.*, 2003 WL 22844237, at *1 (N.D. Ill. Dec. 1, 2003) (citing *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996))*; see Ghashiyah v. Frank*, 2008 WL 680203, at *3 (E.D. Wis. Mar. 10, 2008) ("[L]itigants must fight an uphill battle in order to prevail on a motion for reconsideration."). As observed by the Seventh Circuit, a motion to reconsider is only appropriate if (1) the court has patently misunderstood a party; (2) the court has made a decision outside the adversarial issues presented to the court by the parties; (3) the court has made an error not of reasoning but of apprehension; (4) there has been a controlling or significant change in the law since the submission of the issue to the court; or (5) there has been a controlling or significant change in the facts since the submission of the issue to the court. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). "Because of these exacting standards, appropriate issues for reconsideration 'rarely arise and the motion to reconsider should be equally as rare.'" *Ace Hardware Intern. Holdings Inc. v. Masso Expo Corp.*, No. 11 C 3928, 2012 WL 182236, at *1 (N.D.Ill. Jan. 23, 2012). (quoting *Bank of Waunakee*, 906 F.2d at 1191). Revisions under Rule 54(b) specifically "are discouraged and should be reserved for circumstances in which the initial decision was clearly erroneous and would work a manifest injustice." *Motta & Motta LLC v. Lawyers 777, LLC*, 18-CV-5811, 2020 WL 4569698, at *2 (N.D. Ill. Aug. 7, 2020) (internal quotation marks omitted); *Ace Hardware*, 2012 WL 182236, at *1 (Rule 54(b) motions for reconsideration "serve the limited function of correcting manifest errors of law or fact.")

**ARGUMENT**

**I.  Dismissal of the First Amended Complaint with Prejudice Was Appropriate**

Plaintiff was given an opportunity to amend her complaint—to no avail. As discussed in detail in this Court's Opinion, the threadbare FAC failed to satisfy minimal federal pleading requirements for establishing an employer-employee relationship between Plaintiff and KFC Corporation or Johnson and KFC Corporation necessary to impose liability for Johnson's misconduct under Title VII or at Illinois common law based on negligence principles. Additionally, the sexual nature of Johnson's alleged actions disqualified Plaintiff from imposing liability against KFC Corporation under Illinois law for his intentional torts based on *respondeat superior* liability. Op. at 6-7. Here, after KFC Corporation filed its Motion to Dismiss the FAC, Plaintiff was on notice of many of the arguments that this Court found persuasive, yet she simply failed to address them in any meaningful way. She was entitled to amend her FAC once as a matter of right if she had acted promptly, *see* Fed.R.Civ.P. 15(a), but she chose not to do so. Instead, Plaintiff improperly used her response brief to add new allegations that were not included in her FAC. This Court having already permitted and considered an amended complaint, as well as her exhibits attached to her response in opposition to KFC Corporation's Motion to Dismiss the Amended Complaint, *see* Op. at 4, reasonably ruled that Plaintiff advanced no viable claims and dismissed with prejudice.

Plaintiff's arguments before this Court on why it should reconsider its decision are not persuasive. First, while Rule 15(a)(2) provides that a district court should freely give leave to amend when justice so requires, "[u]ltimately, this decision is discretionary." *Motta & Motta*, 2020 WL 4569698, at *5. Ordinarily, "a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed." *Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 519 (7th Cir.

6

2015). Such circumstances do not apply here, as this Court granted Plaintiff leave to amend her original complaint. Plaintiff had two chances to state viable claims against KFC Corporation, and it was well within the Court's discretion to not give her a third.

Second, even if the Court *had* abused its discretion, which it did not, dismissing Plaintiff's amended pleading was not a manifest error. *See Oto v. Metropolitan Life Insurance*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks and citation omitted). Second, Plaintiff's claim that her ability to obtain further facts to support her claims against KFC "have been foreclosed by orders precluding discovery as to her claims," Mot. ¶ 21, is wholly disingenuous at a minimum. Critically, she filed her FAC on January 21, 2022, a month *before* this Court entered its order on February 22, 2022 to stay discovery pending consideration of the Franchise Defendants' motion to compel arbitration. Dkt. 56.[4] Finally, as discussed in detail below, Plaintiff's proposed SAC establishes that amendment would be futile. This Court has no duty to accept another amended complaint, and Plaintiff's motion to reconsider should be denied.

II. **The Proposed Second Amended Complaint Confirms Further Amendment would be Futile**

Despite its length—Plaintiff's SAC spans 200+ numbered paragraphs and 98 pages—its allegations suffer from the same deficiencies identified in the previous iterations of Plaintiff's complaint. A district court may properly deny leave to amend in the face of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *O'Brien v. Village of Lincolnshire*, 955 F.3d at 629 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, it is certain from the face of the SAC

---

[4] Additionally, this Court granted the Franchisee Defendants' motion on February 28, 2022, Dkt. No. 58, after which Plaintiff was no longer prevented by court order from seeking discovery against KFC Corporation if she so chose.

that Plaintiff's proposed amendment would be futile. Accordingly, even if this Court were to reconsider its decision to dismiss Plaintiff's FAC with prejudice, it should deny Plaintiff leave to file her proposed SAC.

### A. Plaintiff again fails to plead sufficient facts to support an employment relationship under Title VII.

Pleading a joint-employer relationship between KFC Corporation and Plaintiff is an essential element of her Title VII claim. Courts in the Seventh Circuit utilize a five-factor test for determining when an employment relationship exists, which was first developed in *Knight v. United Farm Bureau Mutual Insurance Co.*, 950 F.2d 377, 378-79 (7th Cir. 1991): "(1) the extent of the employer's control and supervision over the employee; (2) the kind of occupation and nature of skill required, including whether skills were acquired on the job; (3) the employer's responsibility for the costs of operation; (4) the method and form of payment and benefits; and (5) the length of the job commitment." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 702 (7th Cir. 2015); *see* Op. at 3. As noted by this Court, the first and most important *Knight* factor in evaluating a joint-employment relationship is "an entity's ability to supervise and control the employee, [which] depends on the entity's ability to hire, fire, and direct the employee's work." Op. at 4. Yet as also acknowledged by this Court, and raised by KFC repeatedly during motion practice,[5] Plaintiff "failed to allege any factual details as to how KFC Corporation did so." *Id*.

---

[5] KFC Corporation made arguments in its first Motion to Dismiss regarding Title VII's requirements for establishing an employment relationship based on *Knight*'s progeny, *Love v. JP Cullen & Sons, Inc. See*, *e.g.*, Dkt. No. 37, KFC Corporation's Motion to Dismiss Plaintiff's Complaint at 8 ("…none of the Complaint's allegations establish the sort of control and supervision over her that the Seventh Circuit has emphasized establishes an employer-employee relationship: the ability to hire, fire, or direct an employee's work."). KFC raised the issue twice again it its Motion to Dismiss Plaintiff's First Amended Complaint and its reply brief in support. *See* Dkt. No. 52, at 7 ("…none of the Amended Complaint's allegations establish the sort of control and supervision over her that the Seventh Circuit has emphasized establishes an employer-employee relationship: the ability to hire, fire, or direct an employee's work."); Dkt. No. 64, at 6 ("Plaintiff has failed to allege even the most basic facts concerning her employment, 'namely, who hired her, paid her, or directly supervised her work.'")

However, despite this admonition, Plaintiff's SAC does little to provide the necessary factual enhancement outlined by this Court. Instead, the SAC introduces new allegations that largely bear little relationship to the *Knight* factors:

- Plaintiff and Johnson were shown training videos by KFC Corporation;

- The instructional videos provided a history of where KFC and the KFC Corporation "manufacture, create, distribute, their own food products" and "information about the KFC Colonel Scholar Program", a scholarship offered through the Kentucky Fried Chicken Foundation and only offered to KFC employees;[6]

- The instructional videos set forth expectations on greetings to customers (e.g. "saying "Hi! Welcome to KFC'"), and Plaintiff and Johnson were "required" to follow the instructional videos' instructions on food preparation, uniforms, cleaning techniques, food packaging; and

- Plaintiff was directed by KFC Corporation to use and utilize the skills and knowledge in which KFC Corporation taught and trained her for everyday purposes of carrying out her duties and responsibilities as an employee of the Defendants in order to benefit the Romeoville franchise location."

*See, e.g.*, Ex. A, SAC ¶¶ 37-59, 76-90.

Even viewing these new allegations as rosily as possible, absolutely *none* of them create any inference that KFC Corporation was involved in day-to-day business operations with any direct role in or discretion to hire, fire, and direct the work of employees such as Plaintiff or Johnson.[7]

---

[6] As an aside, Plaintiff's recollection of this scholarship benefit offered by the KFC Foundation, an independent 501c3 organization, is factually incorrect. Eligibility is limited to persons who work at a KFC restaurant within the US, not "KFC employees." *See* Reach, https://kfcfoundation.org/reach/ (last visited May 5, 2022).

[7] That Plaintiff, Johnson, or other franchisee employees may have been required to watch instructional videos regarding KFC's history and brand standards as part of their training is unsurprising. Even taken as true, such allegations, at most, create an inference that KFC Corporation imposed standards to protect its brand and ensure operation of its franchises in a uniform way in order to maintain a consistent customer experience. *See* Dkt. No. 64, at 5 (citing *Haywood v. Massage Envy Franchising, LLC*, 316CV01087DRHSCW, 2017 WL 2546568, at *5 (S.D. Ill. June 12, 2017), aff'd, 887 F.3d 329 (7th Cir. 2018) ("A company's issuing of certain quality control measures to ensure brand uniformity cannot be used as evidence of a franchisor's control of independent franchisee actions, thereby, triggering liability.");

Likewise, other than a conclusory allegation that Plaintiff had to be taught the skills required to perform her duties at the Romeoville location, Ex. A, SAC ¶ 60, the SAC's enhanced "facts" likewise do little to satisfy *Knight*'s other factors. Plaintiff, once again, does not allege specific facts regarding the method and form of payment and benefits, KFC Corporation's responsibly for the costs of operating the Romeoville KFC franchise, or the length of the job commitment. Accordingly, Plaintiff, for a third time, "has not sufficiently alleged that KFC Corporation was her employer for Title VII purposes under the federal pleading standards." Op. at 4-5; see *Garzon v. Arrowmark Colorado Holdings, LLC*, 16 C 11525, 2018 WL 3374748, at *2 (N.D. Ill. July 11, 2018) (plaintiff failed to plead a joint employment relationship where four of the five *Knight* factors were not covered at all in the Complaint).

The SAC similarly provides insufficient factual details to support an employment relationship between KFC Corporation and Johnson to sustain her re-asserted negligence claims against KFC Corporation. *O'Rourke v. McIlvaine*, 2014 IL App (2d) 131191, ¶ 24, 19 N.E.3d 714, 723 (an "employer's right to control the employee's conduct is essential for liability under the doctrine of *respondeat superior,* according to which an employer is responsible for the acts of an employee committed within the scope of employment."). Plaintiff alleges in conclusory fashion and upon information and belief that Johnson – whose employment at KFC franchise predated her – was shown by KFC Corporation during his training and required to follow instructional videos that set forth expectations on greetings to customers, uniforms, preparation and packaging of food, and cleaning the restaurant. While there is no rigid rule of law in Illinois governing the

---

*Depianti v. Jan-Pro Franchising Int'l, Inc.*, 39 F. Supp. 3d 112, 131 (D. Mass. 2014) (defendant "not vicariously liable for the conduct of its regional master franchises . . . merely because of the general degree of influence inherent in a typical franchisor-franchisee relationship."); *Slates v. Int'l House of Pancakes, Inc.*, 413 N.E.2d 457, 464 (Ill. App. 4th Dist. 1980) ("The mere licensing of a trade name does not create an agency relationship, either ostensible or actual" as agency relationship requires "sufficient degree of control and direction [ ] manifested by the parent franchisor").

10

determination of whether a person is an employee, the SAC's superfluous allegations fail to create any inference that an employer-employee relationship existed between Johnson and KFC Corporation. When making a determination of whether an individual is an employee or agent, Illinois courts look to a multitude of factors, including "the right to control the manner in which the work is performed; the right to discharge; the method of payment; whether taxes are deducted from the payment; the level of skill required to perform the work; and the furnishing of the necessary tools, materials, or equipment." *Doe v. Boy Scouts of Am.*, 4 N.E.3d 550, 560, 378 Ill. Dec. 667, 677, 2014 IL App (2d) 130121, ¶ 40 (2d Dist. 2014); *Lang v. Silva*, 306 Ill. App. 3d 960, 972, 715 N.E.2d 708, 716 (1st Dist. 1999). Similar to Title VII, "[n]o single factor is determinative but the right to control the manner in which the work is performed is considered to be the predominant factor." *Id*. Here, Plaintiff's allegations that Johnson was required to watch instructional videos during his training provide no insight into whether KFC Corporation retained control over Johnson, to the extent it ever had the requisite control over him. *O'Rourke*, 2014 IL App (2d) 131191, ¶ 27, 19 N.E.3d at 724 ("[R]*espondeat superior* liability "requires, at a minimum, that the employer had the right to control the employee when the injury occurred."). And for a third time, Plaintiff fails to mention "who paid Johnson or whether KFC Corporation provided tools, materials, or equipment to Johnson." Op. at 6. In short, the SAC fails to plead with any specificity that Johnson was an "employee" under a standard employer-employee relationship as required to support Plaintiff's claims of negligent supervision and retention under Illinois law.

  **B.  Plaintiff re-asserts her duplicative Title VII claim against Johnson.**

Once again, Plaintiff attempts to bring a Title VII claim against Johnson in his individual capacity and as "an agent or employee of KFC Corporation." SAC ¶¶ 76-106 (Count IV). As set forth in KFC Corporation's Motion to Dismiss the FAC, "'suing an individual supervisory employee in his official capacity is the equivalent of suing the employer.'" Mot. to Dismiss FAC,

at 14 (quoting *Haltek v. Village of Park Forest*, 864 F. Supp. 802, 804 (N.D. Ill. 1994); *see Harvey v. Blake*, 913 F.2d 226, 227-228 (5th Cir. 1990) (reasoning that a supervisor liable as an employer's agent is really a surrogate for the employer). Accordingly, Count IV of the Proposed Amended Complaint is functionally a second Title VII claim against KFC Corporation, and as such, is duplicative.

### C. Plaintiff's intentional tort claims again fail to state a valid theory of liability against KFC Corporation.

As this Court explained, "Illinois case law is 'clear that as a matter of law acts of sexual assault are not within the scope of employment.'" Op. at 7; *see also* KFC Mot. to Dismiss at 10-11 (under Illinois law "sexual harassment and assault are not within the scope of employment . . . in the specific context of sexual assault, the sexual nature of the misconduct generally disqualifies the employee's act as being taken in furtherance of the employer's interest." (internal quotations and citations omitted)). Nevertheless, ignoring the "clear" weight of authority raised by both this Court and KFC Corporation, Plaintiff's SAC re-asserts her claims of assault and battery, IIED, and false imprisonment against KFC Corporation based on the same *respondent superior* theory of liability. *See* Ex. A, SAC pp. 81-90, 93-94, 95-98 (Counts XIV, XVI, XVIII).

Brazenly, despite this Court's finding that Johnson's actions that included threatening Plaintiff, touching her body, and digitally penetrated her vagina is conduct "not within the scope of his employment at the Romeoville KFC franchise", Op. at 7, Plaintiff's proposed SAC repeatedly alleges the opposite in her intentional tort claims against KFC Corporation:

> 106. **The acts of the Defendant, JAMES JOHNSON JR., in the scope and course of his employment for KFC CORPORATION and KFC**, by threatening her and then touching her breasts, touching her body and digitally penetrating her vagina, constituted assault and battery upon JASMINE BUDZYN. The Defendant, JAMES JOHNSON JR., caused JASMINE BUDZYN reasonable apprehension of an imminent and offensive contact with JASMINE BUDZYN's person and willfully touched JASMINE BUDZYN's breast, her body and digitally penetrated her vagina without JASMINE BUDZYN's consent with the hostile intent to harm

12

JASMINE BUDZYN. Ex. A, SAC p. 89 (Count XIV – Assault and Battery) (emphasis added).

79. **At all times while performing these intentional and harassing acts**, the Defendant, JAMES JOHNSON JR., **was in the scope and course of his employment with the Defendants, KFC CORPORATION and KFC**. SAC p. 93 (Count XVI - IIED) (emphasis added).

77. In pushing the Plaintiff, JASMINE BUDZYN towards the men's restroom wherein she was assaulted and battered, in locking the door of the aforementioned room, in forcibly touching JASMINE BUDZYN, in verbally and physically coercing and intimidating JASMINE BUDZYN, and in failing to heed to JASMINE BUDZYN's verbal and physical protests, the Defendant, JAMES JOHNSON JR., confined JASMINE BUDZYN to the men's restroom, on the Defendants', KFC CORPORATION and KFC, premises, and intended to do the same, thereby unlawfully depriving JASMINE BUDZYN of her personal liberty of freedom and movement.

…

81. **At all times while performing these intentional acts, the Defendant, JAMES JOHNSON JR., was in the scope and course of his employment with the Defendants, KFC CORPORATION and KFC**. Ex. A, SAC p. 94-95. (Count XVIII – False Imprisonment) (emphasis added).

As a matter of Illinois law (as well as a matter of common sense), Johnson's heinous acts of sexual misconduct alleged in the SAC do not constitute acts within the scope of his employment as a purported manager of a KFC franchise location.

Given the SAC's severe deficiencies, there is no reason to subject KFC Corporation to a *third* round of motion practice to dismiss such willfully deficient allegations. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) (leave to amend should be denied "if it is clear that any amendment would be futile."); *see also Shapo v. Engle*, No. 98 CV 7909, 2000 WL 876994, at *2 (N.D. Ill. July 3, 2000) (amendment to a is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss."). Permitting Plaintiff to file her proposed amendment would add needless expense and delay of the inevitable, and thus her request for leave to file her proposed SAC should be denied.

### III. This Court Should Deny 54(b) Certification

Rule 54(b) was intended to be reserved for "the infrequent harsh case." Fed. R. Civ. P. 54 Advisory Committee Notes. To that end, "district courts are not to utilize Rule 54(b) unless there is a good reason for doing so." *Hamilton Mem'l Hosp. Dist. v. Toelle*, No. 12-cv-1004-JPG-PMF, at \*2 (S.D. Ill. Aug. 19, 2014) (citing *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990)). As a result, "requests under Rule 54(b) are granted neither routinely nor as a matter of course." *Clark v. Underwriters Management Corp.,* 2003 WL 21148420, at \*1 (N.D. Ill. May 15, 2003) (internal quotation marks and citation omitted).

As the party seeking Rule 54(b) certification, Plaintiff bears the burden of showing that she will suffer unjust harm if final judgment is delayed. *Id*; *see McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) (certification should be granted "only if there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal"). "However, the court 'may properly consider all of the consequences of a final judgment or lack thereof and balance the competing interests of the parties in the context of the particular case.'" *Clark.,* 2003 WL 21148420, at \*2 ((quoting *Bank of Lincolnwood v. Federal Leasing Inc.*, 622 F.2d 944, 949 n. 7 (7th Cir. 1980)). Here, a lack of hardship or injustice in delaying an appeal, as well as the procedural history of this case, counsels against granting Rule 54(b) certification. Not only has Plaintiff failed to establish through her pleadings a plausible inference that KFC Corporation is liable for Johnson's conduct as a joint employer of its franchisees' employees, but also the exact same claims that she brings against KFC Corporation, she also brings against the Franchisee Defendants. Plaintiff has not established a countervailing danger of hardship or injustice to her that could be alleviated by immediate appeal, particularly when her claims against her primary employer are set for adjudication via arbitration, and her proposed SAC has done nothing to cure the deficiencies of the first two pleadings. Under such circumstances, no hardship or injustice will

14

befall Plaintiff by a delayed appeal—and certainly not enough to outweigh the significant burden and expense KFC Corporation would encounter if subjected to a months' long appeal process during which the Seventh Circuit would apply a *de novo* standard of review of Plaintiff's plainly deficient proposed SAC. *See Horn v. Transcon Lines,* 898 F.2d 589, 592 (7th Cir. 1990) (when a Rule 54(b) certification is made, the district court is expected to provide an explanation as to why it was necessary, because "a separate judgment under Rule 54(b) multiplies the cost of litigation for opposing parties and the appellate court, and these interests deserve thoughtful consideration."). There is simply no danger that Plaintiff will be prejudiced without the certification. Her request should therefore be denied.

## CONCLUSION

For the reasons stated above, the Court properly dismissed Plaintiff's First Amended Complaint with prejudice. Accordingly, Plaintiff's Motion to Reconsider Dismissal should be denied, and her requests for leave to file her proposed Second Amended Complaint or, in the alternative, a Rule 54(b) certification to permit an immediate appeal of the Court's March 30, 2022 Memorandum Opinion should be denied.

[Signature Page Follows]

Date:   May 9, 2022                                          Respectfully submitted,


James M. Coleman (#27379)                                    KFC CORPORATION, Defendant
**CONSTANGY, BROOKS, SMITH &**
**PROPHETE, LLP**                                            By: */s/ M. Elysia Baker Analo*
12500 Fair Lakes Circle, Suite 300                               One of its attorneys
Fairfax, Virginia 22033
Telephone: 571-522-6111
jcoleman@constangy.com

Laura A. Balson (#6291377)
M. Elysia Baker Analo (#6308530)
**CONSTANGY, BROOKS, SMITH &**
**PROPHETE, LLP**
300 S. Wacker Drive
Suite 1050
Chicago, Illinois 60606
Telephone: (773) 661-4710
lbalson@constangy.com
eanalo@constangy.com

*Counsel for Defendant KFC Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2022, I caused a copy of the foregoing to be served via operation of the Court's CM/ECF electronic filing system on the following counsel of record:

| | |
|---|---|
| Richard I. Levin<br>Robert J. Adelman<br>**LEVIN, RIBACK, ADELMAN, P.C.**<br>10 N. Dearborn; 11th Floor<br>Chicago, Illinois 60602<br>rlevin@lralegal.com<br>radelman@lraflaw.com<br><br>*Counsel for Plaintiff* | Franklin Z. Wolf<br>**FISHER & PHILLIPS LLP**<br>10 S. Wacker Drive, Suite 3450<br>Chicago, Illinois 60606<br>fwolf@fisherphillips.com<br><br>J. Randall Coffey (*pro hac vice*)<br>**FISHER & PHILLIPS LLP**<br>4900 Main Street, Suite 650<br>Kansas City, Missouri 64112<br>rcoffey@fisherphillips.com<br><br>*Counsel for Defendants FQSR, LLC; KBP FOODS, LLC* |

/s/      *M. Elysia Baker Analo*
*Counsel for Defendant KFC Corporation*