UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASMINE BUDZYN, | ) | |
| | ) | Case No. 21 C 4152 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| v. | ) | |
| | ) | |
| KFC CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On March 30, 2022, the Court granted defendant KFC Corporation's motion to dismiss with prejudice because plaintiff Jasmine Budzyn had already amended her complaint once. Before the Court is Budzyn's motion for reconsideration, which the Court construes as a motion for leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). For the following reasons, the Court, in its discretion, grants Budzyn's motion for leave to amend her Title VII hostile work environment and negligence claims. Budzyn's second amended complaint is due by September 2, 2022.

**Legal Standard**

Federal Rule of Civil Procedure 15(a) takes a "liberal approach to granting leave to amend." *Association of Am. Physicians & Surgeons, Inc. v. American Bd of Medical Specialties*, 15 F.4th 831, 835 (7th Cir. 2021) (citation omitted). Specifically, Rule 15(a)(2) states the "court should freely give leave when justice so requires," although courts may deny a proposed amendment if it would be futile. *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021).

**Background**

In her first amended complaint, Budzyn brought a hostile work environment claim under Title VII, along with state law claims, in relation to her employment at a Kentucky Fried Chicken

("KFC") franchise in Romeoville, Illinois against defendant KFC Corporation, among others. Budzyn alleges she worked for the KFC fast food restaurant in Romeoville as a server and dishwasher. While she was employed at the Romeoville franchise, one of her managers, defendant James Johnson, sexually harassed her while they were at work. Budzyn alleges that she complained about Johnson's sexual harassment to the restaurant manager, Tiffany Ollie, and requested a schedule change, yet nothing happened. On December 28, 2019, Johnson raped Budzyn while they were at work. Budzyn alleges she reported the rape to Ollie and Mario Perea, a regional director. Budzyn stopped working at KFC Romeoville in January 2020.

The Court stayed these civil proceedings against Johnson due to his criminal prosecution in Will County based on the December 2019 sexual assault of Budzyn. The Court also granted defendant franchise owners' motion to compel arbitration pursuant to the parties' arbitration agreement, and stayed the federal proceedings against the franchise owners pending arbitration. Defendant KFC Corporation was not a party to that arbitration agreement.

In her first amended complaint, Budzyn brought the following claims against KFC Corporation: (1) a Title VII hostile work environment claim based on sexual harassment under 42 U.S.C. § 2000e; (2) a negligent retention claim; (3) a willful and wanton supervision/retention claim; (4) an intentional tort claim of assault and battery; (5) an intentional infliction of emotional distress claim; and (6) a false imprisonment claim. Budzyn's torts claims were based on Johnson being an employee of KFC Corporation.

In the March 2022 ruling, the Court concluded Budzyn had failed to adequately allege her hostile work environment claim because she had not set forth sufficient facts that KFC Corporation was her employer under *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 378–79 (7th Cir. 1991). As to her negligent retention and supervision claims, Budzyn had not sufficiently alleged that KFC Corporation and Johnson had an employment relationship.


As to Budzyn's intentional tort claims, the Court concluded Budzyn could not bring these claims because Illinois case law is "clear that as a matter of law acts of sexual assault are not within the scope of employment." *Powell v. City of Chicago*, 2021 IL App (1st) 192145, ¶ 25, 2021 WL 2717159, at *4 (1st Dist. 2021); *see also Aleman v. McDonald's Corp.*, No. 20-cv-6925, 2021 WL 3418857, at *6 (N.D. Ill. Aug. 5, 2021) (Seeger, J.) ("Sexual harassment and assault are not within the scope of employment."). Any attempt to bring these claims in Budzyn's Second Amended Complaint would be futile because they fail as a matter of law.

**Discussion**

In the March 2022 ruling, the Court dismissed Budzyn's claims with prejudice because she had already amended her complaint once. In the present motion, the Court is persuaded by Budzyn's argument that she should be given leave to amend her complaint as to her Title VII and negligence claims because she has identified certain aspects of these claims that are possibly curable. Meanwhile, the Court reminds Budzyn that under Illinois law, negligent supervision and negligent retention are two separate claims. *See Herrera v. Di Meo Brothers, Inc.*, 529 F.Supp.3d 819, 832 (N.D. Ill. 2021) (Dow, J.); *Doe v. Coe*, 434 Ill.Dec. 117, 135 N.E.3d 1, 14–15 (Ill. 2019).

In response to the present motion, KFC Corporation argues that any new allegations would be futile because the Second Amended Complaint attached to Budzyn's motion for reconsideration has not cured all of the problems highlighted in the Court's March 2022 ruling. This may be so, but the Court is instructing Budzyn to file an updated Second Amended Complaint in accordance with this ruling, especially because her proposed Second Amended Complaint realleged claims that the Court denied as a matter of law. Once Budzyn has filed her updated Second Amended Complaint, KFC Corporation may file a motion to dismiss at which time it can make more developed arguments as to the alleged futility of Budzyn's allegations and Budzyn can more fully respond.

**Conclusion**

For these reasons, the Court grants plaintiff leave to amend her complaint in accordance with this ruling and her Rule 11(b) obligations [67]. Accordingly, the Court need not address plaintiff's arguments in relation to Rule 54(b).

**IT IS SO ORDERED.**

Date: 8/2/2022

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge